**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| ANTHONY CROWLEY, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ABC LEGAL SERVICES, LLC,<br><br>Defendant. | No. 2:24-cv-02092<br><br>**JOINT MOTION TO CONSOLIDATE RELATED ACTIONS**<br><br>**NOTE ON MOTION CALENDAR: December 31, 2024** |
| SAMANTHA BODTKER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABC LEGAL SERVICES, LLC,<br><br>Defendant. | No. 2:24-cv-02110 |



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

| | |
|---|---|
| TERESA BUSHEK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABC LEGAL SERVICES, LLC,<br><br>Defendant. | No. 2:24-cv-02117 |
| KAYLEE RINNE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABC LEGAL SERVICES, LLC,<br><br>Defendant. | No. 2:24-cv-02161 |

## INTRODUCTION

Pursuant to Rule 42 of the Federal Rules of Civil Procedure, Plaintiffs in the above-captioned actions, submit this motion for an order consolidating four (4) related putative class actions currently pending in the Western District of Washington:

1. *Anthony Crowley v. ABC Legal Services, LLC*, No. 2:24-cv-02092;
2. *Samantha Bodtker v. ABC Legal Services, LLC*, No. 2:24-cv-02110;
3. *Teresa Bushek v. ABC Legal Services, LLC*, No. 2:24-cv-02117; and
4. *Kaylee Rinne v. ABC Legal Services, LLC*, No. 2:24-cv-02161 (collectively with *Crowley, Bodtker*, and *Bushek* the "Related Actions").

All four of the Related Actions allege claims stemming from the same data breach experienced by Defendant ABC Legal Services, LLC ("ABC Legal" or "Defendant") on or



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

around August 7, 2024, where unauthorized third parties allegedly accessed the personally identifiable information of Plaintiffs and the putative class members. Importantly, these lawsuits each allege such data was accessed as a result of ABC Legal's failure to implement necessary safeguards, resulting in damages to Plaintiffs. To allow these cases—based on the same facts and claims—to proceed as separate matters would waste judicial resources. Accordingly, Plaintiffs request that the Court enter an order consolidating all four actions in the first-filed case.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

This litigation arises from a data security incident at ABC Legal, a legal services company that, among other functions, operates a network of service processors in every state in the United States.[2] To carry out these services, ABC Legal collects or receives information related to its employees, contractors, customers, and those individuals who it serves legal notice upon, including, but not limited to, their full names, Social Security numbers, and email addresses (collectively, "personally identifying information" (PII) or "Private Information").

Plaintiffs allege that, in or around November 11, 2024, ABC Legal discovered that unauthorized third parties accessed and obtained personal information of its current and former employees from its network (the "Data Breach"). Plaintiffs allege that this Data Breach resulted in the exposure of PII in its possession.

On December 18, 2024, Plaintiff Anthony Crowley filed a class action complaint against ABC Legal alleging various claims arising from the Data Breach. *Crowley*, Case No. 2:24-cv-02092. On December 20, 2024, Samantha Bodtker filed a class action complaint against ABC Legal, Case No. 2:24-cv-02110. Also on December 20, 2024, Teresa Bushek filed a class action complaint against ABC Legal, Case No. 2:24-cv-02117. On December 30, 2024, Kaylee Rinne filed a class action complaint against ABC Legal, Case No. 2:24-cv-02161. The Related Actions

---

[1] Defense counsel has not yet appeared and thus Defendant's position on this motion could not be determined.

[2] ABC Legal Services, About, https://www.abclegal.com/about (last visited Dec. 23, 2024).



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

plead virtually identical facts and similar claims. To date, no Defendant has filed an answer or responsive pleading in any action.

All four Related Actions assert generally the same claims and seek generally the same relief on behalf of the same proposed class. The complaints each allege that ABC Legal failed to adequately protect the PII of a class of current and former employees, contractors, customers, and individuals it serves legal notice upon, and by failing to implement industry-standard data security practices and measures. Plaintiffs allege ABC Legal allowed access to its databases and the theft of the personal information of employees on or around August 7, 2024. Plaintiffs further allege that in failing to adequately protect their personal information, ABC Legal violated its duty of care, breached the parties' implied contracts, breached its fiduciary duty to Plaintiffs, invaded Plaintiffs' privacy, received unjust enrichment, and engaged in unfair or deceptive business practices. Plaintiffs further allege they have suffered damages, including, for example, the invasion of Plaintiffs' privacy and the theft of their personal and private information, and seek declaratory and injunctive relief.

Counsel for the plaintiffs in the Related Actions conferred and agree that consolidation is necessary and is in the best interests of the Plaintiffs and the proposed class. *See* Declaration of Nickolas J. Hagman ("Hagman Decl.") ¶¶ 4–6. Counsel believe it will promote judicial efficiency to have these cases brought together in front of the same district court judge under a coordinated leadership structure.

## ARGUMENT

### A. Consolidation Is Appropriate Pursuant to Federal Rule of Civil Procedure 42(a).

A court may consolidate actions that involve common questions of law or fact. Fed. R. Civ. P. 42(a). A district court has broad discretion in deciding whether to consolidate actions. *Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008); *see also Pedraza v. Alameda Unified Sch. Dist.*, 676 Fed. App'x 704, 706 (9th Cir. 2017). When determining whether a motion to consolidate should be granted, courts weigh considerations of "judicial economy, whether



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

consolidation would expedite resolution of the case, whether separate cases may yield inconsistent results, and the potential prejudice to a party opposing consolidation." *Pecznick v. Amazon.com, Inc.*, No. 2:22-cv-00743, 2022 WL 4483123, at *3 (W.D. Wash. Sept. 27, 2022) (citing *Chorak v. Hartford Cas. Ins. Co.*, No. 2:20-cv-00627, 2020 WL 8611291, at *1 (W.D. Wash. Nov. 10, 2020)). "If the court determines that common questions are present, it must then balance the savings of time and effort that consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result." *Desert Mech., Inc. v. Travelers Cas. & Sur. Co. of America*, No. 2:15-cv-02298, 2022 WL 1078362, at *3 (D. Nev. Mar. 14, 2022) (citing *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)).

**1. The Related Actions Involve Common Issues of Law and Fact.**

Consolidation of the Related Actions is proper because they indisputably share "common questions of law or fact" and consolidation will serve judicial convenience and reduce cost and delay. All Related Actions arise from the same Data Breach and are all pled as class actions and involve substantially identical complaints.

The Related Actions involve the multiple common questions of law, including but not limited to: (a) whether ABC Legal breached its duty of care to secure the personal data of current and former employees when it allegedly failed to implement measures to protect said personal information; (b) whether ABC Legal's alleged failures allowed cybercriminals to gain unauthorized access to ABC Legal's systems and steal the personal information of Plaintiffs and the proposed classes; (c) whether Plaintiffs were harmed by ABC Legal's alleged conduct related to the Data Breach. These common questions of fact and law predominate and favor consolidation. *Cornell v. Soundgarden*, No. C20-1218-RSL-MLP, 2021 WL 1663924, at *2 (W.D. Wash. Apr. 26, 2021) ("Although Plaintiffs raise claims in the Copyright Action that are not at issue in the Buyout Action, the common questions of fact warrant consolidation.").

Courts consistently find that class actions involving alleged data breaches are particularly appropriate for consolidation. *See, e.g.*, *Guy v. Convergent Outsourcing, Inc.*, No. 2:22-cv-



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

01558-MJP (W.D. Wash. Dec. 13, 20220, ECF No. 16 (ordering consolidation of four actions arising from a data breach); *Kostka v. Dickey's Barbecue Rests., Inc.*, No. 3:20-cv-3424-K (N.D. Tex. Mar. 19, 2021), ECF No. 37 (ordering consolidation of three actions stemming from the same data breach); *Fero v. Excellus Health Plan, Inc.*, 236 F. Supp. 3d 735, 745 (W.D.N.Y. 2017) (noting court consolidated cases regarding a large data breach); *Griffey v. Magellan Health Inc.*, No. CV-20-01282-PHX-MTL, 2020 WL 5981904, at *2 (D. Ariz. Oct. 8, 2020) (granting plaintiffs' unopposed motion for consolidation in a data breach case).

**2. The Related Actions Should be Consolidated to Promote Judicial Economy and to Avoid Unnecessary Cost and Delay.**

In determining whether to consolidate cases, courts typically evaluate the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits and the risk of inconsistent adjudications of common factual and legal issues were the lawsuits to be tried separately. *See* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 23 83 (3d ed. 1998); *Ultimate Timing, L. L. C. v. Simms*, No. 08-CV-01632, 2010 WL 1881868, at *2 (W.D. Wash. May 10, 2010).

Here, the Related Actions are in the initial stages of litigation, and consolidation will reduce delay, confusion, and duplication of discovery, motion practice, and depositions. Plaintiffs' counsel anticipate that the Related Actions will involve substantially the same discovery. Thus, consolidating these four cases will eliminate duplicative judicial work, prevent duplicative discovery and depositions, and avoid conflicting outcomes. *See Bank of Montreal v. Eagle Associates*, 117 F.R.D. 530, 533 (S.D.N.Y. 1987) ("One of the primary objectives of consolidation is to prevent separate actions from producing conflicting results."); *see also Cornell*, 2021 WL 1663924, at *4 (considering judicial efficiency of resolving similar factual and legal issues in a consolidated action); *Ocean Ships, Inc. v. Stiles*, 2003 WL 22741457, at *3 (S.D.N.Y. 2003) ("Consolidating the two cases would also promote judicial efficiency by reducing discovery costs."). Consolidation will not only promote efficiency in the earlier stages



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

of litigation and in discovery but will also promote efficiency in pre-trial motion practice. Consolidating the four cases will avoid duplication of effort and the risk of inconsistent decisions and unfairness that may result in four different judges reviewing the same facts to make determinations about the likelihood of success of the claims against ABC Legal.

All Plaintiffs agree that consolidation will promote efficiency for the parties, who would otherwise needlessly incur legal fees and costs. Each of the four lawsuits were filed within the last week, placing these lawsuits in nearly identical positions in the life cycle of a case. Moreover, no Defendant has responded to the complaints in any of the four lawsuits. Therefore, there is no possibility of prejudice to Defendant that would outweigh the improved efficiency of consolidation. *See Bank of Montreal*, 117 F.R.D at 534 (granting consolidation where any prejudices of consolidation were "merely speculative and not grounded in fact" and did not outweigh the interests of judicial economy).

**3. Future-Filed Related Cases Should Be Consolidated.**

To ensure continued judicial efficiency, Plaintiffs in each of the Related Actions jointly and respectfully request that the Court order that any future actions that are filed or transferred to this Court and are based on the same or similar facts and circumstances be consolidated in the proposed master action: *In re: ABC Legal Services Data Security Litigation*, Case No. 24-cv-02092.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order:

1) Consolidating the Related Actions, including future orders, pleadings, motions, and other documents, under the master case caption *In re: ABC Legal Services Data Security Litigation*, Case No. 24-cv-02092;

2) Striking all pending deadlines in each of the Related Actions;

3) Consolidating any future-filed, transferred, or removed case that arises out of the same subject matter as the Related Actions; and



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

4) Setting forth a proposed schedule for filing a consolidated complaint, answer or responsive pleading, and any related briefing.

I certify that this memorandum contains 1,784 words, in accordance with the local civil rules.

DATED this 31st day of December, 2024.

STRAUSS BORRELLI PLLC

By: */s/ Samuel J. Strauss*
Samuel J. Strauss (SBN 46971)
Raina Borrelli*
STRAUSS BORRELLI PLLC
908 Michigan Avenue
Suite 1610
Chicago, IL 60611
(608) 237-1775
(608) 509-4423 (facsimile)
sam@straussborrelli.com
raina@straussborrelli.com

***Attorneys for Plaintiffs Crowley, Bodtker, Bushek and the Proposed Class***

Daniel O. Herrera*
Nickolas J. Hagman*
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, Illinois 60603
Telephone: (312) 782-4880
Facsimile: (312) 782-4485
dherrera@caffertyclobes.com
nhagman@caffertyclobes.com

***Attorneys for Plaintiff Bodtker and the Proposed Class***

William B. Federman*
Kennedy M. Brian*
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue

Oklahoma City, Oklahoma 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
wbf@federmanlaw.com
kpb@federmanlaw.com

***Attorneys for Plaintiff Bushek and the Proposed Class***

Kaleigh N. Boyd, WSBA No. 52684
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101
Telephone: 206-682-5600
Facsimile: 206-682-2992
kboyd@tousley.com

Eduard Korsinsky*
Mark Svensson*
LEVI & KORSINSKY, LLP
33 Whitehall Street, 17th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: ek@zlk.com
Email: msvensson@zlk.com

*Attorneys for Plaintiff Rinne and the Proposed Class*

**pro hac vice forthcoming*

**CERTIFICATE OF SERVICE**

I, Samuel J. Strauss, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 31st day of December, 2024.

STRAUSS BORRELLI PLLC

By: */s/ Samuel J. Strauss*

Samuel J. Strauss
sam@straussborrelli.com
STRAUSS BORRELLI PLLC
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109