The Honorable Jamal N. Whitehead

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| IN RE: ABC LEGAL SERVICES DATA SECURITY LITIGATION<br><br>This Document Relates To: All Actions | Master File No. 2:24-cv-02092<br><br>**DEFENDANT'S MOTION TO DISMISS**<br><br>**NOTE ON MOTION CALENDAR: May 27, 2025**<br><br>**ORAL ARGUMENT REQUESTED** |

DEFENDANT'S MOTION TO DISMISS

OGDEN MURPHY WALLACE, PLLC
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
Tel: 206-447-7000/Fax: 206-447-0215

{JDL4928-7966-8531;1/12896.000001/}
{JDL4914-6326-9685;1/12896.000001/}

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES..................................................................................................ii

I. INTRODUCTION.......................................................................................... 1

II. BACKGROUND ............................................................................................ 2

    A. The Parties and the Cyberattack ...........................................................2

    B. Plaintiffs' Purported Injuries and Claims ............................................3

III. LEGAL STANDARD .................................................................................4

IV. ARGUMENT ..............................................................................................4

    A. COA 1 for Negligence Fails for Lack of Alleged Damages
and Causation ........................................................................................4

    B. COA 2 for Unjust Enrichment Fails to Allege Enrichment
or Injustice ............................................................................................6

    C. COA 3 for Breach of Implied Contract Fails to Allege Contract
Formation and Damages ........................................................................9

        1. Plaintiff fails to allege the existence of an enforceable contract ..........9

            a. No mutual assent ..........................................................9

            b. No consideration..........................................................11

        2. Plaintiffs fail to allege damages .........................................13

    D. COA 4 for Violation of the NY GBL Fails to Allege a Jurisdictional
Nexus, Deceptive Conduct, and Cognizable Damages .................................14

    E. COA 5 for Violation of the OUTPA Fails for Multiple Reasons...................15

    F. COA 6 for Invasion of Privacy Fails to Allege the Requisite Intent.............17

    G. COA 7 for Violation of the CPA Failed to Allege the Requisite Injury ........18

    H. COA 8 for Injunctive and Declaratory Relief Fails for Lack of Standing .....20

V. CONCLUSION ........................................................................................ 22

DEFENDANT'S MOTION TO DISMISS – i

OGDEN MURPHY WALLACE, PLLC
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
Tel: 206-447-7000/Fax: 206-447-0215

{JDL4914-6326-9685;1/12896.000001/}

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...............................................................................................4, 7, 8, 18

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ...............................................................................................................4

*Bisson v. Bank of Am., N.A.*,
    919 F. Supp. 2d 1130 (W.D. Wash. 2013) ....................................................................21, 22

*Castillo v. Costco Wholesale Corp.*,
    No. 2:23-CV-01548-JHC, 2024 WL 4785136 (W.D. Wash. Nov. 14, 2024) .......................12

*City of Reno v. Netflix, Inc.*,
    52 F.4th 874 (9th Cir. 2022) ...............................................................................................20

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013) .............................................................................................................21

*Cousineau v. Microsoft Corp.*,
    992 F. Supp. 2d 1116 (W.D. Wash. 2012) ........................................................................8, 19

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) ...............................................................................................21

*DC Farms, LLC v. Conagra Foods Lamb Weston, Inc.*,
    317 P.3d 543 (Wash. App. 2014) ....................................................................................13, 14

*Doe v. Va. Mason Med. Ctr.*,
    No. 19-2-26674-1 SEA, 2024 WL 3517759 (Wash Super. Ct. June 6, 2024) .......................7

*In re Equifax, Inc. Customer Data Security Breach Litigation*,
    362 F. Supp. 3d 1295 (N.D. Ga. 2019)...............................................................................11

*Fowler v. Cooley*,
    245 P.3d 155 (Or. App. 2010) .............................................................................................16

*In re Gallagher Data Breach Litig.*,
    631 F. Supp. 3d 573 (N.D. Ill. 2022)...................................................................................12

*Gazija v. Nicholas Jerns Co.*,
    543 P.2d 338 (Wash. 1975) ...................................................................................................5

DEFENDANT'S MOTION TO DISMISS – ii

OGDEN MURPHY WALLACE, PLLC
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
*Tel: 206-447-7000/Fax: 206-447-0215*

4928-7966-8531, v. 1
{JDL4914-6326-9685;1/12896.000001/}

*Hall v. Centerspace, LP*,
    No. 22-cv-2028, 2023 WL 3435100 (D. Minn. May 12, 2023) .............................................12

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
    719 P.2d 531 (1986) ..............................................................................................................19

*Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co.*,
    100 N.Y.S.3d 227 (App. Div. 2019)......................................................................................15

*Investigators, Inc. v. Harvey*,
    633 P.2d 6 (Or. App. 1981) ...................................................................................................16

*Jet Parts Eng'g, Inc. v. Quest Aviation Supply, Inc.*,
    No. C15-0530 RSM, 2017 WL 1093205 (W.D. Wash. Mar. 23, 2017) ..................................9

*Johnson v. Nasi*,
    309 P.2d 380 (Wash. 1957) .....................................................................................................9

*Kelley v. Microsoft Corp.*,
    251 F.R.D. 544 (W.D. Wash. 2008)........................................................................................4

*Keystone Land & Dev. Co. v. Xerox Corp.*,
    94 P.3d 945 (Wash. 2004) ................................................................................................9, 10

*King v. Riveland*,
    886 P.2d 160 (Wash. 1994) ...................................................................................................11

*Kingston v. Int'l Bus. Machines Corp.*,
    454 F. Supp. 3d 1054 (W.D. Wash. 2020) ...............................................................................9

*Krottner v. Starbucks Corp.*,
    406 Fed. App'x 129 (9th Cir. 2010) .................................................................................10, 11

*Lane v. Fein, Such & Crane, LLP*,
    767 F. Supp. 2d 382 (E.D.N.Y. 2011) ...................................................................................15

*Lehrer v. State, Dep't of Soc. & Health Servs.*,
    5 P.3d 722 (Wash. App. 2000) ...............................................................................................11

*Lenard v. Design Studio*,
    889 F. Supp. 2d 518 (S.D.N.Y. 2012) ...................................................................................14

*Leonard v. McMenamins, Inc.*,
    No. C22-0094-KKE, 2024 WL 4188974 (W.D. Wash. Sept. 13, 2024).............................5, 19

DEFENDANT'S MOTION TO DISMISS – iii

4928-7966-8531, v. 1
{JDL4914-6326-9685;1/12896.000001/}

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007) ...................................................................................................20

*Miller v. NextGen Healthcare, Inc.*,
    No. 1:23-CV-2043-TWT, 2024 WL 3543433 (N.D. Ga. July 25, 2024) .............................15

*In re NCB Mgmt. Servs., Inc. Data Breach Litig.*,
    748 F. Supp. 3d 262 (E.D. Pa. 2024)..............................................................................14

*Nienaber v. Overlake Hosp. Med. Ctr.*,
    No. 23-cv-01159, 2025 WL 692097 (W.D. Wash., Mar. 4, 2025)
    ....................................................................................5, 8, 11, 13, 17, 19, 20

*Norcon Builders, LLC v. GMP Homes VG, LLC*,
    254 P.3d 835 (Wash. App. 2011) ....................................................................................6

*Nunley v. Chelan-Douglas Health Dist.*,
    558 P.3d 513 (Wash App. 2024) .....................................................................................5

*Panag v. Farmers Ins. Co. of Wash.*,
    204 P.3d 885 (Wash. 2009) ..........................................................................................19

*Paul v. Providence Health Sys.-Or.*,
    240 P.3d 1110 (Or. App. 2010) .....................................................................................17

*Pearson v. Philip Morris, Inc.*,
    361 P.3d 3 (Or. 2015).............................................................................................16, 17

*Promedev, LLC v. Wilson*,
    No. C22-1063JLR, 2024 WL 1606667 (W.D. Wash. Apr. 12, 2024)................................13

*Rodriguez v. Mena Hospital Commission*,
    No. 2:23-CV-2002, 2023 WL 7198441 (W.D. Ark. Nov. 1, 2023) ...................................18

*State ex rel. Rosenblum v. Johnson & Johnson*,
    362 P.3d 1197 (Or. 2015)..............................................................................................16

*Shafran v. Harley-Davidson Inc.*,
    No. 07 Civ. 01965 (GBD), 2008 WL 763177 (S.D.N.Y Mar. 20, 2008).............................15

*Summers v. Earth Island Inst.*,
    555 U.S. 488 (2009) ...................................................................................................21

*Tincani v. Inland Empire Zoological Soc'y*,
    875 P.2d 621 (Wash. 1994) ............................................................................................4

DEFENDANT'S MOTION TO DISMISS – iv

OGDEN MURPHY WALLACE, PLLC
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
*Tel: 206-447-7000/Fax: 206-447-0215*

4928-7966-8531, v. 1
{JDL4914-6326-9685;1/12896.000001/}

*Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp*,
   858 P.2d 1054 (Wash. 1993) ...................................................................................19

*In re Waste Mgmt. Data Breach Litig.*,
   No. 21cv6199, 2022 WL 561734 (S.D.N.Y., Feb. 24, 2022)...................................................7

*William Insulation Co. Inc. v. JH Kelly LLC*,
   No. C21-5083 BHS, 2021 WL 1894092 (W.D. Wash., May 11, 2021) ...............................6

*Williams Fruit Co. v. Hanover Ins. Co.*,
   474 P.2d 577 (Wash. App. 1970) ...................................................................................11

*Young v. Young*,
   191 P.3d 1258 (Wash. 2008) ...............................................................................6, 9

**Statutes**

Declaratory Judgment Act, 28 U.S.C. § 2201 .........................................................1, 20, 21, 22

New York General Business Law § 349 .................................................................1, 3, 14, 15, 16

Or. Rev. Stat. § 31.705 .........................................................................................17

Oregon Unlawful Trade Practice Act, Or. Rev. Stat. § 646.608. ...........................1, 3, 15, 16, 17

Washington Consumer Protection Act, RCW 19.86.020 .......................................1, 3, 18, 19, 20

**Other Rules or Authorities**

Federal Rule of Civil Procedure 12 ...................................................................1, 4, 20

DEFENDANT'S MOTION TO DISMISS – v

OGDEN MURPHY WALLACE, PLLC
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
Tel: 206-447-7000/Fax: 206-447-0215

4928-7966-8531, v. 1
{JDL4914-6326-9685;1/12896.000001/}

Defendant ABC Legal Services respectfully moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Consolidated Class Action Complaint (the "Complaint") filed by Plaintiffs Anthony Crowley ("Crowley"), Steven Sanchez ("Sanchez"), Kaylee Rinne ("Rinne"), Samantha Bodtker ("Bodtker"), Teresa Bushek ("Bushek"), Jeff Hoffman ("Hoffman"), Craig Vann ("Vann"), and James Munger ("Munger") (collectively, "Plaintiffs").

## I.    INTRODUCTION

This case arises out of a cyberattack perpetrated by a criminal against Defendant ABC Legal Services ("ABC Legal"). Despite not having experienced tangible harm, Plaintiffs claim that the actions of that unknown criminal entitle them to recover damages from ABC Legal for (1) negligence; (2) unjust enrichment; (3) breach of implied contract; (4) violations of the New York General Business Law § 349 ("NY GBL"); (5) violations of the Oregon Unlawful Trade Practice Act, Or. Rev. Stat. § 646.608(1), *et seq*. ("OUTPA"); (6) invasion of privacy; and (7) violations of the Washington Consumer Protection Act, RCW 19.86.020 ("CPA"); plus (8) injunctive and declaratory relief under the federal Declaratory Judgment Act, 28 U.S.C. § 2201.

All eight of Plaintiffs' claims fail as a matter of law. *First*, the negligence claim fails to allege the requisite injury and damages. *Second*, the unjust-enrichment claim fails to plead any enrichment, let alone *unjust* enrichment. *Third*, the breach-of-implied-contract claim fails to plead contract formation and damages. *Fourth*, the NY GBL claim fails to plead the required nexus to New York, deceptive acts by ABC Legal, and damages. *Fifth*, the OUTPA claim fails to plead any connection to Oregon, that Plaintiffs are "consumers" under the statute, and damages. *Sixth*, the invasion-of-privacy claim fails to plead intent. *Seventh*, the CPA claim fails

DEFENDANT'S MOTION TO DISMISS – 1

OGDEN MURPHY WALLACE, PLLC
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
Tel: 206-447-7000/Fax: 206-447-0215

{JDL4914-6326-9685;1/12896.000001/}

to plead damages. And *eighth*, the claim for injunctive and declaratory relief fails to allege the actual controversy necessary for Plaintiffs' standing under the Declaratory Judgment Act.

## II.     BACKGROUND

### A.     The Parties and the Cyberattack

ABC Legal is a Washington limited liability company that provides legal solutions, including service of process, e-filing, and skip tracing services. (Compl. ¶¶ 2-3, 24.) Plaintiffs' alleged relationships with ABC Legal varied among them. Plaintiffs Crowley and Bushek allege that they were contractors of ABC Legal and that they provided their personally identifiable information ("PII") to ABC Legal as a condition of that relationship. (*Id*. ¶¶ 64, 102.) Plaintiffs Sanchez, Bodker, Vann, and Munger allege that they are former employees, and they claim to have provided PII to ABC Legal as a condition of employment. (*Id*. ¶¶ 51, 89, 127.) Plaintiffs Rinne and Hoffman allege that they were required to provide PII to ABC Legal as a condition of receiving unidentified "services," (*id*. ¶¶ 77, 115), but neither claims to have paid for those services.

On or about August 7, 2024, ABC Legal detected unusual activity in its network environment and subsequently determined that certain files may have been exfiltrated by an unidentified third-party criminal (the "Cyberattack"). (*Id*. ¶¶ 6, 8.) It secured its network within twenty-four hours, (*id*. ¶ 7), and began notifying potentially impacted individuals, including Plaintiffs, on December 6, 2024, (*id*. ¶¶ 53, 66, 79, 91, 104, 117, 129, 142). Despite the actions of a third-party criminal and ABC Legal's rapid response, Plaintiffs claim that ABC Legal failed to prevent the Cyberattack and failed to take sufficient steps in response. (*Id*. ¶¶ 7, 12.)

DEFENDANT'S MOTION TO DISMISS – 2

OGDEN MURPHY WALLACE, PLLC
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
*Tel: 206-447-7000/Fax: 206-447-0215*

4928-7966-8531, v. 1
{JDL4914-6326-9685;1/12896.000001/}

**B.    Plaintiffs' Purported Injuries and Claims**

Plaintiffs allege a litany of conclusory and generic purported injuries from the Cyberattack. Specifically, each Plaintiff claims to have experienced lost time related to account monitoring, loss of privacy, loss of the benefit of the bargain, emotional distress, increased risk of fraud and identity theft, and diminution in the value of PII. (Compl. ¶¶ 63, 76, 88, 101, 114, 126, 139, 151.) Three Plaintiffs, Bodtker, Bushek, and Hoffman, also claim to have experienced an increase in spam calls and emails or phishing attempts. (*Id*. ¶¶ 97, 110, 122.) Plaintiff Hoffman also alleges that he experienced "attempts at breaching several of his online accounts, such as Apple, Uber, and Venmo." (*Id*. ¶ 122.) And Plaintiff Vann alleges that he "experienced a false address listed on his credit monitoring service." (*Id*. ¶ 135.) None claims to have suffered actual financial loss.

Nevertheless, Plaintiffs allege that the foregoing purported injuries support eight causes of action (each, a "COA"): (1) negligence; (2) unjust enrichment; (3) breach of implied contract; (4) violations of the NY GBL; (5) violations of the OUTPA; (6) invasion of privacy; (7) violations of the CPA; and (8) injunctive and declaratory relief. Plaintiffs seek to represent a nationwide class of "[a]ll persons residing in the United States who were sent a Notice Letter from ABC Legal." (*Id*. ¶ 193.) In the alternative, they seek to represent two subclasses: a New York subclass consisting of "[a]l persons residing in the State of New York who were sent a Notice Letter from ABC Legal," and an Oregon subclass consisting of "[a]ll persons residing in the State of Oregon who were sent a Notice Letter from ABC Legal." (*Id*. ¶ 194.)

DEFENDANT'S MOTION TO DISMISS – 3

OGDEN MURPHY WALLACE, PLLC
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
*Tel: 206-447-7000/Fax: 206-447-0215*

4928-7966-8531, v. 1
{JDL4914-6326-9685;1/12896.000001/}

### III.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In other words, "this plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). In making this determination, courts should not accept legal conclusions couched as factual allegations, and mere "formulaic recitation[s] of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (cleaned up).

### IV.   ARGUMENT

**A.    COA 1 for Negligence Fails for Lack of Alleged Damages and Causation.**

To state a claim for negligence, a plaintiff must plead "(1) the existence of a duty owed, (2) a breach of that duty, (3) a resulting injury, and (4) a proximate cause between the breach and the injury." *Tincani v. Inland Empire Zoological Soc'y*, 875 P.2d 621, 624 (Wash. 1994).[1] Here, Plaintiffs fail to allege injury and damages elements of the claim.

---

[1]   For purposes of this motion, ABC Legal assumes that Washington law applies to Plaintiffs' state common-law claims. Under Washington law, the law of the jurisdiction with the "most significant relationship" to a plaintiff's claims applies. *Kelley v. Microsoft Corp.*, 251 F.R.D. 544, 551 (W.D. Wash. 2008). Here, ABC Legal is a Washington limited liability company, and any alleged actions or omissions of ABC Legal occurred in Washington.

DEFENDANT'S MOTION TO DISMISS – 4

OGDEN MURPHY WALLACE, PLLC
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
Tel: 206-447-7000/Fax: 206-447-0215

4928-7966-8531, v. 1
{JDL4914-6326-9685;1/12896.000001/}

"Under Washington law, '[a]ctual loss or damage is an essential element in the formulation of the traditional elements necessary for a cause of action in negligence . . . . The mere danger of future harm, unaccompanied by present damage, will not support a negligence action." *Leonard v. McMenamins, Inc.*, No. C22-0094-KKE, 2024 WL 4188974, at *6 (W.D. Wash. Sept. 13, 2024) (quoting *Krottner v. Starbucks Corp.*, 406 F. App'x 129, 131 (9th Cir. 2010)). Indeed, "[u]ntil a plaintiff suffers appreciable harm as a consequence of negligence, he cannot establish a cause of action." *Gazija v. Nicholas Jerns Co.,* 543 P.2d 338, 341 (Wash. 1975). In the data-privacy context, "courts have dismissed claims for negligence under Washington law . . . where plaintiffs have not alleged that they 'suffered direct financial losses because of the Breach . . . [or that] their identity has been stolen.'" *Nienaber v. Overlake Hosp. Med. Ctr.*, No. 23-cv-01159, 2025 WL 692097, at *7 (W.D. Wash., Mar. 4, 2025) (quoting *Leonard*, 2024 WL 4188974 at *6).[2]

In this case, Plaintiffs fail to plead an "appreciable harm" or "direct financial loss." Instead, they allege nebulous and unquantifiable harms, including lost time, loss of privacy, loss of the benefit of the bargain, emotional distress, the risk of identity theft, and diminution in the value of PII. (Compl. ¶¶ 63, 76, 88, 101, 114, 126, 139, 151.) Some Plaintiffs allege an increase in spam and phishing attempts. (*Id.* ¶¶ 97, 110, 122.) One alleges that he experienced "attempts at breaching" his "Apple, Uber, and Venmo" accounts, (*id.* ¶ 122), but he does not allege that the attempts were successful, that they caused him any financial loss, or even that

---

[2]    The *Nienaber* Court distinguished the decision of a Washington appeals court in *Nunley v. Chelan-Douglas Health Dist.*, 558 P.3d 513 (Wash App. 2024), on the grounds that, in *Nunley*, "at least one plaintiff's Social Security number was found on the dark web and an unauthorized business license had been opened in her name—comparable harms to other cases where Washington courts found present damages as a result of a data breach." *Nienaber*, 2025 WL 692097 at * 8. The same distinguishing principle applies here; none of Plaintiffs in this case has alleged a harm comparable to those found sufficient under Washington law.

DEFENDANT'S MOTION TO DISMISS – 5

OGDEN MURPHY WALLACE, PLLC
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
*Tel: 206-447-7000/Fax: 206-447-0215*

they were plausibly connected to the Cyberattack—which allegedly involved only his "Taxpayer ID Number," not any "online accounts," (*id.* ¶ 117).[3] And another alleges that he "experienced a false address listed on his credit monitoring service . . . ." (*Id.* ¶ 135.)[4] Critically, no Plaintiff alleges that they suffered any direct financial loss or identity theft as a result of the Cyberattack. Absent that type of appreciable harm, Plaintiffs have failed to allege the injury and damages element of their claim.

**B.    COA 2 for Unjust Enrichment Fails to Allege Enrichment or Injustice.**

To establish unjust enrichment, a plaintiff must plead that: "(1) the defendant received a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment." *Young v. Young*, 191 P.3d 1258, 1262 (Wash. 2008). "Enrichment alone will not suffice to invoke the remedial powers of a court of equity. It is critical that the enrichment be unjust both under the circumstances and as between the two parties to the transaction. The mere fact that a defendant has received a benefit from the plaintiff is insufficient alone to justify recovery." *Norcon Builders, LLC v. GMP Homes VG, LLC*, 254 P.3d 835, 844 (Wash. App. 2011) (cleaned up). Moreover, a plaintiff must allege that there is no available "adequate remedy at law" to compensate them for the alleged unjust enrichment. *William Insulation Co. Inc. v. JH Kelly LLC*, No. C21-5083 BHS, 2021 WL 1894092, at *6 (W.D. Wash., May 11, 2021). Against this standard, the unjust-enrichment claim fails for three reasons.

---

[3]    In other words, Plaintiffs allege no credible basis to infer that the compromise of a taxpayer ID number could lead to attempted unauthorized access to an online Apple account, for example.

[4]    The Complaint does not define "credit monitoring service," so the exact alleged harm here is unclear.

DEFENDANT'S MOTION TO DISMISS – 6

OGDEN MURPHY WALLACE, PLLC
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
*Tel: 206-447-7000/Fax: 206-447-0215*

First, the unjust-enrichment claim is duplicative of Plaintiffs' other legal claims. Where an unjust-enrichment claim "simply repackages the same theories of harm alleged in [a plaintiff's] contract and tort actions," it should be dismissed as duplicative. *In re Waste Mgmt. Data Breach Litig.*, No. 21cv6199, 2022 WL 561734, at *6 (S.D.N.Y., Feb. 24, 2022). In this case, Plaintiffs assert numerous tort, contract, and statutory theories that are substantively indistinguishable from the unjust-enrichment claim. The unjust-enrichment claim therefore adds nothing to the case and should be dismissed as duplicative.

Second, Plaintiffs do not plausibly allege that ABC Legal has been enriched *at all*, let alone unjustly so. Six of eight Plaintiffs are former employees or contractors and do not claim to have conferred monetary benefits of any kind upon ABC Legal.[5] And although two Plaintiffs (Rinne and Hoffman) claim to have "received services" from ABC Legal, they allege no facts regarding those services and tellingly do not allege that they *paid* anything for them. (*See* Compl. ¶¶ 77, 115.) Instead, Plaintiffs summarily allege that "[t]hrough the use of [their] PII, Defendant received monetary benefits." (*See* Compl. ¶ 237.) But that "bare assertion," unsupported by any fact or explanation, is merely the "formulaic recitation of the elements" of unjust enrichment and thus not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 681.

And third, even if Plaintiffs plausibly alleged enrichment, they have not alleged the enrichment was unjust. If any party was unjustly enriched due to the Cyberattack, it was the third-party criminal actor. *Cf. Doe v. Va. Mason Med. Ctr.*, No. 19-2-26674-1 SEA, 2024 WL 3517759, at *15 (Wash Super. Ct. June 6, 2024) ("If anyone was unjustly enriched by [defendant] providing [plaintiff's] valuable data to third parties, it was the third parties, not

---

[5]    Plaintiffs Sanchez, Crowley, Bodker, Bushek, Vann, and Munger claim to be former employees or contractors of ABC Legal. (Compl. ¶¶ 51, 64, 89, 102, 127, 140.)

DEFENDANT'S MOTION TO DISMISS – 7

OGDEN MURPHY WALLACE, PLLC
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
Tel: 206-447-7000/Fax: 206-447-0215

4928-7966-8531, v. 1
{JDL4914-6326-9685;1/12896.000001/}

[defendant]."). And the two Plaintiffs who allegedly provided PII as a condition of "receiving services" do not claim that they failed to receive the services they sought. As such, even if a benefit were conferred on and retained by ABC Legal, Plaintiffs have not plausibly alleged that retention of that benefit was unjust.

Finally, Plaintiffs have not alleged any tangible economic loss. "Washington courts have not applied the doctrine of unjust enrichment outside the context of an 'expense' stemming from some tangible economic loss to a plaintiff." *Cousineau v. Microsoft Corp*., 992 F. Supp. 2d 1116, 1130 (W.D. Wash. 2012). "[T]he loss of privacy alone is insufficient to establish a benefit conferred at Plaintiff's expense for purposes of an unjust-enrichment claim." *Nienaber v. Overlake Hosp. Med. Ctr*., No. 2:23-CV-01159-TL, 2025 WL 692097, at *11 (W.D. Wash. Mar. 4, 2025) (citing *Vance v. Microsoft Corp*., 525 F. Supp. 3d 1287, 1299 (W.D. Wash. 2021); *Cousineau*, 992 F. Supp. 2d at 1130). For example, in *Cousineau¸* the plaintiff failed to support her allegations of diminished value of her phone or data plan with specific facts. *Cousineau* at 1128. Here, similarly, Plaintiffs have failed to plausibly allege a "tangible economic loss." Plaintiffs' "mere conclusory statements" that there has been an unspecified "diminution in the value of [their] PII" and "other economic and non-economic harm" (at ¶¶ 63, 76, 88, 101, 114, 126, 139, 151) without further factual elaboration fails to meet the plausibility standard required by *Iqbal. See Iqbal* at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.").

DEFENDANT'S MOTION TO DISMISS – 8

OGDEN MURPHY WALLACE, PLLC
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
Tel: 206-447-7000/Fax: 206-447-0215

4928-7966-8531, v. 1
{JDL4914-6326-9685;1/12896.000001/}

**C.     COA 3 for Breach of Implied Contract Fails to Allege Contract Formation and Damages.**

To state a claim for breach of contract under Washington law, "a plaintiff must establish (1) the existence of a contractual duty, (2) defendant's breach of that duty, and that (3) defendant's breach of that duty caused damages to the plaintiff whom the duty is owed." *Jet Parts Eng'g, Inc. v. Quest Aviation Supply, Inc.*, No. C15-0530 RSM, 2017 WL 1093205, at *2 (W.D. Wash. Mar. 23, 2017) (citing *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 899 P.2d 6, 8-9 (Wash. App. 1995)). Here, Plaintiffs fail to allege the existence of an enforceable contract and damages.

**1.     Plaintiffs fail to allege the existence of an enforceable contract.**

An implied-in-fact contract arises "by implication from circumstances which, according to common understanding, show a mutual intention on the part of the parties to contract with each other." *Young*, 191 P.3d at 1262-63. As with an express contract, a plaintiff must prove "each essential fact" of the implied contract, including an offer, acceptance, consideration, and mutual assent. *Kingston v. Int'l Bus. Machines Corp.*, 454 F. Supp. 3d 1054, 1059 (W.D. Wash. 2020) (citing *Cahn v. Foster & Marshall, Inc.*, 658 P.2d 42, 43 (Wash. App. 1983)). Plaintiffs here fail to allege the mutual assent and consideration elements of contract formation.

**a.     No mutual assent**

Mutual intent is essential to the formation of a contract. *Johnson v. Nasi*, 309 P.2d 380, 382 (Wash. 1957). A contract implied in fact, "like an express contract, grows out of the intentions of the parties to the transaction, and there must be a meeting of the minds." *Kingston*, 454 F. Supp. at 1059 (cleaned up). Washington courts follow an "objective manifestation" test for to determine whether such intention exists. *Keystone Land & Dev. Co. v. Xerox Corp.*, 94

DEFENDANT'S MOTION TO DISMISS – 9

OGDEN MURPHY WALLACE, PLLC
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
Tel: 206-447-7000/Fax: 206-447-0215

P.3d 945, 949 (Wash. 2004). "[F]or a contract to form, the parties must objectively manifest their mutual assent." *Id*. The terms also must be sufficiently definite. *Id*. (citing *Sandeman v. Sayres*, 314 P.2d 428, 429 (Wash. 1957) (observing if a term is so "indefinite that a court cannot decide just what it means, and fix exactly the legal liability of the parties," an enforceable agreement does not exist)).

Here, Plaintiffs allege that ABC Legal: (i) "solicited, offered, and invited Class Members to provide their PII as part of Defendant's regular business practices," (Compl. ¶ 249); and (ii) took possession of their personal information in return for a promise "to safeguard and protect such information, and to timely and accurately notify Plaintiffs and Class Members that their data had been breached and compromised or stolen," (*id.* ¶¶ 250-51). But Plaintiffs fail to allege any meeting of the minds on sufficiently definite terms, a failing that warrants dismissal. *See, e.g.*, *Krottner v. Starbucks Corp.*, 406 Fed. App'x 129, 131 (9th Cir. 2010) (affirming dismissal of implied-contract claim where plaintiffs failed to allege they read, understood as an offer, and accepted documents establishing a contract, and thus failed to show a meeting of the minds on specific offers to safeguard PII). Plaintiffs' allegations are merely unsupported conclusions, which fall short of alleging facts to support an implication of mutual assent to definite contractual terms.

Plaintiffs also attempt to demonstrate a meeting of the minds by citing to alleged privacy policies promulgated by ABC Legal through which Plaintiffs claim that ABC Legal "expressly promised Plaintiffs and Class Members that it would only disclose PII under certain circumstances, none of which relate to the Data Breach." (Compl. ¶ 255.) However, Plaintiffs allege the existence of those policies "[a]ccording to information and belief." (*Id*.) And they do

DEFENDANT'S MOTION TO DISMISS – 10

not allege that they viewed or otherwise relied upon those alleged privacy policies at the time they decided to accept employment from ABC Legal or when they chose to use its services.

Those type of allegations are insufficient to establish mutual assent. *See Krottner*, 406 Fed. App'x at 131; *In re Equifax, Inc. Customer Data Security Breach Litigation*, 362 F. Supp. 3d 1295, 1332 (N.D. Ga. 2019) (where plaintiffs did not allege they read privacy policy, relied upon it, or were aware of its representations at the time they chose to use defendant's service, they "failed to establish the essential element of mutual assent").[6] That is especially true here, where the allegations concerning the contents of ABC Legal's supposed privacy policy are made upon "information and belief"—and should be within Plaintiffs' knowledge if they had actually read and accepted those terms. Absent allegations that they discussed, understood, or were even aware of the necessary terms, Plaintiffs have not alleged a meeting of the minds.

### b.    No consideration

Under Washington law, a contract is only enforceable if it is supported by consideration. *Lehrer v. State, Dep't of Soc. & Health Servs.*, 5 P.3d 722, 725 (Wash. App. 2000). Consideration is "any act, forbearance, creation, modification or destruction of a legal relationship, or return promise given in exchange." *King v. Riveland*, 886 P.2d 160, 164 (Wash. 1994). "Before an act or promise can constitute consideration, it must be bargained for and given in exchange for the promise." *Williams Fruit Co. v. Hanover Ins. Co.*, 474 P.2d 577, 581 (Wash. App. 1970). Plaintiffs here do not even try to allege a bargained-for exchange by *either* party to the supposed contract.

---

[6]    Furthermore, "while such policies may form the terms of an implied contract, they do not alone serve as an enforceable contract without a separate 'meeting of the minds' between the parties." *Nienaber*, 733 F. Supp. 3d at 1092 (quoting *Doe v. Regents of Univ. of California*, 672 F. Supp. 3d 813, 821 (N.D. Cal. 2023)).

DEFENDANT'S MOTION TO DISMISS – 11

OGDEN MURPHY WALLACE, PLLC
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
Tel: 206-447-7000/Fax: 206-447-0215

To begin with, Plaintiffs do not allege that *they* provided consideration. They vaguely claim to have "paid money to Defendant with the reasonable belief and expectation that Defendant would use part of its earnings to obtain adequate data security," (Compl. ¶ 257), but they *do not* plead facts showing that any of them actually paid anything, such as when, where and for what purpose those purported payments were made. This, no doubt, is because six Plaintiffs were employees or contractors of ABC Legal, who, in that capacity, would not have paid ABC Legal at all. And the other two Plaintiffs who supposedly "received services" from ABC Legal do not identify those "services," much less allege facts showing payment for them.

Plaintiffs also suggest (at ¶ 249) that their provision of PII to ABC Legal was itself a form of consideration. However, courts have "routinely rejected the proposition that an individual's personal identifying information has an independent monetary value." *In re Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 592 (N.D. Ill. 2022) (internal quotation omitted; collecting cases); *Hall v. Centerspace, LP*, No. 22-cv-2028, 2023 WL 3435100, at *6 (D. Minn. May 12, 2023) (dismissing unjust-enrichment claim where plaintiff did "not identify a benefit plausibly conferred upon [defendant] through the provision of PII"). Thus, the mere provision of PII is not consideration. The contract claim fails for that reason alone.

Nor do Plaintiffs allege that *ABC Legal* provided consideration for a contract. Plaintiffs' theory apparently is that ABC Legal's supposed promise to protect their PII is consideration sufficient to support a contract. (*See* Compl. ¶ 251.) But Plaintiffs also allege that ABC Legal was obligated by "relevant laws and regulations" to protect the PII in its possession. (*Id.* ¶ 252; *see* ¶¶ 220-25.) However, a promise to perform "a pre-existing legal obligation is not valid consideration." *Castillo v. Costco Wholesale Corp.*, No. 2:23-CV-01548-JHC, 2024 WL 4785136, at *15 (W.D. Wash. Nov. 14, 2024) (citing *Multicare Med. Ctr. v. State, Dep't of*

DEFENDANT'S MOTION TO DISMISS – 12

OGDEN MURPHY WALLACE, PLLC
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
Tel: 206-447-7000/Fax: 206-447-0215

4928-7966-8531, v. 1
{JDL4914-6326-9685;1/12896.000001/}

*Soc. & Health Servs.*, 790 P.2d 124, 131-32 (Wash. 1990) (superseded by statute on other grounds)). According to Plaintiffs' own allegations, ABC Legal had a preexisting legal duty to safeguard personal information. (Compl. ¶¶ 180, 252.) Consequently, ABC Legal's alleged promise to protect Plaintiffs' PII does not support the formation of an enforceable contract.

*            *            *

The failure to plead the elements of mutual assent and consideration is fatal to a breach-of-implied-contract claim. Such was the case on *Nienaber*. There, the plaintiff claimed that when she and the putative class "provided their user data to Defendant in exchange for services, they entered into an implied contract pursuant to which Defendant agreed to safeguard and not disclose their Private Information without consent." 733 F. Supp. 3d at 1091. The court rejected that theory, holding, "Plaintiff has made no allegations that she paid Defendant for any medical services, nor has she made any additional allegations regarding any consideration received by Defendant for its promise to safeguard Plaintiff's information." *Id*. The same result is warranted here. Plaintiffs failed to allege mutual assent and consideration to support formation of an enforceable contract.

**2.    Plaintiffs fail to allege damages.**

Damages are an essential element of a breach-of-contract claim. *Promedev, LLC v. Wilson*, No. C22-1063JLR, 2024 WL 1606667, at *2 (W.D. Wash. Apr. 12, 2024). In Washington, "a court may dismiss a breach of contract action if damages have not been suffered." *DC Farms, LLC v. Conagra Foods Lamb Weston, Inc.*, 317 P.3d 543, 553 (Wash. App. 2014). "Mere proof that there was a breach of contract without more will not support a verdict in favor of a [claimant], even for nominal damages." *Id*. As described above, Plaintiffs

DEFENDANT'S MOTION TO DISMISS – 13

OGDEN MURPHY WALLACE, PLLC
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
Tel: 206-447-7000/Fax: 206-447-0215

4928-7966-8531, v. 1
{JDL4914-6326-9685;1/12896.000001/}

failed to allege cognizable damages traceable to the conduct of ABC Legal; their breach-of-implied-contract claim fails for this reason too.

**D.      COA 4 for Violation of the NY GBL Fails to Allege a Jurisdictional Nexus, Deceptive Conduct, and Cognizable Damages.**

To state a claim for violation of the NY GBL, a plaintiff must plead facts sufficient to show that "(1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 530 (S.D.N.Y. 2012) (quoting *Maruizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000)). Crucially, a plaintiff must also allege that the purported deceptive acts took place within the State of New York. *Lenard*, 889 F. Supp. 2d at 530 (citing *Goshen v. Mut. Life Ins. Co.*, 774 N.E. 2d 1190, 1195 (N.Y. Ct. App. 2002)). Plaintiff Sanchez fails to state a claim for a violation of the NY GBL because (1) he does not establish the appropriate nexus to New York, (2) he has not pled any misleading or deceptive act causing harm, and (3) he does not allege damages.

"A claim falls within the territorial reach of the GBL when the plaintiff alleges a sufficient nexus between [the plaintiff's] transactions with [the defendant] and New York." *In re NCB Mgmt. Servs., Inc. Data Breach Litig.*, 748 F. Supp. 3d 262, 289 (E.D. Pa. 2024) (quoting *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 99 (2d Cir. 2023)). The mere allegation that a plaintiff lives in New York is insufficient. *NCB Mgmt.* Servs, 748 F. Supp. 3d at 290. In *In re NCB*, the court dismissed a plaintiff's NY GBL claim for lack of a sufficient nexus to New York where the plaintiff failed to allege how the defendant's Pennsylvania-developed policies were connected to the state. *Id*. So too here. Plaintiff Sanchez

DEFENDANT'S MOTION TO DISMISS – 14

OGDEN MURPHY WALLACE, PLLC
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
Tel: 206-447-7000/Fax: 206-447-0215

4928-7966-8531, v. 1
{JDL4914-6326-9685;1/12896.000001/}

does not even attempt to allege a connection with New York beyond his claim that he is a resident of the state. (Compl. ¶ 17.) Absent a jurisdictional hook into New York, the claim fails.

Even if the Complaint had alleged the appropriate connection to New York, Plaintiff Sanchez has not pleaded that he was exposed to any deceptive act by ABC Legal. Courts routinely hold that claims under the NY GBL are subject to dismissal if "the complaint fails to allege that the individual plaintiff . . . ever saw the allegedly deceptive representations that purportedly harmed them." *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co.*, 100 N.Y.S.3d 227, 229 (App. Div. 2019). Although Sanchez lists (at ¶ 273) several (conclusory) representations he alleges ABC Legal made, he does not claim that he saw or was otherwise privy to those representations such that he could have relied upon them. Having failed to allege that he saw some misrepresentation, Sanchez has no claim.

Finally, Sanchez has not pleaded any injury sufficient to support damages. *See Shafran v. Harley-Davidson Inc.*, No. 07 Civ. 01965 (GBD), 2008 WL 763177, at *2 (S.D.N.Y Mar. 20, 2008). In fact, he pleads only the generic injuries all Plaintiffs purport to have experienced. For purposes of the NY GBL, these alleged injuries are insufficient. *See Lane v. Fein, Such & Crane, LLP*, 767 F. Supp. 2d 382, 391 (E.D.N.Y. 2011) (unquantifiable emotional distress damages did not constitute injury); *Miller v. NextGen Healthcare, Inc.*, No. 1:23-CV-2043-TWT, 2024 WL 3543433, at *19 (N.D. Ga. July 25, 2024) (time spent monitoring accounts and diminution in value of PII was not injury). The NY GBL claim thus fails.

**E.    COA 5 for Violation of the OUTPA Fails for Multiple Reasons.**

To state a claim under the OUTPA, a plaintiff must show "that (1) the defendant committed an unlawful trade practice; (2) [the] plaintiff suffered an ascertainable loss of money

DEFENDANT'S MOTION TO DISMISS – 15

OGDEN MURPHY WALLACE, PLLC
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
Tel: 206-447-7000/Fax: 206-447-0215

or property; and (3) [the] plaintiff's injury (ascertainable loss) was the result of an unlawful trade practice." *Pearson v. Philip Morris, Inc.*, 361 P.3d 3, 28 (Or. 2015) (citation omitted).

As a threshold matter, as with the NY GBL claim, Plaintiffs fail to establish any connection to Oregon that would allow them to pursue an OUTPA claim. *See, e.g., State ex rel. Rosenblum v. Johnson & Johnson*, 362 P.3d 1197, 1205 (Or. 2015) (noting the requirement of establishing a connection to Oregon, and finding the requirement satisfied where the defendant allegedly targeted consumers in Oregon and failed to warn Oregon citizens of a product defect). Here, the only possible nexus alleged in the Complaint is that Plaintiffs Rinne and Bodker are Oregon residents. (Compl. ¶¶ 18-19.) But they do not (and cannot) allege that any purported conduct of ABC Legal occurred in Oregon or that ABC Legal targeted Oregon consumers. As such, Rinne and Bodker have not alleged the requisite nexus with Oregon to state a claim.

What is more, neither Rinne nor Bodtker has pled that *they* are "consumers" entitled to the OUTPA's statutory protections. "The [OUTPA] applies only to consumer transactions . . . ." *Investigators, Inc. v. Harvey*, 633 P.2d 6, 8 (Or. App. 1981). A "consumer transaction" is "a transaction for goods or services customarily purchased by a substantial number of people for personal, family, or household use." *Fowler v. Cooley*, 245 P.3d 155, 159 (Or. App. 2010). Rinne claims that she received "services" from ABC Legal, but she does not state whether those services were for "personal, family, or household use" or that any monetary transaction took place between her and ABC Legal for them. (*See* Compl. ¶ 77.) Bodtker alleges she was an employee of ABC Legal, and nowhere in the Complaint does she suggest that any consumer transaction between her and ABC Legal took place. (*See id.* ¶ 89.) Simply put, neither Rinne nor Bodtker has pled that they fall within the ambit of the OUTPA's statutory protections.

DEFENDANT'S MOTION TO DISMISS – 16

OGDEN MURPHY WALLACE, PLLC
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
Tel: 206-447-7000/Fax: 206-447-0215

4928-7966-8531, v. 1
{JDL4914-6326-9685;1/12896.000001/}

The OUTPA claim should also be dismissed for the separate reason that Plaintiffs failed to plead an ascertainable loss. The Oregon Supreme Court has held that an "ascertainable loss" under the OUTPA connotes a loss that is "objectively verifiable, much as economic damages in civil actions must be." *Pearson*, 361 P.3d at 22; *see also* Or. Rev. Stat. § 31.705(2)(a) (defining "economic damages" as "objectively verifiable monetary losses"). Plaintiffs here have not pled an objectively verifiable monetary losses. Personal injuries are not cognizable under the OUTPA. *Pearson*, 361 P.3d. at 22-23. Nor are injuries incurred in an attempt to prevent a potential monetary loss. *Paul v. Providence Health Sys.-Or.*, 240 P.3d 1110, 1122 (Or. App. 2010). In the absence of a direct and verifiable monetary loss, Plaintiffs' OUTPA claim fails.

**F.    COA 6 for Invasion of Privacy Fails to Allege the Requisite Intent.**

Washington law recognizes four types of invasion of privacy: intrusion, disclosure, false light, and appropriation. *Nienaber*, 733 F. Supp. 3d at 1088. Here, Plaintiffs allege an intrusion upon seclusion. (Compl. ¶ 306.) To state such a claim, a plaintiff must show that the defendant (1) deliberately intruded; (2) into the plaintiff's solitude, seclusion, or private affairs; (3) in a manner that would be highly offensive to a reasonable person. *Nienaber*, 733 F. Supp. 3d at 1088. Thus, a plaintiff must plead a *deliberate* or *intentional* intrusion. *See id*.

The failure to allege an intent is fatal to intrusion-upon-seclusion claim. In *Purvis v. Aveanna Healthcare, LLC*, for example, the court dismissed the claim, explaining,

> Aside from conclusory allegations that Defendant 'intentionally fail[ed]' to keep Plaintiffs' sensitive information safe and 'intentionally misused[ed] and/or disclos[ed] said information to unauthorized parties for unauthorized use[,]' Plaintiffs have not plausibly alleged any facts indicating that Defendant—as opposed to the third party that allegedly carried out the Data Breach—actively participated in the alleged intrusion into Plaintiffs' affairs.

DEFENDANT'S MOTION TO DISMISS – 17

OGDEN MURPHY WALLACE, PLLC
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
Tel: 206-447-7000/Fax: 206-447-0215

563 F. Supp. 3d 1360, 1377-78 (N.D. Ga. 2021). The same was true in *Rodriguez v. Mena Hospital Commission*, No. 2:23-CV-2002, 2023 WL 7198441, at *13 (W.D. Ark. Nov. 1, 2023) ("Plaintiffs have not alleged any facts that Mena intentionally disclosed Plaintiffs' PII rather than the PII being removed by the third parties."). The *Purvis* and *Mena* courts are instructive, because they demonstrate the critical distinction between an alleged failure to employ data-security measures and the intentional invasion of a plaintiff's privacy.

Here, Plaintiffs fail to plead that ABC Legal acted deliberately or intentionally. They attempt to satisfy the intent requirement by alleging that ABC Legal "permitted the Data Breach because it knew that its information security practices were inadequate." (Compl. at ¶ 308.) But that unsupported conclusion falls well short of alleging a deliberate intrusion. *See Iqbal*, 556 U.S. at 681. What's more, any suggestion that ABC Legal intentionally invaded Plaintiffs' privacy by knowingly permitting the Cyberattack is not only implausible to the point of being absurd, but also flatly contradicted by Plaintiffs' numerous allegations that the "cybercriminals" obtained "unauthorized" access to ABC Legal's systems due to ABC Legal's "negligence"—Plaintiffs' core theory of liability. (*E.g.*, *id*. ¶¶ 1, 12, 13, 40, 43, 48, 52, 188, 198; *see also* COA 1.) Thus, common sense and Plaintiffs' own allegations belie any groundless conclusion that ABC Legal deliberately intruded into anyone's private affairs. The intrusion-upon-seclusion claim should be dismissed.

**G.      COA 7 for Violation of the CPA Fails to Allege the Requisite Injury.**

The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Wash. Rev. Code. § 19.86.020. To state a claim under the CPA, one must show "(1) an unfair or deceptive act or practice, (2) occurring

DEFENDANT'S MOTION TO DISMISS – 18

OGDEN MURPHY WALLACE, PLLC
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
Tel: 206-447-7000/Fax: 206-447-0215

4928-7966-8531, v. 1
{JDL4914-6326-9685;1/12896.000001/}

in trade or commerce, (3) affecting the public interest, (4) injury to [his] business or property, and (5) causation." *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 889 (Wash. 2009).

In this case, Plaintiffs fail to allege an injury to business or property. *Panag*, 166 Wash. 2d at 37. "Personal injuries are not compensable damages under the [CPA]." *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp*, 858 P.2d 1054, 1064 (Wash. 1993). Plaintiffs' alleged injuries include lost time, emotional distress, loss of the benefit of the bargain, heightened risk of fraud and identity theft, and spam. (Compl. ¶¶ 63, 76, 88, 97, 101, 110, 112 114, 126, 139, 151.) And although Hoffman alleges (at ¶ 122) that he experienced "attempts at breaching several of his online accounts," as set forth above he has not alleged a causal link between that experience and ABC Legal or the Cyberattack, much less any injury to his business or property as a result. *See supra* § IV(A). And Vann's allegation (at ¶ 135) that he "experienced a false address listed on his credit monitoring service" not only is incomprehensible, it also fails to allege any harm at all. None of these purported injuries constitutes a compensable injury to business or property under the CPA.[7]

Moreover, under the CPA, while the "injury involved need not be great, it must be established." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 539 (1986). Accordingly, absent "specific facts demonstrating that [the plaintiff] or members of the purported class actually sustained injury," dismissal is warranted. *Cousineau v. Microsoft Corp.*, 992 F. Supp. 2d 1116, 1128 (W.D. Wash. 2012). The court in *Nienaber* observed, "in

---

[7]    Plaintiffs' conclusory allegation that the value of their PII has been diminished should be disregarded. For Plaintiffs to allege a diminution in value of PII, they must allege "(1) the existence of a market for [their PII], and (2) an impairment of [their] ability to participate in that market." *Leonard*, 2024 WL 4188974, at *8 (citing *Griffey v. Magellan Health Inc.*, 562 F. Supp. 3d 34, 46 (D. Ariz. 2021)). Plaintiffs have not properly alleged diminution of their personal information sufficient to support compensable damages under the CPA.

DEFENDANT'S MOTION TO DISMISS – 19

OGDEN MURPHY WALLACE, PLLC
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
Tel: 206-447-7000/Fax: 206-447-0215

4928-7966-8531, v. 1
{JDL4914-6326-9685;1/12896.000001/}

other data-privacy cases under the CPA, plaintiffs have provided substantial allegations regarding [1] the loss of economic value of their information *and* [2] the time or money spent remedying the disclosure of the private information." *Nienaber v. Overlake Hosp. Med. Ctr.*, No. 2:23-CV-01159-TL, 2025 WL 692097, at *15 (W.D. Wash. Mar. 4, 2025) (emphasis in original; numbering added) (citing *Guy v. Convergent Outsourcing, Inc.*, No. C22-1558, 2023 WL 4637318, at *1 (W.D. Wash. July 20, 2023)). Here, Plaintiffs have merely alleged an approximation of "hours" spent as a result of the data breach, e.g., "Plaintiff Vann has spent approximately 2 hours." (Compl. ¶ 134; *see also id.* at ¶¶ 58, 71, 84, 96, 109, 121, 147.) Plaintiffs have failed to allege any specific expenditures of funds, or to provide, as they must, "substantial allegations regarding the loss of economic value of their information." For these reasons, the CPA claim is legally deficient and must be dismissed.

## H. COA 8 for Injunctive and Declaratory Relief Fails for Lack of Standing.[8]

The federal Declaratory Judgment Act permits a court "in a case of actual controversy" to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. To state a claim for relief under the Declaratory Judgment Act, a plaintiff must allege a dispute that is: (1) "definite and concrete"; (2) "real and substantial"; and (3) "admit[ting] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Notably, "the Declaratory Judgment Act does not provide an affirmative cause of action where none otherwise exists." *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878 (9th Cir. 2022); *see*

---

[8]    ABC Legal challenges COA 8 under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

DEFENDANT'S MOTION TO DISMISS – 20

OGDEN MURPHY WALLACE, PLLC
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
Tel: 206-447-7000/Fax: 206-447-0215

4928-7966-8531, v. 1
{JDL4914-6326-9685;1/12896.000001/}

*Bisson v. Bank of Am., N.A.*, 919 F. Supp. 2d 1130, 1139 (W.D. Wash. 2013) ("The Declaratory Judgment Act creates only a remedy, not a cause of action.").

Plaintiffs seek injunctive and declaratory relief in several other claims. (Compl. ¶¶ 266, 301, 314.) Despite that, they style COA 8 as a separate substantive cause of action through which they seek orders requiring ABC Legal to adopt security measures of Plaintiffs' choosing. (*See* Compl. ¶¶ 334-36.) In the absence of substantive law giving Plaintiffs the right to seek such orders, their claim for injunctive relief must fail. *Bisson*, 919 F. Supp. 2d at 1139-40.

But COA 8 fails for an additional, more fundamental reason: Plaintiffs lack standing to seek injunctive and declaratory relief. "A plaintiff must demonstrate constitutional standing separately for each form of relief requested." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 185 (2000)). For prospective remedies, the threat of injury must be "actual and imminent, not conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). In other words, the "threatened injury must be certainly impending to constitute injury in fact," and "allegations of possible future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal quotation marks and alteration omitted).

No such actual, imminent, and certainly impending injury exists here. Plaintiffs' request for injunctive and declaratory relief would not redress any purported injury that has already occurred as a result of the Cyberattack; it simply seeks to prevent a second breach from occurring. But Plaintiffs have not alleged any facts tending to show that a second data breach is currently impending or there is a substantial risk that one will occur. Absent that factual showing, Plaintiffs have not met the jurisdictional requirements to seek prospective relief.

DEFENDANT'S MOTION TO DISMISS – 21

OGDEN MURPHY WALLACE, PLLC
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
Tel: 206-447-7000/Fax: 206-447-0215

4928-7966-8531, v. 1
{JDL4914-6326-9685;1/12896.000001/}

What's more, although Plaintiffs allege (at ¶ 122) that ABC Legal is statutorily required to adopt reasonable measures to protect PII, they have not alleged that those statutory obligations are insufficient to protect their interests, or that judicial intervention adds anything beyond what the law allegedly provides. Without a substantial controversy of sufficient immediacy and reality, Plaintiffs' request for declaratory judgment is unwarranted, and pursuant to 28 U.S.C. § 2201 their claim for declaratory judgment should be dismissed. *See Bisson*, 919 F. Supp. 2d at 1139.

## V.    **CONCLUSION**

For all the foregoing reasons, ABC Legal respectfully requests that the Court (A) grant this Motion; (B) dismiss Plaintiffs' Complaint in its entirety; and (C) award ABC Legal such other and further relief as is appropriate.

I certify that this memorandum contains 6,734 words, in compliance with the Local Civil Rules.

I further certify that defense counsel conferred with Plaintiffs' counsel on April 10, 2025 regarding this motion to dismiss prior to filing it pursuant to Chambers Procedures – Civil, Section 5.6.

Dated this 11th day of April, 2025.

By:    *s/ J. Derek Little*

J. Derek Little
Ogden Murphy Wallace, PLLC
701 Fifth Avenue, Suite 5600
Seattle, WA 98104
T: 206.661.3896
dlittle@omwlaw.com

Jennifer W. Torrez (*pro hac vice*)
McDonald Hopkins LLC
300 North LaSalle Street, Suite 1400
Chicago, IL 60654

DEFENDANT'S MOTION TO DISMISS – 22

4928-7966-8531, v. 1
{JDL4914-6326-9685;1/12896.000001/}

T: 312.280.0111
jtorrez@mcdonaldhopkins.com

Christopher G. Dean (*pro hac vice* forthcoming)
Sydney K. Bell (*pro hac vice*)
McDonald Hopkins LLC
600 Superior Ave., Ste. 2100
Cleveland, OH 44114
T: 216.348.5807
cdean@mcdonaldhopkins.com
sbell@mcdonaldhopkins.com

*Attorneys for Defendant ABC Legal Services, LLC*

DEFENDANT'S MOTION TO DISMISS – 23

OGDEN MURPHY WALLACE, PLLC
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
Tel: 206-447-7000/Fax: 206-447-0215

4928-7966-8531, v. 1
{JDL4914-6326-9685;1/12896.000001/}