The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re: *ABC Legal Services Data Security Litigation*

NO. 2:24-cv-02092

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 1

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................. 3

FACTUAL BACKGROUND ......................................................................................... 3

ARGUMENT ................................................................................................................... 5

    A.    Plaintiffs Sufficiently Allege Causation and Damages for Their Negligence Claim. 5

    B.    Plaintiffs Sufficiently Allege an Unjust Enrichment Claim. ..................................... 7

    C.    Plaintiffs Adequately Allege ABC Legal Breached the Parties' Implied Contract.  10

        1.    Plaintiffs adequately allege mutual assent. ..................................................... 12

        2.    Plaintiffs adequately allege consideration. ...................................................... 12

        3.    Plaintiffs allege cognizable damages. .............................................................. 14

    D.    Plaintiff Sanchez States a Claim Under NY GBL. .................................................. 14

    E.    Plaintiffs Sufficiently Allege a Violation of the OUTPA. ...................................... 17

    F.    Plaintiffs Adequately Allege Invasion of Privacy. .................................................. 19

        1.    Disclosure of private facts. ............................................................................... 19

        2.    Intrusion upon seclusion. .................................................................................. 20

    G.    Plaintiffs Sufficiently Allege Compensable Injuries Under the CPA. .................... 21

    H.    Plaintiffs Have Standing to Seek Injunctive and Declaratory Relief. ..................... 23

CONCLUSION ............................................................................................................. 25

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 2

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

## INTRODUCTION

Defendant ABC Legal Services ("ABC Legal") downplays that it collected, but failed to protect, the extremely sensitive personally identifying information of tens of thousands of consumers and employees, including Plaintiffs and the putative Class. ABC Legal admitted that "certain files were likely taken from [its] network on August 7, 2024," *i.e.*, *stolen*, and that those stolen files contained names, Social Security numbers, driver's license numbers, passports, state ID cards, financial account numbers and credit or debit card numbers, health insurance information, and dates of birth (collectively "PII"). ABC Legal's Notice intentionally obfuscates the nature of the breach and threat is posed—urging victims to sign up for credit monitoring services, place a fraud alert on their credit or freeze their credit, and review their accounts, while simultaneously claiming it was not aware of any "improper use" of the stolen information. But unauthorized access and theft of PII is "improper use" of Plaintiffs' and the putative Class's PII.

The 39,965 victims of ABC Legal's reckless conduct face ongoing risks of identity theft, financial loss, and emotional distress. Several Plaintiffs have already seen a surge in spam calls, spam emails, or phishing attempts, among other indications that their data is being misused, suggesting cybercriminals have Plaintiffs' PII. Contrary to industry standards, common law, statutes, and even their own privacy policies, ABC Legal now seeks to evade all liability for its failure to properly safeguard victims' PII, arguing that Plaintiffs' eight-count Consolidated Class Action Complaint ("CAC") fails to state a claim for relief. Plaintiffs' CAC is sound, and the Court should deny Defendant's Motion to Dismiss.

## FACTUAL BACKGROUND

On August 7, 2024, cybercriminals targeted ABC Legal and stole files containing Plaintiffs' and the putative Class's PII (the "Data Breach"). CAC ¶¶ 6–8. ABC Legal did not

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 3

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

regain control of its network environment until August 8, 2024, suggesting it was the subject of a ransomware attack. *Id.* ¶ 8. A ransomware attack occurs where cybercriminals encrypt confidential files (rendering them inaccessible), demand a ransom to prevent stolen data from being published on the dark web, and then publish the data. Plaintiffs believe their PII has been posted on the dark web. CAC ¶¶ 63, 76, 88, 101, 114, 126, 139, 151.

Plaintiffs Crowley, Sanchez, Rinne, Bodtker, Bushek, Hoffman, Vann, and Munger (collectively, "Plaintiffs") are former employees, contractors, or customers of ABC Legal. *Id.* ¶¶ 51, 64, 77, 89, 102, 115, 127, 140. ABC Legal claims it has the nation's largest network of process servers and has contracted with the U.S. Department of Justice since 2003. *Id.* ¶¶ 31–32. To its employees and customers, ABC Legal promised it "is committed to ensuring that your privacy is protected." *Id.* ¶ 36. In almost all cases, data breaches that occurred could have been prevented. *Id.* ¶¶ 177, 181. ABC Legal had adequate funds available to implement industry standard data security but deliberately chose not to. *Id.* ¶ 33. Indeed, *after* the Data Breach, ABC Legal publicly announced that it had achieved "SOC 2 Certification," which is a cybersecurity compliance framework developed by the American Institute of Certified Public Accountants. *Id.* ¶¶ 44–45. By announcing after the Data Breach it had achieved SOC 2 certification for the first time, ABC Legal effectively admitted it had inadequate data security prior to the Data Breach. *Id.* ¶ 47.

Since the Data Breach, Plaintiffs have been left to fend for themselves. Indeed, ABC Legal has put the onus on Plaintiffs to remain vigilant in reviewing financial account statements and credit reports for identity theft. *Id.* ¶ 1 n.1. All Plaintiffs have spent and continue to spend valuable time engaging in necessary mitigation efforts, in accordance with the directives in ABC Legal's Notice. *Id.* ¶¶ 58, 71, 84, 96, 109, 121, 134, 147. Mr. Munger has lost approximately 20

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 4

hours of his time, Ms. Rhinne has lost approximately 35 hours of her time, and Ms. Bodtker spends several hours per week on necessary mitigation efforts. *Id*. ¶¶ 84, 96, 147. Additionally, all Plaintiffs have suffered fear, anxiety, and stress, which has been compounded by ABC Legal's delay in notifying them of the Data Breach. *Id*. ¶¶ 60, 73, 85, 98, 111, 123, 136, 148. Five plaintiffs experienced an increase in spam calls or emails, or phishing attacks following the Data Breach (Sanchez, Crowley, Bodtker, Bushek, and Hoffman). *Id*. ¶¶ 59, 72, 97, 110, 122. Two Plaintiffs experienced additional misuse of their data: (1) Hoffman faced attempts at breaching several of his online accounts, and Vann discovered a false address on his credit monitoring service, which he never resided at. *Id.* ¶¶ 122, 135.

## LEGAL STANDARD

At the motion to dismiss stage, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *see also Olson Kundig, Inc. v. 12th Ave. Iron, Inc.*, 2022 WL 4534422, at *5 (W.D. Wash. Sept. 28, 2022). Under Federal Rule of Civil Procedure 8(a), Plaintiffs need only set forth enough facts to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The test calls only for "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs' Consolidated Complaint more than satisfies this low standard.

## ARGUMENT

**A.     Plaintiffs Sufficiently Allege Causation and Damages for Their Negligence Claim.**

The Washington Court of Appeals is clear: the loss in value of a plaintiff's personal identity, emotional distress and inconvenience, and risk of future economic harm are cognizable

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 5

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

injuries under a claim for negligence under Washington law. *Nunley v. Chelan-Douglas Health Dist.,* 32 Wn. App. 2d 700 (2024). Plaintiffs have pled just that, and ABC Legal's attempt to distinguish *Nunley*, which contains facts almost identical to Plaintiffs', falls flat.

*Nunley* examined whether the plaintiff had failed to allege injuries recoverable under a negligence claim when their personal information was stolen as a result of the defendant's failure to use ordinary care in securing that information. *Id.* First, the *Nunley* court found that the plaintiffs' allegation that their PII was taken by hackers constituted a current injury, specifically, an "invasion of a legally protected right." *Nunley*, 32 Wn. App. 2d at 718. Having alleged a *current* injury, the plaintiffs' allegations of emotional distress damages qualified as cognizable injury supporting their negligence claim. *Id.* at 718–20. So too were plaintiffs' allegations that the value of their personal identity was diminished, as the court recognized that "PII and PHI, can have value and conceivably that value can be diminished or destroyed when their identities are misappropriated for illegal purposes." *Id.* at 724 ("The laws in Washington demonstrate a public policy that recognizes there is value in the security of our personal information."). Additionally, plaintiffs' allegation that there was "an imminent risk that their stolen identity [would] be misused in the future, which [would] likely cause them out-of-pocket losses," while standing alone would not support a claim for damages, did when it stood with requests for damages from a current harm. *Id.* at 725.

Here, Plaintiffs have also pled a current injury: their PII was stolen from ABC Legal's network by unauthorized actors. CAC ¶¶ 39–41. Therefore, Plaintiffs' alleged emotional distress, and lost time and money related to monitoring their accounts for fraud, are sufficient to plead a cognizable injury for negligence. *Id.* ¶¶ 58–61, 71–73, 81–85 (Rinne "spent approximately 35 hours researching the Data Breach"), 96–98 (Botker experienced "a drastic increase in

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 6

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

unsolicited and spam phone calls and emails"), 109–111 ("The Data Breach caused Plaintiff Bushek to suffer fear, anxiety, and stress . . . ."), 121–23 ("As a consequence of and following the Data Breach, Plaintiff Hoffman has experienced attempts at breaching several of his online accounts."), 134–37, 144–49 (Munger spent "approximately 20 hours" addressing the Data Breach).

Defendant's half-hearted attempt to distinguish *Nunley* (which it barely addresses), relies on *Nienaber v. Overlake Hosp. Med. Ctr.*, 2025 WL 692097, *7 (W.D. Wash. Mar. 4, 2025). But that case concerned Defendant's use of website plugins to transmit information that the plaintiffs voluntarily provided a website, *see id.* at *1; it is inapplicable here, where Plaintiffs' PII was stolen by unknown actors who intend to use it for harm. Also, the plaintiff in *Nienaber* did not plead emotional distress damages. Unlike here, where plaintiffs live in fear and anxiety their PII will be sold on the dark web by the criminal actors who stole it, the loss of privacy alleged by the *Nienaber* plaintiff was based on the defendant's transmission of her information to known third-parties such as Google and Facebook. *Id.* Moreover, the court in *Nienaber* noted that a plaintiff could plead damages by showing loss of privacy of PII, so long as it was done in conjunction with lost time or financial losses because of the breach. *Id.* at *8. Plaintiffs here have alleged both. CAC ¶¶ 76, 88, 101, 114, 126, 139, 151. These present damages are compounded Plaintiffs' risk of future harm, including the risk of increased identity theft. *Id.* Therefore, Plaintiffs state a claim for negligence.

**B.    Plaintiffs Sufficiently Allege an Unjust Enrichment Claim.**

Plaintiffs' claim for unjust enrichment is not duplicative: it seeks disgorgement of ABC Legal's ill-gotten gains, which ABC Legal received when it procured Plaintiffs' PII without disclosing it would fail to secure that PII. CAC ¶¶ 237–46. Moreover, unjust enrichment is

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 7

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

appropriately pled "in the alternative or in addition to other causes of action where necessary." *Id.* ¶ 236. *Vance v. Amazon.com Inc.*, 534 F. Supp. 3d 1314, 1328 n.7 (W.D. Wash. 2021) (finding dismissal of unjust enrichment claim unwarranted where other statutory remedy was available).

Plaintiffs have also plausibly alleged that they provided ABC Legal an appreciable benefit at their expense. Specifically, ABC Legal collected Plaintiffs' PII and despite having more than adequate funds at its disposal to implement sufficient security measures to protect that PII, it chose instead to enrich itself at Plaintiffs' expense by not paying for those measures. CAC ¶¶ 33, 34. Courts have repeatedly held that similar allegations supported unjust enrichment claims. *See, e.g.*, *In re Capital One*, 488 F. Supp. 3d 374, 412 (E.D. Va. 2020) ("[T]he failure to secure a party's data can give rise to an unjust enrichment claim where a defendant accepts the benefits accompanying a plaintiff's data and does so at the plaintiff's expense by not implementing adequate safeguards, thereby making it 'inequitable and unconscionable' to permit defendant to retain the benefit of the data (and any benefits received therefrom), while leaving the plaintiff party to live with the consequences."); *Guy v. Convergent Outsourcing, Inc.*, No. C22-1558 MJP, 2023 WL 4637318, at *7 (W.D. Wash. July 20, 2023) (denying defendant's motion to dismiss unjust enrichment claim and observing that "[I]t is reasonable to allow a jury to determine whether the circumstances make it unjust for [defendant] to retain the benefit without payment."). *Nienaber*, cited repeatedly by ABC Legal, agreed the plaintiff alleged she conferred a benefit by alleging she provided her PII to defendant. *Nienaber*, 2025 WL 692097, at * 11.

Plaintiffs do not need to allege they "paid" anything to ABC Legal (Mot. 13–14), as ABC Legal profited from accepting Plaintiffs' PII without providing adequate security measures protecting that PII. ABC Legal's argument that its retention of Plaintiffs' PII did not unjustly

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 8

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

enrich it entirely ignores the *money* that ABC Legal saved when it chose not to employ adequate security measures to protect Plaintiffs' PII. Instead of providing a reasonable level of security that would have prevented the Data Breach, ABC Legal instead calculated to increase its own profits at the expense of Plaintiffs by utilizing cheaper and ineffective security measures. CAC ¶ 240. The plaintiff in *Doe v. Virginia Mason Medical Center*, 2024 WL 3517759 (Wash. Super. Ct. June 6, 2024)—a case that was decided at summary judgment, not the pleading stage— provided no evidence that the defendant *chose* not to install security measures for profit. Here Plaintiffs allege that ABC Legal actively chose to prioritize its profits over the security of Plaintiffs' PII. This decision led to the theft of Plaintiffs' PII in the Data Breach. ABC Legal should not be allowed to retain the benefits that led to these preventable exposures.

Plaintiffs have already shown that they have pled actual and present economic damages discussed *supra*. at 6-8. *Cousineau v. Microsoft Corp.*, 992 F. Supp. 2d 1116, 1130 (W.D. Wash. 2012), was decided before *Nunley*, which specifically held that "the loss in value of their PII and PHI is a current harm and a cognizable injury . . . ." *Nunley*, 32 Wn. App. 2d at 725. The "diminished value of the PII" pled by Plaintiffs is enough to sustain its unjust enrichment claim at this stage of the pleadings. CAC ¶ 244. And unlike the plaintiff in *Nienaber*, Plaintiffs here have pled the tangible economic damage in the amount of money ABC Legal should have reasonably expended on data security, as well as the expense for mitigating the harms of the data breach. *Id.* The court in *Nienaber* even noted the plaintiff "may be able to amend her complaint to sufficiently allege damages such as lost time and/or expenses in responding to the plausibly alleged misuse of her medical information." *Nienaber*, 2025 WL 692097, at * 8. Plaintiffs have alleged every element necessary to sustain a claim for unjust enrichment at the pleadings stage.

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 9

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

**C.    Plaintiffs Adequately Allege ABC Legal Breached the Parties' Implied Contract.**

ABC Legal challenges Plaintiffs' breach of implied contract claim, saying Plaintiffs do not allege the existence of an enforceable contract and do not establish damages. However, neither of these arguments can be squared with the allegations in the Consolidated Complaint nor Washington law. Plaintiffs have adequately stated a claim for breach of implied contract.

"Under Washington law, there are three essential elements to establish a breach of contract: 1) the parties entered into an enforceable contract; 2) Defendant breached the contract as claimed by Plaintiffs; and 3) Plaintiffs were damaged because of Defendant's breach." *In re Whitworth Univ. Data Breach*, No. 2:23-CV-00179-SAB, 2024 WL 250783, at *2 (E.D. Wash. Jan. 23, 2024). In the data breach context, these elements are met where the plaintiffs allege that: (i) through the parties' course of conduct they entered into implied contracts in which the defendant agreed to implement adequate data security to safeguard and protect the privacy of the plaintiffs' PII; (ii) the defendant required the plaintiffs to provide their PII to obtain employment or services; (iii) the plaintiffs accepted the defendant's offers and provided their PII to the defendant; (iv) the defendant breached the agreement; and (v) the plaintiffs suffered damages. *Id.*

Plaintiffs allege each of the elements above, establishing a sound claim for breach of implied contract. Plaintiffs allege that through the course of the parties' conduct, ABC Legal, Plaintiffs, and the putative Class entered into implied contracts in which ABC Legal agreed to implement adequate data security to safeguard and protect the privacy of Plaintiffs' and the putative Class's PII. CAC ¶¶ 248–50, 254. Plaintiffs and the putative Class were required to deliver their PII to ABC Legal to obtain employment and/or services provided by ABC Legal. *Id.* ¶ 248. Plaintiffs and the putative Class accepted ABC Legal's offers and provided their PII to

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 10

ABC Legal. *Id.* ¶ 250. ABC Legal breached the implied contracts by failing to safeguard their PII and allowing cybercriminals to easily infiltrate its network. *Id.* ¶ 262. As a result, Plaintiffs and the putative Class suffered damages, including: (i) invasion of privacy; (ii) theft of their PII; (iii) diminution in value of PII; (iv) lost time and opportunity costs associated with attempting to mitigate the consequences of the Data Breach; and (v) loss of benefit of the bargain. *Id.* ¶ 264.

Plaintiffs' allegations fall directly in line with recent data breach case law finding these exact allegations sufficiently alleged breach of an implied contract; thus, they are sufficient here. *In re Whitworth*, 2024 WL 250783, at *2 (upholding identical allegations at the motion to dismiss stage); *Kirsten v. Cal. Pizza Kitchen, Inc.*, No. 221CV09578DOCKES, 2022 WL 16894503, at *4 (C.D. Cal. July 29, 2022) (same); *Sackin v. TransPerfect Glob., Inc.*, 278 F. Supp. 3d 739, 751 (S.D.N.Y. 2017) (similar); *In re Numotion Data Incident Litig.*, No. 3:24-CV-00545, 2025 WL 57712, at *7 (M.D. Tenn. Jan. 9, 2025) ("In accordance with a clear majority of the courts that have considered the issue, the court finds that the plaintiffs adequately allege the existence of an implied agreement, a meeting of the minds, and consideration to support the existence of an implied contract to engage in reasonable means to protect the plaintiffs' Private Information."); *Rodriguez v. Mena Hosp. Comm'n*, No. 2:23-CV-2002, 2023 WL 7198441, at *8 (W.D. Ark. Nov. 1, 2023) ("The Court sees no reason to depart from the growing consensus among district courts in this circuit that allow breach of implied contract claims to survive a motion to dismiss in the data breach context."). ABC Legal refuses that conclusion; but in doing so, it attempts to hold Plaintiffs to a heightened pleading standard by claiming plaintiffs must "prove each essential fact of the implied contract." Mot. 9. However, at the motion to dismiss stage, Plaintiffs need only plausibly allege facts supporting a claim for breach of implied contract—not *prove* them—which Plaintiffs have done.

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 11

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**1.      Plaintiffs adequately allege mutual assent.**

Despite these well-pleaded allegations and the wide breadth of case law to the contrary, ABC Legal claims there was no "meeting of the minds," but this argument defies common sense. A meeting of the minds occurred when Plaintiffs and the putative Class agreed to and did provide their PII to ABC Legal in exchange for, amongst other things, the protection of their PII. *Id.* ¶¶ 250–52, 254. Indeed, "it is difficult to imagine how, in our day and age of data and identity theft, the mandatory receipt of Social Security numbers or other sensitive personal information would not imply the recipient's assent to protect the information sufficiently." *In re Ambry Genetics Data Breach Litig.*, 567 F. Supp. 3d 1130, 1144 (C.D. Cal. 2021) (internal citations omitted); *Smallman v. MGM Resorts Int'l*, 638 F. Supp. 3d 1175, 1195 (D. Nev. 2022) (same). "[A] meeting of the minds occur[s] when Plaintiffs and the putative Class agreed to and did provide their [] PII to Defendant in exchange for, amongst other things, the protection of their [] PII." *In re Whitworth*, 2024 WL 250783, at *2. These decisions are not outliers. Courts within this Circuit routinely hold that the mandatory receipt of PII—which ABC Legal does not dispute it required—establishes the recipient's assent to protect the PII. *Cal. Pizza Kitchen*, 2022 WL 16894503, at *4 ("[T]he mandatory receipt of PII implies the recipient's assent to protect the PII sufficiently."); *In re Ambry*, 567 F. Supp. 3d at 1144 (holding that the plaintiffs adequately alleged a breach of implied contract claim when they gave PII such as names, dates of birth, and Social Security numbers to the defendant in exchange for genetic testing).

**2.      Plaintiffs adequately allege consideration.**

Next, ABC Legal claims neither Plaintiffs nor ABC Legal provided adequate consideration for the parties' implied contract, but this is a one-dimensional argument that fails to consider all the facts at play.

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 12

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Plaintiffs adequately allege they provided consideration—they provided their PII and labor to ABC Legal to obtain employment, wages, and adequate data security. CAC ¶ 248. Plaintiffs conferred a monetary benefit unto ABC Legal insofar as, but for Plaintiffs providing their PII to ABC Legal and providing labor, ABC Legal would not have obtained revenue. *Id.* ¶¶ 4–5, 34–35. A portion of the revenue ABC Legal derived from the labor and PII of Plaintiffs and the putative Class should have been used to provide adequate data security. *Id.* ¶ 257. Yet, ABC Legal failed to secure Plaintiffs' and the putative Class's PII and enriched itself by not expending adequate funds on industry standard data security. *Id.* ¶ 33. These actions allowed cybercriminals to easily target and steal Plaintiffs' and the putative Class's PII. *Id.* ¶¶ 8–11. Accordingly, Plaintiffs allege sufficient consideration. *Cal. Pizza Kitchen, Inc.*, 2022 WL 16894503, at *5 (upholding breach of implied contract claim in employee data breach case under the same theory); *Medoff v. Minka Lighting, LLC*, No. 2:22-CV-08885-SVW-PVC, 2023 WL 4291973, at *11 (C.D. Cal. May 8, 2023) (same).

Plaintiffs adequately allege ABC Legal provided consideration. ABC Legal contends it did not provide consideration because ABC Legal was already under a preexisting legal obligation to protect Plaintiffs' and the putative Class's PII. Mot. 12–13. However, this argument ignores the *additional* pieces of consideration ABC Legal provided under the parties' implied contract. "Where an offeree is under a pre-existing duty created or imposed by law to do what he does, the offeree's performance will not suffice as consideration for a [] contract." *Multicare Med. Ctr. v. State, Dep't of Soc. & Health Servs.*, 114 Wn.2d 572, 585 (1990) (citing 17 C.J.S. Contracts § 111 (1963)) (superseded on other grounds by statute). "However, where the contract requires an *additional* obligation or burden not previously imposed by law, the contract is supported by consideration and is valid." *Id.* (emphasis added). As stated above, Plaintiffs

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 13

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

provided their PII and labor to ABC Legal in exchange for employment, wages, and adequate data security. In other words, ABC Legal's provision of adequate data security was just *one piece* of the consideration ABC Legal promised to provide under the parties' implied contract. ABC Legal *additionally* promised to provide employment and wages. Thus, these additional obligations suffice as consideration. *Medoff*, 2023 WL 4291973, at *11 (explaining that if "any" terms of the contract are supported by consideration, then so is "the contract as a whole," and no "particular promise" can "be singled out and deemed inoperative" due to lack of "special or particular consideration").

### 3. Plaintiffs allege cognizable damages.

Lastly, ABC Legal recycles its damages argument, asserting that Plaintiffs failed to allege cognizable damages traceable to ABC Legal's misconduct. ABC Legal's damages argument is unpersuasive in this context as well. As discussed above, the Consolidated Complaint adequately pleads a certainly impending injury as well as preventative economic injury, preventing dismissal of Plaintiffs' breach of implied contract claim.

### D. Plaintiff Sanchez States a Claim Under NY GBL.

ABC Legal seeks dismissal of the GBL § 349 claim, arguing Plaintiff Sanchez lacks a connection to New York. Mot. 14–15. ABC Legal is wrong. To state a claim under GBL § 349, a plaintiff need only allege a "nexus" with New York. *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 99 (2d Cir. 2023). The nexus requirement is satisfied when either (1) the transaction has occurred in New York, or (2) the plaintiff was deceived in New York. *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 122 (2d Cir. 2013). Plaintiff Sanchez satisfies both tests.

Plaintiff Sanchez is a New York resident and was employed by ABC Legal in New York. CAC ¶¶ 17, 51. As such, the transaction between Plaintiff Sanchez and ABC Legal occurred, at

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 14

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

least in part, in New York. *Mithani v. Lehman Bros., Inc.*, No. 01 Civ. 5927 (JSM), 2002 WL 14359, *1 (S.D.N.Y. Jan. 4, 2002) ("[T]he place where the job is to be performed constitutes the location of the work site.") (internal citations omitted); *MacNaughton*, 67 F.4th at 99 (nexus requirement satisfied when transaction occurs in New York). Further, Plaintiff Sanchez was exposed to ABC Legal's misrepresentations and omissions in New York. CAC ¶¶ 17, 51–52. Plaintiff therefore sufficiently pleads a nexus between ABC Legal's conduct and New York that falls within the "territorial reach" of GBL § 349. *Smallman*, 638 F. Supp. 3d at 1206 (denying the motion to dismiss because the "New York Plaintiff has adequately pled that the alleged deception took place in New York"). ABC Legal's sole contrary authority, *In re NCB Data Management Services, Inc. Data Breach Litigation*, 748 F. Supp. 3d 262 (E.D. Pa. 2024), is inapposite. In that case, the plaintiff lacked a nexus with New York because she had no "direct interaction" with the defendant and was not even aware of the defendant's existence. *Id.* at 290. By contrast here, Plaintiff Sanchez was employed by ABC Legal and provided his PII to Defendant in New York. CAC ¶ 51.

Similarly meritless is ABC Legal's argument that Plaintiff Sanchez fails to plead exposure to ABC Legal's deceptive representations. As alleged in the Consolidated Complaint, ABC Legal's deceptive acts include misrepresentations about the quality of its privacy measures, its ability to identify security risks, and its compliance with industry standard security measures. CAC ¶¶ 271–74, 277. ABC Legal made these deceptive representations publicly, including in its Privacy Policy. CAC ¶¶ 37–38. Plaintiff Sanchez was exposed to ABC Legal's representations. CAC ¶ 52 (Plaintiff Sanchez understood and expected ABC Legal would safeguard his PII). These allegations sufficiently plead exposure. *See Kane v. Univ. of Rochester*, 2024 WL 1178340, at *17 (W.D.N.Y. Mar. 19, 2024) ("[E]ven without [] an express allegation [that

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 15

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

plaintiffs reviewed a privacy policy], where a plaintiff describes in detail the allegedly misleading and deceptive statements, the reasonable inference to be drawn is that she saw the misleading statements . . . .") (internal quotation omitted). Moreover, it is axiomatic that Plaintiff Sanchez cannot plead exposure to an omission because the nature of an omission claim is that the defendant failed to disclose material information. *McCracken v. Verisma Sys., Inc.*, 131 F. Supp. 3d 38, 48 (W.D.N.Y. 2015) (a deceptive omission occurs where "the business alone possesses material information that is relevant to the consumer and fails to provide this information"). ABC Legal failed to disclose material information concerning its lack of adequate data security practices. CAC ¶¶ 273–74. Nothing further is required to plead an omission claim.

Finally, for the same reasons addressed above, Plaintiff Sanchez alleges cognizable damages. As a result of ABC Legal's conduct, Plaintiff Sanchez lost the benefit of his bargain, faces an increased risk of fraud, lost time and money, lost privacy, experienced emotional distress, and the value of his PII has diminished. CAC ¶¶ 58–63. These injuries are sufficient under GBL § 349. *Wallace v. Health Quest Sys., Inc.*, 2021 WL 1109727, at *6 (S.D.N.Y. Mar. 23, 2021) (sustaining the GBL § 349 claim because the alleged mitigation efforts and "plaintiffs' allegations that they were denied the benefit of the bargain for [defendant's] services are sufficient to plausibly plead damages resulting from [defendant's] allegedly deceptive practices.") (citing *In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 995–96 (N.D. Cal. 2016)); *Strong v. LifeStance Health Grp. Inc.*, 2025 WL 317552, at *9 (D. Ariz. Jan. 28, 2025) (lost benefit of the bargain alleges an injury under GBL § 349).

Again, ABC Legal's cited authorities are inapposite. First, *Shafran v. Harley-Davidson, Inc.*, 2008 WL 763177 (S.D.N.Y. Mar. 20, 2008), concerned a misplaced laptop, not stolen PII. *See also Anderson v. Hannaford Bros. Co.*, 659 F.3d 151, 166 n.11 (1st Cir. 2011) (data breach

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 16

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

case distinguishing *Shafran*). Similarly, *Lane v. Fein, Such & Crane, LLP*, 767 F. Supp. 2d 382 (E.D.N.Y. 2011), concerned debt collection practices, not a data breach. *Id.* at 384. Further, unlike in *Lane*, Plaintiffs here allege more than just emotional distress, and support their emotional distress allegations with sufficient facts. CAC ¶¶ 60, 63. Finally, in *Miller v. NextGen Healthcare, Inc.*, 742 F. Supp. 3d 1304 (N.D. Ga. 2024), the court failed to acknowledge the plethora of cases holding that damage allegations similar to those alleged here are sufficient at the pleadings stage. *Koeller v. Numrich Gun Parts Corp.*, 675 F. Supp. 3d 260, 270 (N.D.N.Y. 2023) ("For purposes of this motion to dismiss, plaintiffs' allegations are sufficient to demonstrate damages."); *Miller v. Syracuse Univ.*, 662 F. Supp. 3d 338, 361 (N.D.N.Y. 2023) (holding that plaintiffs sufficiently alleged damages, especially as "it is the movant's burden to show why dismissal is warranted on a 12(b)(6) motion") (quoting *Fero v. Excellus Health Plan, Inc.*, 236 F. Supp. 3d 735, 785–86 (W.D.N.Y. 2017)). As such, Plaintiff Sanchez states a claim for violation of GBL § 349.

### E.    Plaintiffs Sufficiently Allege a Violation of the OUTPA.

In seeking to dismiss Plaintiffs' OUTPA claim, ABC Legal entirely ignores the purpose of the OUTPA: to protect Oregon citizens from deceptive trade practices like those of ABC Legal. "The general policy of the [O]UTPA is to discourage deceptive trade practices and to provide a viable remedy for consumers who are damaged by such conduct." *Raudebaugh v. Action Pest Control, Inc.*, 59 Or. App. 166, 171 (1982). "It is unquestionable that Oregon has a significant interest in protecting its *citizens* from deceptive trade practices." *Parrott v. Carr Chevrolet, Inc.*, 331 Or. 537, 561 (2001). The OUTPA is to be "construed liberally to effectuate the legislature's intent . . . ." *State ex rel. Rosenblum v. Johnson & Johnson*, 275 Or. App. 23, 32

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 17

(2015) (internal citations omitted). ABC Legal fails to show Plaintiffs have not stated a claim under the OUTPA.

Plaintiffs Rinne and Bodtker have established a clear connection to Oregon. Both Plaintiffs are citizens of Oregon, provided their PII to ABC Legal as citizens of Oregon, and as such, received the untimely Notice Letter in Oregon. CAC ¶¶ 18–19, 42–43, 77–79, 89–91. The case ABC Legal cites, *Rosenblum*, 275 Or. App. 23, did not hold that a plaintiff *must* show the defendant targeted or failed to warn Oregon citizens to bring a OUTPA claim—it held only that such a connection satisfies the nexus requirement to Oregon. Here, Plaintiff's nexus to Oregon as citizens of the state satisfies the goal of the OUTPA of protecting Oregon citizens from deceptive trade practices.

Plaintiffs Rinne and Bodtker are also "consumers" for the purposes of the OUTPA. The OUTPA distinguishes between two types of transactions, consumer and commercial, limiting its applicability to the former. *Investigators, Inc. v. Harvey*, 53 Or. App. 586, 590 (1981) (finding the CPA does not regulate commercial transactions). Plaintiff Rinne provided her PII to ABC Legal as a condition of receiving services, and Bodtker as a condition of her employment with ABC Legal. CAC ¶¶ 77, 89. Neither Plaintiff Rinne nor Bodtker provided their PII to ABC Legal as part of a commercial transaction, and ABC Legal does not argue as much. Instead, Plaintiffs' provision of PII for services and for employment are consumer transactions the OUTPA is designed to protect. At a minimum, given Oregon's guidance that the OUTPA is to be "liberally construed," Plaintiffs have sufficiently pled they are "consumers." *See Rosenblum*, 275 Or. App. at 32.

ABC Legal again parrots its argument that Plaintiffs have not pled a cognizable injury. Plaintiffs have. CAC ¶¶ 76, 88, 101, 114, 126, 139, 151. Rinne spent 35 hours and Bodtker

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 18

"several hours a week" addressing the Data Breach—valuable time that could have been spent otherwise. *Id.* ¶¶ 84, 96. ABC Legal's argument is particularly unpersuasive in the context of the OUTPA, where "loss of the benefit-of-the bargain, money spent mitigating harms, diminished value of PII, and attempted identity theft" are sufficient injuries. *Smallman*, 638 F. Supp. 3d at 1208 (dismissing the OUTPA claim only to the extent it was based on a violation of the OCIPA). And unlike *Paul v. Providence Health Sys.-Oregon*, 237 Or. App. 584, 603 (2012), cited by ABC Legal, Plaintiffs here have pled ascertainable losses that have a "difference in value," including the "lost or diminished value" of PII. CAC ¶ 300. Therefore, Plaintiffs state a claim under the OUTPA.

## F.    Plaintiffs Adequately Allege Invasion of Privacy.

Washington recognizes a common law right of privacy and individuals may bring a cause of action for invasion of that right. *Reid v. Pierce Cnty.*, 136 Wn.2d 195, 206 (1998). "[I]nvasion of privacy action is primarily concerned with compensating for injured feelings or mental suffering." *Eastwood v. Cascade Broad. Co.*, 106 Wn.2d 466, 447 (1986). It can be committed in four ways: intrusion, disclosure, false light, and appropriation. *Id.* at 469.

As an initial matter, ABC Legal incorrectly assumes Plaintiff alleges intrusion upon seclusion only. Mot. 17. Plaintiffs did not limit their invasion of privacy claim to intrusion. Intrusion is a sub-type of invasion of privacy under Washington law, and just one of four routes for alleging the more general cause of action for invasion of privacy. *Eastwood*, 106 Wn.2d at 469. Plaintiffs here allege sufficient facts to support an invasion of privacy claim based on disclosure and intrusion.

### 1.    Disclosure of private facts.

Invasion of privacy by disclosure includes the following elements: (1) defendant

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 19

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

publicized a matter concerning the private life of another; and (2) the matter publicized would be highly offensive to a reasonable person. *Fisher v. State ex rel. Dep't of Health*, 125 Wn. App. 869, 879 (2005). Disclosure of private facts is not an intentional tort and requires no proof of intentionality. *Emeson v. Dep't of Corr.*, 194 Wn. App. 617, 638 (2016). The Washington Supreme Court has found that even a limited disclosure to a small group suffices when the nature of the material makes its disclosure highly offensive. *Reid*, 136 Wn.2d at 212 (reversing dismissal of invasion of privacy claim, explaining medical facts are personal and highly offensive if disclosed).

Here, Plaintiffs pleaded enough to suggest that ABC Legal at least unintentionally disclosed their information to cybercriminals. Plaintiffs allege ABC Legal disclosed Plaintiffs' PII by failing to reasonably and adequately secure it, thereby enabling its wrongful disclosure to cybercriminals. CAC ¶ 8. Following the theft, Plaintiffs believe their data was disclosed again, *i.e.*, published for sale on the dark web. *Id.* ¶¶ 63, 76, 88, 101, 114, 126, 139, 151. The information ABC Legal disclosed includes matters concerning the private lives of Plaintiffs, including the Social Security numbers of seven Plaintiffs, the health insurance information of three Plaintiffs, the dates of birth of two Plaintiffs, and the taxpayer ID number of one Plaintiff. *Id.* ¶¶ 53, 66, 79, 91, 104, 117, 129, 142. A reasonable person would find ABC Legal's failure to protect this sensitive information highly offensive. *Id.* ¶¶ 305–07.

**2.     Intrusion upon seclusion.**

Invasion of privacy through intrusion "consists of a deliberate intrusion, physical or otherwise, into a person's solitude, seclusion, or private affairs." *Fisher*, 125 Wn. App. 869 at 879. The intrusion must be "highly offensive to a reasonable person" and "something which the

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 20

general public would not be free to view." *Mark v. King Broad. Co.*, 27 Wn. App. 344, 355–56 (1980).

Plaintiffs allege ABC Legal intentionally misused their PII, resulting in its disclosure to unauthorized parties, and therefore ABC Legal intentionally intruded into Plaintiffs private affairs in a manner that is highly offensive and objectionable to an ordinary person. CAC ¶¶ 305–11. "Courts have refused to dismiss invasion of privacy claims at the motion to dismiss stage where, as here, a data breach involved medical information, because the disclosure of such information is more likely to constitute an 'egregious breach of the social norms' that is 'highly offensive.'" *In re Ambry*, 567 F. Supp. 3d at 1143 (collecting cases). Three Plaintiffs (Rinne, Vann, and Munger) allege that their health insurance information was accessed in the Data Breach. CAC ¶¶ 79, 129, 142. Additionally, where names, addresses, driver's license numbers, Social Security numbers, insurance policy numbers, and financial information were disclosed in a data breach, the District of Nevada upheld plaintiffs' intrusion upon seclusion claim. *Smith v. Findlay Auto., Inc.*, 2025 WL 973859, at *7 (D. Nev. Mar. 31, 2025) (Nevada's invasion of privacy claim based on intrusion upon seclusion also requires intentionality). ABC Legal claims that Plaintiffs fail to allege ABC Legal deliberately intruded Plaintiffs' private affairs, relying on caselaw from Arkansas and Georgia (Mot. 17–18), but courts in this circuit, discussed *supra,* have found similar allegations sufficient to state a claim for invasion of privacy via intrusion upon seclusion. Therefore, Plaintiffs have alleged facts sufficient to show ABC Legal invaded their privacy by means of disclosure of private facts and intrusion upon seclusion.

**G.    Plaintiffs Sufficiently Allege Compensable Injuries Under the CPA.**

ABC Legal's sole argument concerning Plaintiffs' CPA claim is that Plaintiffs failed to allege an injury to Plaintiffs' business and property. Mot. 19. However, the Washington Supreme

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 21

Court has clarified that an "[i]njury to property or business is broadly construed, and is not restricted to commercial or business injury." *Univ. of Wash. v. Gov't Emps. Ins. Co.*, 200 Wn. App. 455, 476 (2017); *see also Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 57 (2009) (holding that "[i]njury is distinct from damages . . . unquantifiable damages may suffice" and injuries such as lost time, out-of-pocket costs, and investigation expenses satisfy the CPA). A "minimal injury" is sufficient to satisfy an injury under the CPA, including "[c]osts incurred in investigating an unfair or deceptive act." *Gov't Emps. Ins. Co.*, 200 Wn. App. at 476.

Indeed, Washington courts have repeatedly found that similar allegations made by victims of data breaches satisfy the injury requirement of the CPA. *See Krefting v. Kaye-Smith Enters. Inc.*, 2023 WL 4846850, at *8 (W.D. Wash. July 28, 2023) (the plaintiffs' alleged injuries of identity theft, loss of control of personal information, and time spent investigating and mitigating the data breach satisfied the CPA); *Guy*, 2023 WL 4637318, at *8 ("Plaintiffs have alleged an injury from the lost value of the PII and this satisfies [] the CPA element."). Plaintiffs make similar injury allegations here. CAC ¶¶ 14, 58–63, 71–76, 84–88, 96–101, 109–14, 121–26, 134–39, 147–51, 156, 161, 164–65, 327. In a footnote, ABC Legal further argues that Plaintiffs' allegations of the lost value of PII is "conclusory." Mot. 19 n.7. But the mere fact that Plaintiffs do not allege the exact amount by which their PII diminished does not render the allegations conclusory. Indeed, Plaintiffs more than sufficiently alleged their information lost value. CAC ¶¶ 14, 61, 74, 86, 101, 114, 126, 139, 151, 152, 327. *See also Guy*, 2023 WL 4637318, *8 (holding that allegations similar to those made here concerning the diminished value of PII satisfied both Article III and the CPA).

ABC Legal also argues that Plaintiffs' injuries are not "established," but provides little rationale. Mot. 19. At best ABC Legal's complaint that Plaintiffs spent time mitigating the harms

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 22

of the data breach but do not allege "specific expenditures" is an argument that Plaintiffs' allege their damages without specificity. That argument has long been rejected. *Prudence Co. v. Fid. & Deposit Co. of Md.*, 297 U.S. 198, 207–08 (1936) (general damages do not need to be pled with specificity). ABC Legal cites *Nienaber v. Overlake Hospital Medical Center* in support, but *Nienaber* did not hold that plaintiffs must allege the exact amount of time or money spent. Indeed, *Nienaber* cites to *Guy*, where the court found allegations that a plaintiff spent "several hours" contesting fraudulent charges satisfied the CPA. *Nienaber*, 2025 WL 692097, at *15 (W.D. Wash. Mar. 4, 2025) (citing *Guy*, 2023 WL 4637318, *1, 8). *Guy* also held that allegations that PII is sold on the dark web satisfy the CPA. *Id.* at *23. Plaintiffs' make similar allegations concerning lost time and diminished value of their PII—CAC ¶¶ 58, 71, 84, 96, 109, 121, 134, 146, 156, 161—in addition to allegations of misuse and attempted misuse of their data, increased risk of harm, loss of privacy, loss of benefit of the bargain, emotional distress, mitigation costs, and other harms. Similarly, *Cousineau v. Microsoft Corp.*, 992 F. Supp. 2d 1116 (W.D. Wash. 2012), does not apply to this case. That case concerned cell site location data, not a data breach. The court held that dissemination of this data diminished the value of the phone. *Id.* at 1128. Here, Plaintiffs allege the data breach diminished the value of their PII. *See Guy*, 2023 WL 4637318, *1, *8.

**H.      Plaintiffs Have Standing to Seek Injunctive and Declaratory Relief.**

Plaintiffs have standing to seek declaratory and injunctive relief, as Plaintiffs' underlying causes of actions have been adequately pled. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1044 (9th Cir. 2010) (reversing dismissal of plaintiffs' request for declaratory relief where plaintiffs successfully pled a breach of contract claim). Plaintiffs "seek a declaration (i) that ABC Legal's existing security measures do not comply with its obligations and duties of

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 23

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

care to provide adequate security; and (ii) that to comply with its obligations and duties of care, Defendant must implement and maintain reasonable security measures . . . ." CAC ¶ 336. Plaintiffs seek injunctive relief requiring ABC Legal to "(i) strengthen its data security systems and monitoring procedures; (ii) submit to future annual audits of those systems and monitoring procedures; (iii) immediately provide adequate credit monitoring to all Class Members[;]"and (iv) "barring ABC Legal from disclosing their PII without their consent." *Id.* ¶¶ 266, 301.

All Plaintiffs have an *ongoing*, *actionable dispute* arising out of ABC Legal's inadequate security measures, as they have a continuing interest in ensuring their PII, which remains in ABC Legal's possession, is protected and safeguarded from future breaches. *Id.* ¶¶ 62, 75, 87, 100, 113, 125, 138, 150. Indeed, ABC Legal's Notice of the data breach does not claim to have remedied the vulnerabilities and negligent data security practices that led to the Data Breach. *Id.* ¶ 1 n.1. "[A] person exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent the harm from occurring, at least so long as the risk of harm is sufficiently imminent and substantial." *TransUnion*, 594 U.S. at 435. Recently, in *Gerber v. Twitter, Inc.*, 2024 WL 5173313 (N.D. Cal. Dec. 18, 2024), the court refused to dismiss plaintiffs' declaratory judgment action when plaintiffs alleged defendant's "data security measures remain inadequate," and defendant "owes a legal duty to secure consumers' PII and to timely notify them of a data breach, and that it continues to breach that duty by failing to employ reasonable measures to secure consumers' PII." *Id.* at *11; *see also Baton*, 740 F. Supp. 3d 847, 913 (N.D. Cal. 2024) (request for injunctive relief proceeds where plaintiffs alleged defendant's "data-security measures remain inadequate" and plaintiffs "remain at imminent risk that further compromises of their personal information will occur in the future."); *In re Ambry*, 567 F. Supp. 3d at 1141 (same).

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 24

ABC Legal also mistakenly declares "Plaintiffs' request for injunctive and declaratory relief would not redress any purported injury that has already occurred as a result of the Cyberattack," (Mot. 21), although Plaintiffs seek credit monitoring now to address the injury that has already occurred—indeed, Plaintiffs face an imminent risk of identity theft and fraud for the rest of their lives arising from ABC Legal's failure to take adequate measures to protect Plaintiffs' data. *Id.* ¶¶ 13, 49, 164, 266.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court deny ABC Legal's Motion to Dismiss (ECF No. 18). In the event ABC Legal's Motion to Dismiss is granted in whole or in part, Plaintiffs request leave to amend.

I certify that this memorandum contains 7,219 words, in compliance with the Local Civil Rules.

DATED this 9th day of May, 2025.

TOUSLEY BRAIN STEPHENS PLLC


By: s/Kaleigh N. Boyd
Kaleigh N. Boyd, WSBA #52684
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: (206) 682-5600
E: kboyd@tousley.com

Raina Borrelli (admitted *pro hac vice*)
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
E: raina@straussborrelli.com

Nickolas J. Hagman (admitted *pro hac vice*)

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 25

**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, Illinois 60603
Telephone: (312) 782-4880
Facsimile: (312) 782-4485
E: nhagman@caffertyclobes.com

Kennedy M. Brian (admitted *pro hac vice*)
**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
E: kpb@federmanlaw.com

*Interim Co-Lead Class Counsel for Plaintiffs and the Putative Class*

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS - 26

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992