The Honorable Jamal N. Whitehead

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE: ABC LEGAL SERVICES DATA SECURITY LITIGATION<br><br>This Document Relates To: All Actions | Master File No. 2:24-cv-02092<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>**NOTE ON MOTION CALENDAR: NOVEMBER 10, 2025**<br><br>**ORAL ARGUMENT REQUESTED** |

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS - i

OGDEN MURPHY WALLACE, P.L.L.C.
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
TEL: 206-447-7000/FAX: 206-447-0215

4898-1764-4409, v. 2
{JDL4898-1764-4409;2/12896.000001/}

# I.    ARGUMENT[1]

## A.    COA 1: The Negligence Claim Fails for Lack of Injury and Damages.

Plaintiffs argue that their conclusory allegations suffice to state a claim for negligence. (Dkt. 21, pp. 5-7.) Not so. As an initial matter, Plaintiffs do not meaningfully contest that hypothetical future injuries are insufficient. Nor could they. "The mere danger of future harm, unaccompanied by present damage"—which Plaintiffs do not allege here—"will not support a negligence action." *Leonard v. McMenamins, Inc.*, No. C22-0094-KKE, 2024 WL 4188974, at *6 (W.D. Wash. Sept. 13, 2024).

Nevertheless, Plaintiffs argue that they pled a present injury and damages by virtue of alleging that "their PII was stolen from ABC Legal's network by unauthorized actors," which they unceremoniously conclude cures the defect with their unsupported claims of emotional distress and lost time. (Dkt. 21, p. 6.) In making this argument, Plaintiffs rely entirely on *Nunley v. Chelan-Douglas Health District*, while disregarding *Nienaber v. Overlake Hospital Medical Center*. But *Nunley* is distinguishable. There, the plaintiffs alleged "that their identity has been stolen and as a result they have suffered harm." *Nunley*, 558 P.3d 513, 522-23 (Wash. App. 2024). In other words, they pled a present injury. Although not a data-breach case, *Nienaber* is on point because the court analyzed the types of allegations sufficient for injury and damages under Washington law. *Nienaber*, No. 23-cv-01159, 2025 WL 692097, at *7-8 (W.D. Wash., Mar. 4, 2025). Moreover, the *Nienaber* court *agreed* with *Nunley*; the opinions are not inconsistent. The different outcomes in the cases highlight the defect in the Complaint here. In *Nunley*, the factual allegations supported present injuries that Washington courts

---

[1]    Capitalized terms not otherwise defined herein have the meaning ascribed to them in Defendant's Motion to Dismiss, which is referred to and cited herein as the "Motion." Plaintiffs' opposition to the Motion is referred to and cited herein as the "Opposition."

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS - 1

OGDEN MURPHY WALLACE, P.L.L.C.
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
TEL: 206-447-7000/FAX: 206-447-0215

4898-1764-4409, v. 2
{JDL4898-1764-4409;2/12896.000001/}

have traditionally accepted as sufficient to state a claim for negligence: actual identity theft. *Id*. at *8;[2] *see also Barnes v. Key Tronic Corp.*, No. 2:25-CV-0081-TOR, 2025 WL 2406742, at *3 (E.D. Wash. Aug. 19, 2025) (distinguishing *Nunley* and dismissing negligence claim where the plaintiffs did not allege actual misuse of personal information). In contrast, here Plaintiffs have alleged no such facts or identity theft, direct financial harm, monetary loss, or actual theft of PII. As such, they have not alleged the injury and damages element of their claim.

**B.    COA 2: The Unjust Enrichment Claim Fails for Numerous Reasons.**

The unjust enrichment claim is (1) duplicative of Plaintiffs' other claims; (2) fails to allege any enrichment, much less unjust enrichment; and (3) does not identify any tangible economic loss, as required under Washington law. (Dkt. 18, pp. 6-8.) Plaintiffs fail to rebut any of these points.

On point one, Plaintiffs fail to explain how the unjust enrichment claim is not a simple repackaging of same theories of harm in their tort and contract causes of action, and the one case they cite—*Vance v. Amazon.com Inc.*, 534 F. Supp. 3d 1314 (W.D. Wash. 2021)—is neither analogous nor persuasive because it dealt with a statutory claim arising under Illinois law.

On point two, Plaintiffs argue, in conclusory fashion, that they conferred a benefit on ABC Legal in the form of PII. (Dkt. 21, p. 8.) But PII does not have independent value, and the mere provision of it is not itself a form of benefit for purposes of an unjust enrichment claim. *See Bracy v. Americold Logistics, LLC*, 23-CV-5735, 2025 WL 552676, at *5 (N.D. Ga. Feb. 19, 2025) (collecting cases). In *Bracy*, the court dismissed an unjust enrichment claim by employees making similar allegations, holding that "the Plaintiffs here do not explain how the Defendant benefitted by having the Plaintiffs'

---

[2] One of the plaintiffs in *Nunley* pled that her Social Security number was found on the dark web and that an unauthorized business license had been opened in her name. *Id.* (citing *Nunley*).

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS - 2

OGDEN MURPHY WALLACE, P.L.L.C.
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
TEL: 206-447-7000/FAX: 206-447-0215

private information." *Id.*[3] The same is true here. Plaintiffs fail to allege facts or otherwise explain how they conferred any "benefit" on ABC Legal by providing their PII.

On point three, Plaintiffs argue that ABC Legal was unjustly enriched by "increasing its own profits . . . by utilizing cheaper and ineffective security measures." (Dkt. 21, p 9.) As the court in *Barnes* recognized, "the argument that [a defendant] could have invested in better security but chose not to as a way to save money falls short because it lacks a tangible economic benefit retained at [the plaintiff's] expense." *Barnes*, 2025 WL 2406742, at *6.

## C. COA 3: The Breach-of-Implied-Contract Claim Fails for Two Reasons.

Plaintiffs fail to plead the existence of an implied contract and damages. (Dkt. 18, pp. 9-14.) In the Opposition, Plaintiffs argue that "through the course of the parties' conduct, ABC Legal, Plaintiffs, and the putative Class entered into implied contracts in which ABC Legal agreed to implement adequate data security . . . ." (Dkt. 21, p. 10). That conclusory argument goes nowhere.

**No mutual assent**. Plaintiffs fail to cite any allegation of conduct by ABC Legal from which the Court could infer an intent to be bound. Compounding this failure, Plaintiffs ignore Washington's "objective manifestation" test for determining whether a mutual intention to contract exists. *Keystone Land & Dev. Co. v. Xerox Corp.*, 94 P.3d 945, 949 (Wash. 2004). The law is clear that "for a contract to form, the parties must objectively manifest their mutual assent," and this assent must be to sufficiently definite terms. *Id.* Despite that, Plaintiffs do not identify any "objective manifestation" of mutual assent. Nor do they identify any terms of the alleged contract to which ABC Legal agreed. If a term is so

---

[3] The closest the *Bracy* plaintiffs came was the allegation that the defendant "derives value from this information because it allows Defendant to operate its business and generate revenue," which the court held was "too conclusory to plausibly state that the Plaintiffs conferred a benefit." *Id.* (citing *Johnson v. Nice Pak Prods., Inc.*, 736 F. Supp. 3d 639, 652 (S.D. Ind. June 5, 2024) ("Plaintiffs have not alleged that Defendants benefited from the PII information other than as incidental to benefitting from Plaintiffs' compensated labor.")).

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS - 3

OGDEN MURPHY WALLACE, P.L.L.C.
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
TEL: 206-447-7000/FAX: 206-447-0215

"indefinite that a court cannot decide just what it means, and fix exactly the legal liability of the parties," an agreement does not exist. *Sandeman v. Sayres*, 314 P.2d 428, 429 (Wash. 1957). Even if Plaintiffs had a subjective expectation of data-security protections, "the law of contracts is not concerned with the parties' undisclosed intents and ideas." *Novak v. Seiko Corp.*, 37 F. App'x 239, 243 (9th Cir. 2002). Plaintiffs fail to plead objective manifestations of assent—by either party—on concrete terms.

Plaintiffs cite irrelevant cases decided under California and Nevada law—without noting that neither jurisdiction has adopted Washington's "objective manifestation" standard. (Dkt. 21, p. 12.) Plaintiffs also cite *In re Whitworth University Data Breach* for the proposition that "a meeting of the minds occur[s] when Plaintiffs and the putative Class agreed to and did provide their [] PII to Defendant in exchange for, amongst other things, the protection of their [] PII." (Dkt. 21, p. 12 (citing *Whitworth*, No. 23-CV-00179, 2024 WL 250783, at *2 (E.D. Wash. Jan. 23, 2024)).) But the quoted sentence is not a holding—it is the court's summary of the plaintiff's allegations—and the court did not otherwise address the requirement of mutual assent in any meaningful way, rendering it unpersuasive.

**No consideration.** Plaintiffs' attempt to show consideration fares no better. Plaintiffs argue (at 13) that they provided "PII and labor" as consideration for the purported contract. But Plaintiffs—as employees—plainly exchanged labor for wages,[4] and they pled no facts, and give no reason to infer, that they provided labor in exchange for a contract to protect their personal data. And, as set forth in the Motion (at 12), the provision of PII itself does not constitute consideration for purposes of a contract. *Hall v. Centerspace, LP*, No. 22-cv-2028, 2023 WL 3435100, at *6 (D. Minn. May 12, 2023) (dismissing unjust-enrichment claim where plaintiff did "not identify a benefit plausibly conferred upon [defendant] through the provision of PII"). Plaintiffs thus failed to allege they provided consideration.

---

[4] Two Plaintiffs alleged that they "received services" from ABC Legal but fail to identify those "services," much less allege any fact showing payment for them.

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS - 4

OGDEN MURPHY WALLACE, P.L.L.C.
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
TEL: 206-447-7000/FAX: 206-447-0215

4898-1764-4409, v. 2
{JDL4898-1764-4409;2/12896.000001/}

Plaintiffs' argument that ABC Legal provided consideration also misses the mark. (Dkt. 21, pp. 13-14). Plaintiffs do not dispute that they've alleged ABC Legal had a preexisting duty to protect PII; instead, they argue that ABC Legal provided "*additional* pieces of consideration" to support an implied contract. (*Id.* p. 13.) Though their argument is opaque, Plaintiffs appear to assert that the additional consideration ABC Legal supposedly provided was "employment and wages." (*Id.* p. 14.) That fails. Any contention that a business offers employment as consideration for turning a preexisting legal duty to protect employee data into an enforceable contract makes no sense; no logical connection between the two exists. And setting aside the commonsense point that an employer provides employment in exchange for labor—not as consideration for a data-security contract—Plaintiffs pled no facts to support an inference that ABC Legal employed them in order to persuade them to give it their PII.

**No damages.** Plaintiffs cite no allegation of cognizable contract damages. Instead, they reiterate their argument that the damages they pled for negligence are enough. (Dkt. 21, p. 14.) But that argument ignores the distinction between tort and contract damages, which are fundamentally different, such that even had Plaintiffs pled the former, that does not mean they pled the latter.

## D.   COA 4: Plaintiff Sanchez's NY GBL Claim Fails for Numerous Reasons.

Sanchez fails to state a claim for violation of the NY GBL because he cannot plead the essential nexus to New York, deceptive conduct, or damages. (Dkt. 18, pp. 14-15.) In an attempt to overcome those defects, Plaintiffs try to rewrite their Complaint by adding to or twisting their allegations. (Dkt. 21, pp. 14-17.) Their arguments have no merit and should be rejected.

Plaintiffs argue they pled a nexus to New York by alleging that Sanchez was (1) employed by ABC Legal in New York and (2) exposed to its purported representations regarding its data-security practices there. (Dkt. 21, pp. 14-15.) Neither allegation exists in the Complaint. The sole connection to

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS - 5

OGDEN MURPHY WALLACE, P.L.L.C.
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
TEL: 206-447-7000/FAX: 206-447-0215

4898-1764-4409, v. 2
{JDL4898-1764-4409;2/12896.000001/}

New York pled in the Complaint is Sanchez's residency there. (*See* Dkt. 16, ¶ 17.) That is not enough. The "bare fact" that a plaintiff is a resident of New York "is insufficient to state a claim," warranting dismissal of a NY GBL claim. *In re MOVEit Customer Data Sec. Breach Litig.*, No. 23-MD-3083, 2025 WL 2179475, at *46 (D. Mass. July 31, 2025). That principle is dispositive here.

The NY GBL claim also should be dismissed for the failure to properly plead deceptive conduct. Here, not only does Sanchez fail to plead that he saw ABC Legal's purported representations in New York, he fails to plead he saw them *at all*. This too is fatal. *Id.* at *45. In the Opposition, Sanchez argues he was "exposed" to ABC Legal's representations. (Dkt. 21, p. 21.) Again, no such allegation exists in the Complaint. Plaintiffs suggest that "ABC Legal made these deceptive representations publicly" and, as such, that this Court should assume they were seen by Sanchez. (*Id.* p. 15.) This is contrary to New York law. A plaintiff cannot state a NY GBL claim if "the complaint fails to allege that [she] . . . ever saw the allegedly deceptive representations that purportedly harmed them." *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co.*, 100 N.Y.S.3d 227, 229 (N.Y. App. Div. 2019). Thus, "[t]o establish the requisite causal connection between an alleged . . . misrepresentation and the resulting injury, [a] plaintiff must plausibly allege that she *actually viewed* the misleading statement prior to making her decision to purchase, and must set forth where, when and how she came to view it." *In re GEICO Customer Data Breach Litig.*, No. 21-cv-02210, 2023 WL 4778646, at *17 (E.D.N.Y. July 21, 2023) (emphasis added). Sanchez fails to plead he actually viewed anything.

Plaintiffs wrongly argue (at 16) that their allegations of omissions by ABC Legal excuse their pleading deficiencies. The allegations of purported omissions by ABC Legal are conclusory. (*See* Dkt. 16, ¶¶ 273-74.) The *MOVEit* court dismissed NY GBL claims containing nearly identical language. *See MOVEit*, 2025 WL 2179475 at *46 (allegations that defendants engaged in unfair or deceptive practices by "[o]mitting, suppressing, and concealing the material fact that they did not comply with

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS - 6

OGDEN MURPHY WALLACE, P.L.L.C.
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
TEL: 206-447-7000/FAX: 206-447-0215

4898-1764-4409, v. 2
{JDL4898-1764-4409;2/12896.000001/}

common law and statutory duties pertaining to the security and privacy of [plaintiffs' PII]" were insufficient to state a claim). Like the plaintiffs in *MOVEit*, Sanchez fails to state a claim for violation of the NY GBL.

Finally, as set forth in the Motion and above, Sanchez has not pled an injury sufficient to support damages. He pleads only generic injuries that are not compensable. This too is fatal.

**E.     COA 5: The OUTPA Claim Fails for Numerous Reasons.**

The OUTPA claim should be dismissed for lack of a jurisdictional nexus and because Rinne and Bodtker are not "consumers" under the statute. (Dkt. 18, pp. 15-17.) They argue, without legal support, that they met the statutory requirements. (Dkt. 21, pp. 17-19.) None exists, and their argument fails.

First, Rinne and Bodtker fail to plead facts showing a link between Oregon and the conduct at issue in the Complaint. (Dkt. 18, p. 16.) Here too, Plaintiffs do not dispute that a nexus to Oregon is required; they summarily contend that they satisfied it. (*Id.* p. 18.) And they dismiss *State ex. rel. Rosenblum v. Johnson & Johnson*, 275 Or. App. 23 (2015), because, according to them, that case does not prescribe limitations for establishing a nexus to the state. (*Id.*) But Plaintiffs pled *no* connection to Oregon beyond mere residency. They cite no authority to support the contention that residency alone is sufficient. Instead, they rely on cases describing the general goals of the OUTPA. (Dkt. 21, p. 17) (citing *Raudebaugh v. Action Pest Control, Inc.*, 59 Or. App. 166 (1982), and *Parrott v. Carr Chevrolet, Inc.*, 331 Or. 537 (2001)). But *Raudebaugh* does not address the nexus requirement. And although *Parrott* observed that Oregon has an interest in protecting its citizens, "Oregon's interests were implicated" in that case because the plaintiff "proved that the defendant willfully engaged in deceptive business practices *in Oregon*." *Parrott*, 331 Or. at 531 (emphasis added). Plaintiffs do not allege that ABC Legal's challenged conduct occurred in Oregon or that ABC Legal targeted Oregon consumers.

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS - 7

OGDEN MURPHY WALLACE, P.L.L.C.
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
TEL: 206-447-7000/FAX: 206-447-0215

4898-1764-4409, v. 2
{JDL4898-1764-4409;2/12896.000001/}

Second, neither Rinne nor Bodtker have alleged that they are "consumers." (Dkt. 18, p. 16.) Plaintiffs admit that the OUTPA applies only to consumer transactions, but they postulate that because any transaction between Rinne or Bodtker and ABC Legal was not a *commercial* transaction, it necessarily must be a *consumer* transaction. (Dkt. 21, p. 18.) They cite no authority to support this theory. Nor could they, because it is wrong. Under the OUTPA, a "consumer transaction" is "a transaction for goods or services customarily purchased by a substantial number of people for personal, family, or household use." *Fowler v. Cooley*, 245 P.3d 155, 159 (Or. App. 2010). Neither Rinne nor Bodtker alleges that they entered into a transaction with ABC Legal for goods or services that meet that definition. And they make no effort to explain how the services that ABC Legal provides—which they allege (at ¶ 30) are "legal solutions such as service of process, e-filing, skip tracing, appearance counsel, and venue selection"—fall under OUTPA's definition of a "consumer transaction."

Finally, Plaintiffs failed to plead an "ascertainable loss." (Dkt. 18, p. 17.) In the Opposition, Plaintiffs argue that "'loss of the benefit-of-the bargain, money spent mitigating harms, diminished value of PII, and attempted identity theft'" are sufficient to constitute "ascertainable loss." (Dkt. 21, p. 19 (quoting *Smallman*, 638 F. Supp. 3d at 1208).) But that quote from *Smallman* is a summary of the plaintiff's allegations in that case—not a holding on the sufficiency of those allegations. *See Smallman*, 638 F. Supp. 3d at 1208. Indeed, there is no indication in *Smallman* that the defendant there even challenged the "ascertainable loss" element of the claim; thus, the court had no occasion to decide it.

### F.      COA 6: The Invasion of Privacy Claim Fails as a Matter of Law Under Any Theory.

The invasion-of-privacy claim fails regardless of the theory upon which it is based.

**No intrusion upon seclusion.** Plaintiffs do not meaningfully dispute that they failed to allege the requisite "deliberate" intrusion. Instead, they claim that "ABC Legal intentionally misused their PII, resulting in its disclosure . . . ." (Dkt. 21, p. 21.) Essentially, Plaintiffs argue that they do not need to

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS - 8

OGDEN MURPHY WALLACE, P.L.L.C.
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
TEL: 206-447-7000/FAX: 206-447-0215

4898-1764-4409, v. 2
{JDL4898-1764-4409;2/12896.000001/}

allege an intrusion *at all*—which is plainly contrary to Washington law (and common sense). An intrusion is vital—indeed, the crux of—the claim. What's more, "the intruder must have acted deliberately to achieve the result, *with the certain belief that the result would happen*." *Fisher v. State ex rel. Dept. of Health*, 125 Wash. App. 869 (2005). Plaintiffs fail to allege the required intentionality.

**No public disclosure of private facts.** Plaintiffs try to salvage their claim by pivoting to a different theory of invasion of privacy: public disclosure of private facts, which they argue does not require intent. (Dkt. 21, pp. 19-20.) To state a claim under that theory, a plaintiff must allege that the defendant (1) publicized a matter concerning the private life of another; and (2) the matter publicized would be highly offensive to a reasonable person. *Fisher v. State ex. rel. Dep't of Health*, 106 P.3d 836, 841 (Wash. App. 2005). Plaintiffs gloss over the crux of this claim too—*publicity*. They cite *Reid v. Pierce County* for the proposition that "even a limited disclosure to a small group suffices when the nature of the material makes its disclosure highly offensive." (Dkt. 21, p. 20.) In *Reid*, the plaintiffs alleged that the defendant "appropriated autopsy photographs of corpses, showing them at cocktail parties and using them to create personal scrapbooks." 961 P.2d 333, 335 (Wash. 1998). The facts of that case—where the defendant purposely shared in a social setting photographs of the dead bodies of plaintiffs' relatives—are dramatically distinguishable, and Plaintiffs wisely do not try to argue that the circumstances and basic PII at issue here are in any way analogous or similarly objectionable.

Even if not for that, the court in *Reid* did not address the size of the group necessary to qualify as "publicity." The Restatement of Torts does though: "'Publicity' . . . means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." Restatement (Second) of Torts § 652D, at 383 (1977); *see also Emeson v. Dep't of Corr.*, 194 Wash. App. 61, 638 (2016) (same). And even if the publicity element could be satisfied by a disclosure to a small group, Plaintiffs have not alleged a

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS - 9

OGDEN MURPHY WALLACE, P.L.L.C.
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
TEL: 206-447-7000/FAX: 206-447-0215

4898-1764-4409, v. 2
{JDL4898-1764-4409;2/12896.000001/}

disclosure by ABC Legal to anyone other than the hacker(s)—which does not even satisfy Plaintiffs' "small group" standard. Whatever the hacker(s) thereafter may have done with the information after it was stolen cannot be imputed to ABC Legal. For this reason too, Plaintiffs have not alleged "publicity."

## G.    COA 7: Plaintiffs' CPA Claim Fails to Allege Injury.

Plaintiffs have not pleaded an injury to their business or property that is cognizable under the CPA. (Dkt. 18, pp. 18-20.) Plaintiffs argue that the injuries pleaded in the Complaint—namely, lost time, emotional distress, loss of the benefit of the bargain, heightened risk of fraud and identity theft, and spam—suffice to allege injury for purposes of the CPA. (Dkt. 21, pp. 21-23.) Not so.

Plaintiffs cite *Krefting v. Kaye-Smith Enterprises Inc.* and *Guy v. Convergent Outsourcing, Inc.* ostensibly as support for the argument that "Washington courts have repeatedly found that similar allegations made by victims of data breaches satisfy the injury requirement of the CPA." (Dkt. 21, p. 22.) But those cases underscore the faults in the Complaint. In *Krefting*, the plaintiff pled that he "discovered a credit account fraudulently opened using his personal information." No. C23-0220JNW, 2023 WL 4846850, at *3, (W.D. Wash. July 28, 2023). And in *Guy*, the plaintiffs alleged that their personal information was "now available for sale on the 'Dark Web'." No. C22-1558MJP, 2023 WL 4637318, at *1 (W.D. Wash. July 20, 2023). Plaintiffs here make no such allegation, and allege no facts to support the conclusion that their information is or will end up on the dark web. (*See* Dkt. 16, ¶ 63.)

At most, Plaintiffs allege personal injuries that are not compensable under the CPA. *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp*, 858 P.2d 1054, 1064 (Wash. 1993). And, as set forth in the Motion (at 19 n.7), Plaintiffs' allegations regarding "diminution in value" of PII are not viable because that theory requires Plaintiffs allege "(1) the existence of a market for [their PII], and (2) an impairment of [their] ability to participate in that market," *Leonard*, 2024 WL 4188974, at *8 (citing

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS - 10

OGDEN MURPHY WALLACE, P.L.L.C.
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
TEL: 206-447-7000/FAX: 206-447-0215

4898-1764-4409, v. 2
{JDL4898-1764-4409;2/12896.000001/}

*Griffey v. Magellan Health Inc.*, 562 F. Supp. 3d 34, 46 (D. Ariz. 2021))—which they have not done. Thus, Plaintiffs have not alleged a cognizable injury under the CPA.

**H.     COA 8: Plaintiffs Lack Standing to Seek Injunctive and Declaratory Relief.**

Plaintiffs fail to allege any actual, imminent, or certainly impending injury and, as a consequence, they lack standing to seek injunctive and declaratory relief. (Dkt. 18, pp. 20-22.) Plaintiffs argue that they have standing to pursue injunctive and declaratory relief because they have a "continuing interest in ensuring their PII, which remains in ABC Legal's possession, is protected and safeguarded from future breaches." (Dkt. 21, p. 24.) That argument falls short.

In the data-breach context, it's widely accepted that in order to establish standing for prospective relief, a plaintiff must allege facts showing that the defendant is at risk of a second cyberattack. *See, e.g.*, *Jenkins v. Associated Wholesale Grocers, Inc.*, No. 24-4039-DDC-GEB, 2025 WL 708574, at *14 (D. Kan. Mar. 5, 2025) (noting that "if the court concluded these allegations sufficed to establish an imminent risk of future injury—virtually every company and government agency might be exposed to requests for injunctive relief like the one the plaintiffs seek here" (internal quotations omitted)); *In re Progressive Leasing Breach Litig.*, No. 2:23-CV-00783-DBB-CMR, 2025 WL 213744, at *14 (D. Utah Jan. 16, 2025) (dismissing claims for injunctive and declaratory relief for lack of standing); *Rodriguez v. CRG Lynwood LLC*, No. 24-11576, 2025 WL 2700614, at *6 (E.D. Mich. Sept. 22, 2025) (dismissing claim for forward-looking relief because "mere possibility" defendant "might suffer a data breach in the future . . . does not confer standing"); *Hemphill v. Horne, LLP*, No. 24-178, 2025 WL 837007, at *9-10 (S.D. Miss. Mar. 10, 2025) ("So is one past data breach—combined with cybercriminals' unquenchable thirst for personal data—sufficiently predictive of another data breach in [the] near future? No."); *Duffy v. Lewis Bros. Bakeries, Inc.*, 760 F. Supp. 3d 704, 716-17 (S.D. Ind. 2024) (same);

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS - 11

OGDEN MURPHY WALLACE, P.L.L.C.
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
TEL: 206-447-7000/FAX: 206-447-0215

4898-1764-4409, v. 2
{JDL4898-1764-4409;2/12896.000001/}

*Hall*, 2023 WL 3435100 at *4 (no standing for injunctive relief because complaint failed to "indicate a second data breach is certainly impending, or even that there is a substantial risk one will occur").

The same result is warranted here. Plaintiffs' Complaint is devoid of factual allegations that another security incident is currently impending or there is a substantial risk that one will occur. To be sure, Plaintiffs plead no facts regarding ABC Legal's current data-security policies or procedures or any other fact necessary to support a risk of harm that is imminent or real. Consequently, they lack standing to seek prospective relief, and their claim must be dismissed.

## II.    CONCLUSION

For the foregoing reasons, ABC Legal requests that the Court (A) grant its Motion; (B) dismiss the Complaint in its entirety; and (C) award ABC Legal such other and further relief as is appropriate.

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS - 12

4898-1764-4409, v. 2
{JDL4898-1764-4409;2/12896.000001/}

RESPECTFULLY SUBMITTED this 10th day of November 2025.

OGDEN MURPHY WALLACE, P.L.L.C.


By   *s/ J. Derek Little*
J. Derek Little, WSBA No. 40560
Ogden Murphy Wallace, PLLC
701 Fifth Ave., Ste. 5600
Seattle, WA 98104
Tel: (206) 447-7213 Fax: (206) 447-0215
Email: dlittle@omwlaw.com

Jennifer W. Torrez, *pro hac vice*
McDonald Hopkins LLC
300 North LaSalle Street, Suite 1400
Chicago, IL 60654
Tel: (312) 280-0111
jtorrez@mcdonaldhopkins.com

Christopher G. Dean, *pro hac vice* forthcoming
Sydney K. Bell, *pro hac vice*
McDonald Hopkins LLC
600 Superior Ave., Ste. 2100
Cleveland, OH 44114
Tel: (216) 348-5807
cdean@mcdonaldhopkins.com
sbell@mcdonaldhopkins.com


*Attorneys for Defendant ABC Legal Services, LLC*

I certify that this memorandum contains 4,036 words, in compliance with the Local Civil Rules.

.

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS - 13

OGDEN MURPHY WALLACE, P.L.L.C.
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
TEL: 206-447-7000/FAX: 206-447-0215

4898-1764-4409, v. 2
{JDL4898-1764-4409;2/12896.000001/}

**CERTIFICATE OF SERVICE**

I, Jacquelyn Taylor, affirm and state that I am employed by Ogden Murphy Wallace, P.L.L.C. in King County, in the State of Washington. I am over the age of 18 and not a party to the within action. My business address is 701 Fifth Ave., Suite 5600, Seattle, WA 98104. On this day, I caused the foregoing document to be filed with the Court and served on the party listed below in the manner indicated:

| | |
|---|---|
| Kaleigh N. Boyd (WSBA # 52684)<br>TOUSLEY BRAIN STEPHENS PLLC<br>1200 Fifth Avenue, Suite 1700<br>Seattle, WA 98101<br>Tel. (206) 682-5600<br>kboyd@tousley.com | ☐ Via U.S. Mail<br>☐ Via Hand Delivery<br>☒ Via Electronic Mail<br>☐ Via Overnight Mail<br>☒ CM/ECF via court's website |
| Raina Borrelli, *pro hac vice*<br>STRAUSS BORRELLI PLLC<br>980 N. Michigan Avenue, Suite 1610<br>Chicago, IL 60611<br>Tel. (872) 263-1100<br>raina@straussborrelli.com | ☐ Via U.S. Mail<br>☐ Via Hand Delivery<br>☒ Via Electronic Mail<br>☐ Via Overnight Mail<br>☒ CM/ECF via court's website |
| Nickolas J. Hagman, *pro hac vice*<br>CAFFERTY CLOBES MERIWETHER<br>& SPRENGEL LLP<br>135 S. LaSalle, Suite 3210<br>Chicago, Illinois 60603<br>Tel. (312) 782-4880<br>nhagman@caffertyclobes.com | ☐ Via U.S. Mail<br>☐ Via Hand Delivery<br>☒ Via Electronic Mail<br>☐ Via Overnight Mail<br>☒ CM/ECF via court's website |
| Kennedy M. Brian, *pro hac vice*<br>FEDERMAN & SHERWOOD<br>10205 North Pennsylvania Avenue<br>Oklahoma City, Oklahoma 73120<br>Tel. (405) 235-1560<br>kpb@federmanlaw.com<br>***Interim Co-Lead Class Counsel for Plaintiffs***<br>***and the Putative Class*** | ☐ Via U.S. Mail<br>☐ Via Hand Delivery<br>☒ Via Electronic Mail<br>☐ Via Overnight Mail<br>☒ CM/ECF via court's website |

I declare under penalty of perjury that the foregoing is true and correct.

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS - 14

OGDEN MURPHY WALLACE, P.L.L.C.
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
TEL: 206-447-7000/FAX: 206-447-0215

4898-1764-4409, v. 2
{JDL4898-1764-4409;2/12896.000001/}

Executed on this 10th day of November 2025, at Seattle, Washington.

_____
Jacquelyn Taylor, Legal Assistant
jtaylor@omwlaw.com

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS - 15

OGDEN MURPHY WALLACE, P.L.L.C.
701 5TH AVE, SUITE 5600
SEATTLE, WA 98104
TEL: 206-447-7000/FAX: 206-447-0215

4898-1764-4409, v. 2
{JDL4898-1764-4409;2/12896.000001/}