Judge Jamal N. Whitehead

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| IN RE: ABC LEGAL SERVICES DATA SECURITY LITIGATION | Master File No. 2:24-cv-02092 |
| | **JOINT STATUS REPORT AND DISCOVERY PLAN** |
| This Document Relates To: All Action | |

Plaintiffs Anthony Crowley, Steven Sanchez, Kaylee Rinne, Samantha Bodtker, Teresa Bushek, Jeff Hoffman, Craig Vann, and James Munger (collectively, "Plaintiffs"), individually and on behalf of all other similarly situated individuals, and Defendant ABC Legal Services, LLC (collectively, "the Parties") present this joint status report and discovery plan pursuant to FRCP 26(f), LCR 16(a) and LCR 26(f). The Parties conferred by video conference on November 19, 2025, about the topics recited in this report.

**1.      Nature and complexity of the case.**

**Plaintiffs:** This case arises out of a targeted cyber-attack that allowed a third-party to gain unauthorized access to computer systems housing sensitive data maintained by Defendant. Specifically, due to Defendant's negligence and failure to employ basic data security, Plaintiffs' and the Class's PII was accessed, viewed, and stolen by cybercriminals, resulting in the exposure of the private information of 39,965 individuals. The stolen files stolen contained names, Social Security numbers, driver's license numbers, government-issued ID numbers including passports

JOINT STATUS REPORT AND DISCOVERY PLAN – 1

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

and state ID cards, financial information including account numbers and credit or debit card numbers, health insurance information, and dates of birth. Plaintiffs have filed a Consolidated Class Action Complaint alleging the following claims for relief: (i) negligence; (ii) unjust enrichment; (iii) breach of implied contract; (iv) violation of New York General Business Law § 349; California's Unfair Competition Law; (v) violation of the Oregon Unlawful Trade Practice Act; (vi) invasion of privacy; (vii) violation of the Washington Consumer Protection Act, RCW 19.86; (viii) declaratory and injunctive relief.

**Defendant:** Plaintiffs' Consolidated Class Action Complaint (the "Complaint") fails to state a claim for relief and each of their eight (8) causes of action should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. First, Plaintiffs' negligence claim fails to allege the requisite elements of injury and damages: none of the Plaintiffs has experienced injury cognizable under Washington law. Second, their unjust enrichment claim fails to plead any benefit conferred or unjustly retained. Third, Plaintiffs' claim for breach of implied contract fails to plead contract formation and damages. Fourth, Plaintiffs cannot state a claim for violation of the New York General Business Law § 349 ("NY GBL") because they have not pleaded and cannot establish the required nexus to New York, any deceptive act by Defendant, or damages. Fifth, Plaintiffs' claim for violation of the Oregon Unlawful Trade Practice Act, Or. Rev. Stat. § 646.608(1), *et seq*. ("OUTPA") fails to plead any connection to Oregon, that Plaintiffs are "consumers" under the statute, and damages. Sixth, Plaintiffs have not stated a claim for invasion of privacy because they failed to plead that Defendant acted with the requisite intent for intrusion upon seclusion and further failed to plead the "publicity" element for public disclosure of private facts. Seventh, Plaintiffs have not stated a claim for violation of the Washington Consumer Protection Act, RCW 19.86.020 ("WCPA") because they failed to plead the requisite damages. And eighth, Plaintiffs' claim for injunctive and declaratory relief fails to allege the actual controversy necessary for Plaintiffs' standing to sue under the Declaratory Judgment Act. Defendant's position is set forth in further detail in its Motion to Dismiss (Dkt. 18) and its reply in support thereof (Dkt. 31).

JOINT STATUS REPORT AND DISCOVERY PLAN – 2

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

Moreover, Defendant denies any liability arising from the allegations of the Consolidated Class Action Complaint and denies Plaintiffs' factual allegations regarding Defendant's data security practices. Even assuming Plaintiffs' causes of action are properly pleaded, Plaintiffs cannot meet their burden of proof.

**2.      Consent to case assignment to magistrate judge.**

No, the Parties do not agree to assign this case to a magistrate judge.

**3.      Proposed deadline for the joining of additional parties.**

The Parties propose that all additional parties be joined by March 11, 2026, except as additional parties may be added subsequently upon motion with good cause showing why such additional parties could not have been joined earlier.

**4.      Proposed deadline for filing a Motion for Class Certification.**

The Parties propose the following schedule as it relates to class certification:

| | |
|---|---|
| Plaintiffs to identify class certification experts | August 17, 2026 |
| Plaintiffs to file motion for class certification | September 16, 2026 |
| Defendant to identify class certification experts | October 16, 2026 |
| Defendant to file response | December 16, 2026 |
| Plaintiff to file reply | January 18, 2027 |

**5.              Discovery plan.**

**a.   initial disclosures;**

The Parties served initial disclosures on December 1, 2025.

**b.   subjects, timing, and potential phasing of discovery;**

**Plaintiffs:** Plaintiffs intend to take discovery regarding the following: Defendant's data security practices, the cost to implement those data security practices, and the extent to which those security practices have changed since the Data Breach; the root cause(s) of the Data Breach; the number of individuals impacted by the Data Breach, including whether the an individual's data was exfiltrated, as well as a description of the categories of compromised PII for each

JOINT STATUS REPORT AND DISCOVERY PLAN – 3

individual; reports of data misuse or identity theft Class Members have experienced related to the Data Breach (including dark web activity and the alleged offer to sell data taken from Defendant); information about how Defendant came into possession of Class Members' data; contracts governing Defendant's collection, use, and storage of data concerning Class Members; and insurance policies under which an insurer may be liable to pay costs associated with the Data Breach, including indemnification arrangements with outside vendors or other third parties. Plaintiff believes discovery should be completed by 90 days prior to the date of trial, and that there is no good cause to delay the beginning of discovery or to order that discovery occur in phases.

Plaintiffs object to Defendant's informal request for a stay of discovery pending resolution of the motion to dismiss. "The Federal Rules of Civil Procedure 'do not provide an automatic stay of discovery if a motion to dismiss is filed: such motions are often unsuccessful and a stay could cause unnecessary and significant delays at the outset of the litigation.'" *T.S. v. Body Contour Ctrs., LLC*, No. 2:24-cv-01944-LK, 2025 U.S. Dist. LEXIS 78380, at *4 (W.D. Wash. Apr. 24, 2025) (citation omitted). There is no good cause to enter a stay here as the motion to dismiss is unlikely to be successful, and delaying discovery would prejudice Plaintiffs and the putative class. First, at least some of Plaintiffs' claims are likely to proceed past the motion to dismiss as data breach cases with similar facts routinely survive such challenges. *See, e.g. Guy v. Convergent Outsourcing, Inc.*, No. C22-1558 MJP, 2023 U.S. Dist. LEXIS 125332, at *31 (W.D. Wash. July 20, 2023); *In re MCG Health Data Sec. Issue Litig.*, No. 2:22-CV-849-RSM-DWC, 2023 U.S. Dist. LEXIS 74398, at *2 (W.D. Wash. Mar. 27, 2023). Second, Plaintiffs would be prejudiced by further delay of discovery in this case, which has been pending for nearly a year already. At minimum, Defendant should be required to file a formal motion to stay rather than seeking this relief informally via this report.

**Defendant:** Defendant's position is that discovery should not commence until the pending Motion to Dismiss is decided by the Court. Because a ruling on the Motion to Dismiss may narrow the scope of or moot discovery, Defendant does not believe that either party should incur the

JOINT STATUS REPORT AND DISCOVERY PLAN – 4

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

substantial costs associated with discovery at this time. This Court has broad authority to stay upon a showing of good cause. *See* Fed. R. Civ. P. 26(c); *see also Jensen v. Capital One Fin. Corp.*, No. , 2024 WL 4554408, at *1 (W.D. Wash. Oct. 23, 2024) (staying discovery where the defendant "presented multiple potential grounds for dismissing or narrowing the claims raised in the complaint" and where "the putative class include[d] tens of thousands or more people"). Good cause exists to commence discovery after resolution of Defendant's Motion to Dismiss. Here, Plaintiffs allege eight causes of action and Defendant has offered numerous bases for dismissal. Even if not granted in full, dismissal of any of Plaintiffs' claims will substantially narrow the scope of discovery. By way of example, Defendant argues that Plaintiffs' claims for violations of the New York General Business Law § 349 and the Oregon Unlawful Trade Practice Act should be dismissed for Plaintiffs' failure to allege the baseline jurisdictional nexus for those causes of action. Dismissal of those counts would eliminate Plaintiffs' two proposed subclasses and obviate the need for burdensome discovery. Stays have been granted under similar circumstances because "[a] stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Id*. (citation and internal quotation marks omitted). Defendant's proposal is intended to preserve the parties' respective resources, and no party will be prejudiced by waiting to commence discovery until the Motion to Dismiss is decided.

In the event the Court instructs the parties to engage in discovery prior to a decision on the Motion to Dismiss, Defendant anticipates seeking discovery regarding, among other things: Plaintiffs' allegations in the Consolidated Class Action Complaint; Plaintiffs' respective relationships and dealings with Defendant; Plaintiffs' alleged injuries and damages; Plaintiffs' attempts to mitigate their purported damages; and Plaintiffs' ability or inability to maintain this case as a class action.

  **c. electronically stored information;**

Both Parties believe that ESI will be involved in this case. The Parties will meet and confer regarding use of an ESI Agreement, which they will submit by December 12, 2025.

JOINT STATUS REPORT AND DISCOVERY PLAN – 5

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

**d.  privilege issues;**

The Parties are not aware of any privilege issues at this time and anticipate addressing privilege logging in conjunction with their execution of an ESI Agreement and/or proposed protective order.

**e.  proposed limitations on discovery; and**

At this time, the Parties do not see the need for any limitations on discovery beyond those established by the Federal Rules of Civil Procedure and the Local Rules.

**f.  the need for any discovery related orders.**

The parties will propose an agreed protective order and ESI Agreement appropriate to the specific needs of this case. Plaintiffs do not anticipate a need for additional discovery-related orders at this time.

**6.      Topics included in Fed. R. Civ. P. 26(f)(1).**

**a.  prompt case resolution;**

The Parties participated in the mediation before Rodney A. Max of Upchurch Whatson White and Max Mediation Group on September 25, 2025. While the mediation did not result in a settlement, the Parties will continue to discuss potential resolution, and they will jointly inform the Court if they are able to reach a settlement in principle. The Parties will work efficiently to resolve any disputed issues in this case and are unaware of any unique case management needed to achieve a prompt resolution.

**b.  alternative dispute resolution;**

The Parties are open to engaging in future alternative dispute resolution.

**c.  related cases;**

The Parties are unaware of any related cases.

**d.  discovery management;**

The Parties believe that discovery can be managed appropriately through compliance with the Federal Rules of Civil Procedure and Local Civil Rules.

JOINT STATUS REPORT AND DISCOVERY PLAN – 6

e.  **anticipated discovery sought;**

At this time, the Parties believe that they will pursue the discovery discussed in Section 5.

f.  **phasing motions;**

The Parties believe that the briefing for the motion to dismiss (which is pending) and for class certification should be completed before any further dispositive motion practice. Then, the Parties propose meeting and conferring following the Court's ruling on Plaintiffs' motion for class certification to propose a schedule for summary judgment, trial, and any remaining discovery.

g.  **preservation of discoverable information;**

The Parties have discussed their preservation obligations and will continue to meet and confer over the scope and terms of stipulations for a protective order and protocol for the production of ESI. The Parties do not anticipate any unique needs for this case concerning preservation of discoverable information.

h.  **privilege issues;**

The Parties are not aware of any privilege issues at this time and anticipate addressing privilege logging in conjunction with their execution of an ESI Agreement and/or proposed protective order.

i.  **Model Protocol for Discovery of ESI; and**

Both Parties believe that ESI will be involved in this case. The Parties will meet and confer regarding use of the Model ESI Agreement and Plaintiff's proposed modifications.

j.  **alternatives to the Model Protocol.**

The Parties anticipate they will be able to agree to a form stipulated protective order and ESI agreement closely resembling this Court's model forms and will present a proposed order as soon as practicable.

**7.    The date by which discovery can be completed.**

The Parties anticipate that fact and class certification expert discovery can be completed by 90 days prior to trial. However, the Parties will complete most of the discovery that they need

JOIN STATUS REPORT AND DISCOVERY PLAN – 7

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

prior to the deadline by which Plaintiffs' motion for class certification is due, September 16, 2026. Following the Court's ruling on class certification, to the extent that additional discovery is needed, the Parties will meet and confer. Accordingly, the Parties believe that deadlines for merits expert discovery should be reserved for a later date.

**8.      Whether this case should be bifurcated.**

The Parties do not believe that the case should be bifurcated.

**9.      Whether the pretrial statements and pretrial order should be dispensed with in whole or in part for the sake of economy.**

The Parties believe that this issue should be reserved and decided at a later date.

**10.      Whether the parties intend to utilize the Individualized Trial Program set forth in LCR 39.2 or any ADR options set forth in LCR 39.1.**

The Parties do not intend to utilize these procedures.

**11.      Any other suggestions for shortening or simplifying the case.**

The Parties will endeavor to resolve this case in an efficient manner and will move the Court for any appropriate relief that may shorten or simplify the case without undue prejudice to the Parties.

**12.      The date the case will be ready for trial.**

The Parties will meet and confer following the Court's ruling on class certification.

**13.      Whether the trial will be jury or non−jury.**

The Parties anticipate a jury trial.

**14.      The number of trial days required.**

The Parties anticipate 10 days for trial.

**15.      The names, addresses, and telephone numbers of all trial counsel.**

Plaintiffs' Counsel:      Kaleigh N. Boyd, WSBA #52684
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: (206) 682-5600
E: kboyd@tousley.com

JOINT STATUS REPORT AND DISCOVERY PLAN – 8

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

Raina Borrelli (admitted *pro hac vice*)
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
E: raina@straussborrelli.com

Nickolas J. Hagman (admitted *pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, Illinois 60603
Telephone: (312) 782-4880
E: nhagman@caffertyclobes.com

Kennedy M. Brian (admitted *pro hac vice*)
**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Telephone: (405) 235-1560
E: kpb@federmanlaw.com

Defendant's Counsel:    J. Derek Little
**OGDEN MURPHY WALLACE, PLLC**
701 Fifth Avenue, Suite 5600
Seattle, WA 98104
T: 206.661.3896
dlittle@omwlaw.com

Jennifer W. Torrez (*pro hac vice*)
**MCDONALD HOPKINS LLC**
300 North LaSalle Street, Suite 1400
Chicago, IL 60654
T: 312.280.0111
jtorrez@mcdonaldhopkins.com

Christopher G. Dean (*pro hac vice* forthcoming)
Sydney K. Bell (*pro hac vice*)
**MCDONALD HOPKINS LLC**
600 Superior Avenue, Suite 2100
Cleveland, OH 44114
T: 216.348.5807
cdean@mcdonaldhopkins.com
sbell@mcdonaldhopkins.com

JOINT STATUS REPORT AND DISCOVERY PLAN – 9

**16.    The dates on which the trial counsel may have conflicts.**

Plaintiffs' counsel has no conflicts at this time.

**17.    Service.**

Defendant has been served.

**18.    Whether any party wishes a pretrial Fed. R. Civ. P. 16.**

The Parties do not request a scheduling conference at this time.

**19.    Filing of disclosure statement pursuant to Fed. R. Civ. P. 7.1 and LCR 7.1.**

Any nongovernmental party, or any nongovernmental corporation that seeks to intervene, other than an individual or sole proprietorship, must file a corporate disclosure statement.


Respectfully submitted,                          Respectfully submitted,

Dated: December 5, 2025                          Dated: December 5, 2025

/s/ Samuel J. Strauss                            /s/ J. Derek Little
Samuel J. Strauss (SBN 46971)                    J. Derek Little, WSBA No. 40560
Raina C. Borrelli (admitted *pro hac vice*)      **OGDEN MURPHY WALLACE, PLLC**
**STRAUSS BORRELLI PLLC**                        701 Fifth Avenue, Suite 5600
One Magnificent Mile                             Seattle, WA 98104
908 Michigan Avenue, Suite 1610                  T: 206.661.3896
Chicago, IL 60611                                dlittle@omwlaw.com
Telephone: (608) 237-1775
Facsimile: (608) 509-4423                        Jennifer W. Torrez (*pro hac vice*)
sam@straussborrelli.com                          **MCDONALD HOPKINS LLC**
raina@straussborrelli.com                        300 North LaSalle Street, Suite 1400
                                                 Chicago, IL 60654
*One of the Attorneys for Plaintiffs and the*    T: 312.280.0111
*Proposed Class*                                 jtorrez@mcdonaldhopkins.com
Raina C. Borrelli
raina@straussborrelli.com                        Christopher G. Dean (*pro hac vice*
STRAUSS BORRELLI PLLC                            forthcoming)
One Magnificent Mile                             Sydney K. Bell (*pro hac vice*)
980 N Michigan Avenue, Suite 1610                **MCDONALD HOPKINS LLC**
Chicago IL, 60611                                600 Superior Avenue, Suite 2100
Telephone: (872) 263-1100                        Cleveland, OH 44114
Facsimile: (872) 263-1109                        T: 216.348.5807
                                                 cdean@mcdonaldhopkins.com

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

sbell@mcdonaldhopkins.com

*Attorneys for Defendant ABC Legal Services, LLC*

JOINT STATUS REPORT AND DISCOVERY PLAN – 11

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com