Judge Jamal N. Whitehead

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE: ABC LEGAL SERVICES DATA SECURITY LITIGATION<br><br>This Document Relates To: All Actions | Master File No. 2:24-cv-02092<br><br>**[MODEL] AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER**<br><br>Noting Date: December 19, 2025 |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.     General Principles**

1.     An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.     As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related

[MODEL] AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER – 1

STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

responses should be reasonably targeted, clear, and as specific as possible. This agreement is intended to assist the parties in identifying relevant, responsive information that has been stored electronically and is proportional to the needs of the case. The agreement does not supplant the parties' obligations to comply with Fed. R. Civ. P. 34.

**B.    ESI Disclosures**

Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each party shall disclose:

1. <u>Custodians.</u> The custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control.

2. <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI.

3. <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4. <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C.    ESI Discovery Procedures**

1. <u>On-site inspection of electronic media.</u> Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. <u>Search methodology.</u> The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such

[MODEL] AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER – 2

STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology.

      a.    Prior to running searches:

           i.    The producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. The producing party may provide unique hit counts for each search query.

           ii.    After disclosure, the parties will engage in a meet and confer process regarding additional terms sought by the non-producing party.

           iii.    The following provisions apply to search terms / queries of the requesting party. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query .

      c.    Upon reasonable request, a party shall disclose information relating to network design, the types of databases, database dictionaries, the access control list and security access logs and rights of individuals to access the system and specific files and applications, the ESI document retention policy, organizational chart for information systems personnel, or the backup and systems recovery routines, including, but not limited to, tape rotation and destruction/overwrite policy.

    3.    <u>Format.</u>

[MODEL] AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER – 3

STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

a. ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats include, but are not limited to, native files, multi- or single-page PDFs or TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files).

b. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, will be produced in native format.

c. Each document image file shall be named with a unique number (Bates Number). File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

d. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

e. The parties shall produce their information in the following format: with appropriate software load files containing all information required by the litigation support system used by the receiving party.

f. The full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

g. Documents may be produced in black and white unless color is necessary to understand the document. Native ESI, photographs, and video shall be produced in color if

[MODEL] AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER – 4

STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

maintained in color. The parties agree to make a good faith effort to comply with reasonable and specific requests for the production of higher resolution or color images.

        h.      The Parties agree to produce documents using the Pacific Standard Time Zone.

        i.      Entire Document families must be produced, even if only the parent or an attachment is responsive.

        j.      The Producing Party will determine whether hyperlinked documents and modern attachments exist and whether they may contain responsive and relevant information. If they do exist and are a possible source of relevant and responsive information, the Producing Party will make reasonable efforts to preserve the underlying documents for production. The parties will meet and confer in good faith regarding any technical burdens regarding hyperlinked documents.

    4.    <u>De-duplication.</u> The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process tracked in a duplicate/other/all custodian field in the database load file.

    5.    <u>Email Threading.</u> The parties may use analytics technology to identify email threads and need only produce the unique most-inclusive copy and related family members and may exclude lesser-inclusive copies. Upon reasonable request, the producing party will produce a less-inclusive copy.

    6.    <u>Metadata fields.</u> The metadata fields listed in Exhibit A shall be produced to the extent they are reasonably accessible and non-privileged. The list of metadata type is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

    7.    <u>Hard-Copy Documents.</u> If the parties elect to produce hard-copy documents in an electronic format, the production of hard-copy documents will include an Opticon and IPRO load

[MODEL] AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER – 5

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

file (or other generally acceptable load file format). The accompanying load file shall contain, at a minimum, (a) ProdBeg, (b) ProdEnd, (c) AttachProdBeg, (d) AttachProdEnd and (e) custodian name, but only to the extent reasonably available. Hard-copy documents will be scanned using Optical Character Recognition technology and searchable ASCII text files will be produced (or Unicode text format if the text is in a foreign language), unless the producing party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI). Each file will be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension). The parties will undertake best efforts to unitize documents correctly. Responsive hard copy documents shall not be eliminated as duplicates of responsive ESI.

**D.    Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1. The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

2. By modifying this Section, the parties do not alter, assume, or avoid any preservation obligations that otherwise exist under applicable law.

**E.    Privilege**

1. A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each

[MODEL] AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER – 6

STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include a description sufficient to substantiate the claim of privilege as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than 30 days after delivering a production in which documents were withheld and in any event, no later than 30 days before the deadline for filing motions related to discovery, unless an earlier deadline is agreed to by the parties. The parties reserve the right to request additional information regarding individual documents on the privilege log.

2. Redactions need not be logged so long as the basis for the redaction is clear on the face of the remaining unredacted document.

3. With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

4. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5. Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery

[MODEL] AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER – 7

STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

that is protected as privileged or work product shall be immediately returned to the producing party.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| Dated: December 19, 2025 | Dated: December 19, 2025 |

/s/ *Samuel J. Strauss*
Samuel J. Strauss (SBN 46971)
Raina C. Borrelli (admitted *pro hac vice*)
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
908 Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (608) 237-1775
Facsimile: (608) 509-4423
sam@straussborrelli.com
raina@straussborrelli.com

*One of the Attorneys for Plaintiffs and the Proposed Class*

/s/ *J. Derek Little*
J. Derek Little, WSBA No. 40560
**OGDEN MURPHY WALLACE, PLLC**
701 Fifth Avenue, Suite 5600
Seattle, WA 98104
T: 206.661.3896
dlittle@omwlaw.com

Jennifer W. Torrez (*pro hac vice*)
**MCDONALD HOPKINS LLC**
300 North LaSalle Street, Suite 1400
Chicago, IL 60654
T: 312.280.0111
jtorrez@mcdonaldhopkins.com

Christopher G. Dean (*pro hac vice* forthcoming)
Sydney K. Bell (*pro hac vice*)
**MCDONALD HOPKINS LLC**
600 Superior Avenue, Suite 2100
Cleveland, OH 44114
T: 216.348.5807
cdean@mcdonaldhopkins.com
sbell@mcdonaldhopkins.com

*Attorneys for Defendant ABC Legal Services, LLC*

[MODEL] AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER – 8

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

Dated: December 19, 2025

                                               _____
                                               The Honorable Jamal N. Whitehead
                                               UNITED STATES DISTRICT JUDGE

[MODEL] AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER – 9

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

**EXHIBIT A**

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| DOCID/IMAGEFILENAME | Unique identifier |
| PRODBEG | First Page document number |
| PRODEND | Last Page document number |
| PRODBEGATT | First Page of Family group range number |
| PRODENDATT | Last Page of Family group range number |
| CUSTODIAN | All record owners of the file from whom the data was collected |
| ALLCUSTODIAN | All custodians who were in possession of a de-duplicated document besides the individual identified in the Custodian field |
| HASH VALUE | A unique, identifying number of a file calculated by a hash algorithm, e.g. MD5. |
| FROM | Email Sender |
| TO | Email Recipient(s) |
| CC | Email Recipient(s) that were Copied |
| BCC | Email Recipient(s) that were Blind Copied |
| SUBJECT | Subject line of emails |
| THREADID | Identification of email threads |
| PARENTID | Identification of email parent relationships |
| FILENAME | Name of file |
| DATESENT | Email sent date |
| TIMESENT | Email sent time |
| DATERECEIVED | Email received date |

[MODEL] AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER – 10

STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

| TIMERECEIVED | Email received time |
|---|---|
| DATESAVED | Save date |
| TIMESAVED | Save time |
| DATELASTPRINT | Date last printed |
| TIMELASTPRINT | Time last printed |
| FILEEXT | File extension of document |
| AUTHOR | Author information as derived from the properties of the document |
| COMPANY | Company that supplied the ESI in its raw format |
| TITLE | Title from document metadata (if applicable) |
| DATECREATED | Date document was created on non-emails |
| TIMECREATED | Time document was created on non-emails |
| DATEMODIFIED | Last date document was modified on non-emails |
| TIMEMODIFIED | Last time document was modified on non-emails |
| FILESIZE | Size of Native file |
| PGCOUNT | Number of pages in document |
| OCRPATH | Path to extracted text of native file or OCR |
| NATIVELINK | Path to email or native file document (if applicable) |
| ORIGINALPATHFOLDER or FILEPATH | Path including filename |
| REDACTED | Whether the document contains redactions |

[MODEL] AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER – 11

STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com