Honorable Jamal N. Whitehead

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION**

| | |
|---|---|
| IN RE: ABC LEGAL SERVICES DATA SECURITY LITIGATION | Master File No. 2:24-cv-02092 |
| This Filing Relates to:<br>All Actions | **PLAINTIFFS' UNOPPOSED MOTION FOR PRELMIINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**NOTE ON MOTION CALENDAR:**<br>April 1, 2026 |

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(Case No. 2:24-cv-02092-JNW) - i

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

PROCEDURAL BACKGROUND........................................................................................... 1

SUMMARY OF THE PROPOSED SETTLEMENT................................................................ 2

ARGUMENT AND AUTHORITY ......................................................................................... 5

   A.   The Court Preliminarily Approve the Settlement ........................................................ 5

      1.   The Adequacy of Representation (Rule 23(e)(2)(A) and *Churchill* Factor 5)................ 7

      2.   The Settlement was Negotiated at Arm's Length (Rule 23(e)(2)(B) and *Churchill* Factor 6)……. ..................................................................................................................... 8

      3.   Adequacy of Settlement Relief (Rule 23(e)(2)(C) and *Churchill* Factors 1–4)............. 8

      4.   The Equitable Treatment of the Settlement Class Members (Rule 23(e)(2)(D)).......... 10

      5.   The Settlement Provides the Best Class Notice Practicable. ....................................... 10

   B.   Certification of the Settlement Class is Appropriate ....................................................... 12

      1.   The Elements of the Federal Rule of Civil Procedure 23(a) are Satisfied................... 13

      2.   The Requirements of Rule 23(b)(3) are Satisfied for Purposes of a Settlement Class. 16

CONCLUSION...................................................................................................................... 17

# INTRODUCTION

Plaintiffs Anthony Crowley, Steven Sanchez, Kaylee Rinne, Samantha Bodtker, Teresa Bushek, Jeff Hoffman, Craig Vann, and James Munger (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, seek preliminary approval of the proposed class action settlement, which includes a non-reversionary settlement fund of $2,500,000.00 for the benefit of Plaintiffs and Class Members, as well as implementation of business practice changes related to data security, as described below (the "Settlement"). The terms of the Settlement are incorporated in the Settlement Agreement, signed by Plaintiffs and Defendant ABC Legal Services, LLC as of March 31, 2026, and attached to the Declaration of Kaleigh N. Boyd in support of this Motion as Exhibit A.[1] If approved by the Court, this Settlement will resolve all of the claims Plaintiffs and the Settlement Class Members have brought or might have brought in this Action against Defendant.

# PROCEDURAL BACKGROUND

This Action arises from the alleged compromise of Plaintiffs' and the Settlement Class Members' Personal Information due to a breach of ABC's network and systems. Beginning on or around August 7, 2024, an unknown actor gained unauthorized access to ABC's computer network. Defendant subsequently began notifying individuals whose Personal Information was potentially accessed and exfiltrated as a result of the Data Incident.

In response, multiple class action lawsuits were filed against ABC for claims arising out of the Data Incident (the "Related Actions"). On February 11, 2025, this Court consolidated the Related Actions and appointed proposed Class Counsel as interim class counsel. *See* Dkt.

---

[1] Capitalized terms have the same meaning as in the Settlement Agreement. Citations to the Settlement Agreement are abbreviated herein as "S.A."

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(Case No. 2:24-cv-02092-JNW) - 1

Nos. 12, 34. The Court directed that the Related Actions be consolidated under the first-filed case and re-captioned the Action as *In re: ABC Legal Services Data Security Incident*, Case No. 2:24-cv-02092 (W.D. Wash.). *See* Dkt. No. 12. Plaintiffs thereafter filed their Consolidated Class Action Complaint ("Complaint") March 1, 2025. Dkt. No. 16. Defendant filed a Motion to Dismiss Plaintiffs' Complaint, and Plaintiffs timely responded. Dkt. Nos. 18, 21. Before this Court ruled on Defendant's Motion to Dismiss, the Parties agreed to attend mediation and requested that the Court stay the case pending mediation. Dkt. No. 24.

On September 25, 2025, the Parties attended a full-day mediation before Rodney Max of Upchurch Watson White & Max, a mediator with significant experience in data breach class actions. *See* Decl. of Kaleigh N. Boyd in Support of Pls.' Mot. for Prelim. Approval of Class Action Settlement ("Boyd Decl.") ¶ 7. Before the mediation, the Parties engaged in an informal exchange of information and documents and presented their positions and arguments in confidential submissions to Mr. Max. *Id.* ¶ 6. At the mediation, the Parties were unable to reach an agreement. *Id.* ¶ 7. The Parties continued to engage in settlement discussions for many weeks thereafter. *Id.* ¶¶ 8–9. However, following back-and-forth, arm's-length negotiations and advocacy by counsel on behalf of the Parties, the Parties were finally able to agree to a settlement in principle. *Id.* ¶¶ 9–10. Thereafter, the Parties spent additional weeks negotiating the full terms of the Settlement Agreement. *Id.* ¶ 10. The Settlement is memorialized in the Settlement Agreement.

## SUMMARY OF THE PROPOSED SETTLEMENT

The scope of the Settlement Class largely mirrors that which Plaintiffs pled in their Complaint and is defined as "the persons who are identified on the Settlement Class List, which includes all individuals residing in the United States whose Personal Information was potentially

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(Case No. 2:24-cv-02092-JNW) - 2

MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

compromised in the Data Incident discovered by Defendant in November 2024, including all those individuals who received notice of the Data Incident." S.A. ¶ 37.[2] The Settlement Class Members include all persons within the Settlement Class who do not timely opt-out of the Settlement. *Id.* For full and complete settlement and release between Plaintiffs, the Settlement Class Members, and ABC, ABC agreed to pay $2,500,000.00 into a non-reversionary Settlement Fund and to implement business practice changes related to data security.

Under the terms of the Settlement Agreement, Settlement Class Members who submit a valid and timely Claim Form to the Settlement Administrator may elect to receive a Cash Award payment, estimated to be $50.00. *Id.* ¶ 52. Alternatively, Settlement Class Members may submit a Claim Form seeking reimbursement of documented losses up to $5,000.00. *Id.* ¶ 54. Settlement Class Members may also elect to receive two (2) years of Credit Monitoring and Insurance Services ("CMIS") regardless of whether they make a claim for payment. *Id.* ¶ 57. The CMIS will include the following services to be provided to each Settlement Class Member who submits a valid and timely Claim Form and elects the CMIS: (i) up to $1 million dollars of identity theft insurance coverage; (ii) credit monitoring providing notice of changes to the Settlement Class Member's credit profile; (iii) alerts for activity including new inquiries, new accounts created, change of address requests, changes to public records, postings of potentially negative information, and other leading indicators of identity theft; (iv) customer care and dedicated fraud resolution agent; (v) comprehensive educational resources; and (vi) extended fraud resolution.

---

[2] The Settlement Class specifically excludes: (1) the judges presiding over this Action, and members of their direct families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline. *Id.*

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(Case No. 2:24-cv-02092-JNW) - 3

Following Class Counsel's evaluation of multiple settlement administration bids, the Parties have agreed to the proposal of Eisner Advisory Group, LLC to serve as the Settlement Administrator, subject to the Court's approval. The proposed notice program (which includes settlement administration and processing as discussed herein and in paragraph 74 of the Settlement Agreement) will commence within thirty (30) days of this Court's order preliminarily approving the Settlement. *Id.* ¶¶ 69, 74. The notice program is designed to provide the best notice to the Settlement Class by providing direct mail notice to all Settlement Class Members with last-known mailing addresses. *Id.* ¶ 18, Ex. A. The Short Form Notices notify the Settlement Class Members of the Settlement, the benefits they may claim under the Settlement, how to submit a claim, object, or opt-out of the Settlement, and how to obtain more information about the Settlement. *Id.* Ex. A.

ABC also has made business practice changes relating to data security. *Id.* ¶ 58. Upon request, ABC will submit to Class Counsel a declaration attesting to additional data security procedures put in place since the Data Incident. These business practice changes are valued at approximately $775,000 and shall be paid by Defendant separate and apart from the Settlement Fund. *Id.*

Additionally, Plaintiffs intend to seek Service Awards not to exceed $3,500.00 each in recognition of their time and service to the Settlement Class. *Id.* ¶ 87 Any Service Awards awarded by the Court shall be paid from the Settlement Fund. *Id.* An award in this case is appropriate as the named Plaintiffs spent time providing Class Counsel with information regarding this Data Breach, aiding Class Counsel in settlement, and promoting the claims of the class. *See* Boyd Decl. ¶ 19.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(Case No. 2:24-cv-02092-JNW) - 4

MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

At least forty-five (45) days before the initially scheduled Final Approval Hearing, Class Counsel will submit an application for an award of attorneys' fees and costs in the amount of up to one-third of the Settlement Fund. S.A. ¶ 89. Any award of attorneys' fees and costs shall be paid from the Settlement Fund. *Id.*

Once all costs of Settlement Administration, Taxes and Tax-Related Expenses, Court-approved attorneys' fees and expenses, and any Service Awards to Plaintiffs have been paid from the Settlement Fund, the remaining amount—the Net Settlement Fund—shall first be applied to be used to pay for CMIS claimed by Settlement Class Members and then distributed to Settlement Class Members who filed a Claim Form electing the Documented Loss Payment. *Id.* ¶ 16. Any funds remaining in the Net Settlement Fund following payment distribution will be distributed *pro rata* to Settlement Class Members who submitted approved claims for a *pro rata* cash payment. *Id.* ¶¶ 52–53.

In sum, the Settlement provides a simple, straightforward claims process by which Settlement Class Members may obtain an award from the Settlement or opt-out. In exchange for the monetary and non-monetary benefits provided under the Settlement, Settlement Class Members will release any and all claims against ABC and the Released Parties arising from or related in any way to the claims that have been brought or could have been brought in this Action. *Id.* at § XII.

**ARGUMENT AND AUTHORITY**

**A.      The Court Preliminarily Approve the Settlement**

Under Federal Rule of Civil Procedure 23(e)(2), a court must review a class action settlement to ensure that the agreement is not the product of fraud or collusion and that, taken as a whole, it is fair, reasonable, and adequate to all concerned. The Rule 23(e)(2) factors are:

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(Case No. 2:24-cv-02092-JNW) - 5

(A) the class representatives and class counsel have adequately represented the class.

(B) the proposal was negotiated at arms' length.

(C) the relief provided for the class is adequate, taking into account:

    (i) the costs, risks, and delay of trial and appeal;

    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Courts in the Ninth Circuit also consider the traditional "*Churchill*" factors. The *Churchill* factors are: "(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (quoting *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)).

The approval of any proposed class action settlement is typically exercised in the two-step process of "preliminary" and "final" approval. Manual For Complex Litigation (Fourth) § 13.14 (2004). At the preliminary stage, the court makes an initial determination as to whether the settlement falls "within the range of possible approval." *Alaniz v. Cal. Processors, Inc.*, 73 F.R.D. 269, 273 (N.D. Cal. 1976). As one court has observed, "[t]his determination is similar to a determination that there is 'probable cause' to think the settlement is fair and reasonable." *Alaniz*, 73 F.R.D. at 273. Thus, the Court's role is limited to "to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and

MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

adequate to all concerned." *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). Considering these issues, as well as the evidence and nature of the Settlement negotiations, Plaintiffs and proposed Settlement Class Counsel submit that preliminary approval of this Settlement is proper.

> **1.    The Adequacy of Representation (Rule 23(e)(2)(A) and *Churchill* Factor 5)**

Settlement Class Counsel and Plaintiffs have adequately represented the Settlement Class. Settlement Class Counsel fully investigated and litigated the facts and legal claims in this Action both prior to filing Plaintiffs' respective cases and during the litigation process. Boyd Decl. ¶¶ 4, 17–18. Their substantial efforts are exhibited in the thorough briefing set before this Court, the meaningful informal discovery regarding the Data Incident, and the favorable proposed Settlement. *Id*. Settlement Class Counsel's efforts to fully brief the issues in the case, to use of informal discovery to learn about the cause of the Data Incident and the Personal Information impacted, and to attend a full-day mediation session with an experienced mediator allowed for arm's length and good faith negotiations, and certainly without collusion. *Id*. ¶¶ 17–18. Moreover, Settlement Class Counsel relied upon their experience in complex class action litigation, including similar data breach actions, and devoted substantial time and resources to this litigation to obtain meaningful relief for the Settlement Class. *Id*.

Plaintiffs also have demonstrated their adequacy through their efforts to advance the case through Settlement. *Id*. ¶ 19. Plaintiffs' respective interests are coextensive and do not conflict with the interests of the Settlement Class. *Id*. Plaintiffs have the same interest in the Settlement relief, and the absent Settlement Class members have no diverging interests. *Id*.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(Case No. 2:24-cv-02092-JNW) - 7

**2.** **The Settlement was Negotiated at Arm's Length (Rule 23(e)(2)(B) and *Churchill* Factor 6)**

There is "[a]n initial presumption of fairness is usually involved if the settlement is recommended by class counsel after arm's-length bargaining." *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *6 (N.D. Cal. Apr. 1, 2011) (internal quotation omitted). The proposed Settlement is the result of good faith, informed, and arm's-length negotiations between experienced class action attorneys familiar with the legal and factual issues at stake. Boyd Decl. ¶¶ 17–18. Settlement Class Counsel recommend approval of the Settlement after they thoroughly investigated and analyzed Plaintiffs' claims and engaged in informal discovery, enabling them to gain an understanding of the evidence related to central questions in the Action and preparing them for well-informed settlement negotiations. *Id*. Additionally, the Settlement was reached with the assistance of a well-respected and experienced mediator. *Id*. ¶¶ 7, 9. There was no fraud or collusion in arriving at the Settlement. *Id.* ¶ 12.

**3.** **Adequacy of Settlement Relief (Rule 23(e)(2)(C) and *Churchill* Factors 1–4)**

The Settlement provides for immediate meaningful and adequate relief to the Settlement Class without the continued risks of litigation. Although Plaintiffs believe their claims are strong and meritorious and the Settlement Class would ultimately prevail at trial, continued litigation against Defendant poses significant risks that make any recovery for the Settlement Class uncertain. Boyd Decl. ¶ 17. In assessing the degree of risk of continued litigation, "the court evaluates the time and cost required." *Adoma v. Univ. of Phoenix, Inc*., 913 F. Supp. 2d 964, 976 (E.D. Cal. 2012). "[U]nless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Id*. (quoting *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004)). "The parties . . . save themselves the time, expense, and inevitable risk of litigation. Naturally, the agreement

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(Case No. 2:24-cv-02092-JNW) - 8

MᴄNᴀᴜʟ Eʙᴇʟ ᴘʟʟᴄ
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with litigation." *Officers for Justice*, 688 F.2d at 624 (quotation omitted). Data breach class actions are inherently risky. *See In re Sonic Corp. Customer Data Sec. Breach Litig.*, No. 1:17-md-2807, 2019 WL 3773737, at *7 (N.D. Ohio Aug. 12, 2019) ("Data breach litigation is complex and risky. This unsettled area of law often presents novel questions for courts. And of course, juries are always unpredictable."); *In re Mednax Serv., Customer Data Sec. Breach Litig.*, No. 21-MD-02994-RAR, 2024 WL 1554329, at *7 (S.D. Fla. Apr. 10, 2024); *FultonGreen v. Accolade, Inc.*, No. 18-274, 2019 WL 4677954, at *8 (E.D. Pa. Sept. 24, 2019) (noting that data breach class actions are "a risky field of litigation because [they] are uncertain and class certification is rare"); *see also, e.g.*, *In re Blackbaud, Inc., Customer Data Breach Litig.*, No. 3:20-mn-02972-JFA, 2024 WL 2155221 (D.S.C. May 14, 2024) (denying class certification in a data breach case). The Settlement's fairness is underscored by consideration of the obstacles the Settlement Class would face in ultimately succeeding on the merits, as well as the expense and likely duration of the litigation. Further, there are no separate agreements to disclose under Rule 23(e)(3). Boyd Decl. ¶ 16.

This Settlement compares very favorably to approved common fund data breach settlements from around the country, given the types of data involved in the Data Incident and class size. *See, e.g.*, *Corona v. Sony Pictures Ent'mt., Inc.*, No. 14-cv-09600 RGK, 2015 WL 12655592 (C.D. Cal. Nov. 24, 2015) ($4.5 million settlement fund ($2 million non-reversionary; $2.5 million reversionary) for 435,000 class members in data breach case); *In re Linkedin User Priv. Litig.*, 309 F.R.D. 573, 582 (N.D. Cal. 2015) (settlement fund of $1.25 million for approximately 800,000 LinkedIn users); *In re NCB Mgmt. Servs., Inc. Data Breach Litig.*, No.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(Case No. 2:24-cv-02092-JNW) - 9

McNaul Ebel pllc
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

23-cv-1236, 2025 WL 1397414, at *1 (E.D. Pa. May 13, 2025) (preliminarily approving a $2,625,000 settlement fund for approximately 1.6 million class members). As such, the fourth *Churchill* factor is satisfied.

**4.      The Equitable Treatment of the Settlement Class Members (Rule 23(e)(2)(D))**

All Settlement Class Members are given an equal opportunity to claim a benefit under the Settlement. Specifically, each Settlement Class Member has the opportunity to be reimbursed for Documented Losses up to $5,000.00, may elect to receive a *pro rata* cash payment, and/or may elect to receive two years of credit monitoring services. S.A., ¶ 52–54 Thus, the Settlement Benefits distribution method will be equitable and effective. Accordingly, the Court should find the Settlement is fair, reasonable, and adequately protects the interests of the Class Members.

**5.      The Settlement Provides the Best Class Notice Practicable.**

Settlement Class Members must receive the best notice practicable under the circumstances as required under Federal Rule of Civil Procedure 23(c)(2). In other words, notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). "[T]he mechanics of the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process." *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975).

Under the Settlement Agreement, Settlement Class Members will be provided the best possible opportunity to see, review, and understand the Notice and Settlement. ABC will provide the Settlement Administrator with the list of the names, email addresses, and/or physical addresses of all Settlement Class Members identified through its records. S.A. ¶ 39. Those Settlement Class Members identified will be contacted **directly** based on this information. *Id.*

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(Case No. 2:24-cv-02092-JNW) - 10

¶¶ 69–70. Namely, the Settlement Administrator shall be responsible for printing and mailing and/or emailing (depending on the information available) the Notice and Claim Form to those specific Settlement Class Members identified through ABC's records. *Id.*

The Settlement Administrator will also establish a Settlement Website to which Settlement Class Members may refer for information about the Action and Settlement and submit online Claim Forms and inquiries. *Id.* ¶¶ 44, 65. The Settlement Administrator will post the Long Notice and Claim Form on the website, as well as other important documents and deadlines, in consultation with counsel for the Parties. *Id.* ¶ 44

Further, the proposed Notices are plain and easily understood, consistent with the guidelines set forth by the Federal Judicial Center.[3] The Notices provide neutral, objective, and accurate information about the nature of the Action and the Settlement.[4] The Notices describe the claims brought in the Action, the Settlement Class Members, the relief provided under the Settlement, and Settlement Class Members' rights and options, including the deadlines and means of submitting a Claim Form, seeking exclusion, objecting, and/or appearing at the Fairness Hearing personally or through counsel. S.A. Exs. A–B. The Parties submit that the Notices provide the best notice practicable under the circumstances and will be highly effective in reaching the Settlement Class Members.

Rule 23(c)(2)(B), in relevant part, provides that the notice shall also apprise class members that "the court will exclude from the class any member who requests exclusion[, and] the time and manner for requesting exclusion." *See Low v. Trump Univ., LLC*, 246 F. Supp. 3d

---

[3] *See* Federal Judicial Center, *Illustrative Forms of Class Action Notices: Overview*, https://www.fjc.gov/content/301253/illustrative-forms-class-action-notices-introduction (last visited March 31, 2026).
[4] *Id.*

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(Case No. 2:24-cv-02092-JNW) - 11

McNaul Ebel pllc
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

1295, 1307 (S.D. Cal. 2017) (alteration in original). A notice of a class member's right to opt out of a class action settlement must be "of such nature as reasonably to convey the required information" regarding the window for class members to opt out of or remain in the class. *Id.* at 1120 (quotation omitted).

The proposed Long Form Notice, attached as Exhibit B to the Settlement Agreement, will provide clear instructions to Settlement Class Members regarding the procedures they must follow to opt out of the Settlement Class, including the deadline by which Settlement Class Members will be required to opt out. Prior to the date of the Final Approval Hearing, Settlement Class Counsel will file with the Court an affidavit from the Settlement Administrator identifying those individuals who have timely and validly excluded themselves from the Settlement. All Settlement Class Members who do not timely and validly opt out of the Settlement Class shall be bound by all terms of the Settlement.

**B.      Certification of the Settlement Class is Appropriate**

The benefits of the proposed Settlement can be realized only through certification of the proposed Settlement Class. Thus, for settlement purposes only, Defendant has agreed to stipulate that the prerequisites for a class action required under Fed. R. Civ. P. 23(c) are satisfied in this case for a settlement class. Rule 23 provides that the district court may certify an action as a class action if it finds: (a) the requirements of Rule 23(a) have been satisfied; (b) a class action should be permitted for the fair and efficient adjudication of the controversy; and (c) the representative parties fairly and adequately will protect the interests of the class. The proposed Settlement Class meets these requirements.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(Case No. 2:24-cv-02092-JNW) - 12

1.      **The Elements of the Federal Rule of Civil Procedure 23(a) are Satisfied.**

i.      ***Numerosity***

Rule 23(a)(1) requires that the proponent of a class action demonstrate that "the class is so numerous that joinder of all members is impracticable." According to Defendant, there are 245,808 members of the Settlement Class spread across the United States. A class comprised of over 245,000 members is obviously numerous and renders joinder impracticable. *Andersen v. Briad Restaurant Group, LLC*, 333 F.R.D. 194, 202 (D. Nev. 2019).

ii.      ***Commonality***

Rule 23(a)(2) requires a showing that there are questions of law or fact common to the class. Commonality is satisfied where the plaintiffs assert claims that "depend upon a common contention of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). A single common question will do. *Andersen*, 333 F.R.D. at 203.

Applying these principles, the commonality requirement of subsection (a)(2) is met here. The Complaint identifies a number of questions of law and fact common to all potential Settlement Class Members. *See* Dkt. No. 16 ¶ 201. These common issues are sufficient to satisfy the commonality requirement here. Accordingly, Rule 23(a)(2)'s requirement for the existence of common questions of fact or law has been met.

iii.      ***Typicality***

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (quotation omitted); *see also Andersen*, 333 F.R.D. at

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(Case No. 2:24-cv-02092-JNW) - 13

McNaul Ebel pllc
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

203 (same). Under the "permissive standards" of Rule 23(a)(3), "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998), *overruled on other grounds by Wal-Mart*, 564 U.S. at 338.

Here, the claims of Plaintiffs and each of the proposed Settlement Class Members are predicated on the alleged conduct of Defendant with respect to the Data Incident. *See* Dkt. No. 16. These claims are common to all Settlement Class Members. *Id.* Accordingly, the common issues necessarily share the same degree of centrality to the named representatives' claims. As such, Plaintiffs can reasonably be expected to advance the interests of all absent Settlement Class Members by settling the liability issues.

### iv.    Adequacy

"To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a judgment which binds them." *Andersen*, 333 F.R.D. at 204 (quotation omitted). Fed. R. Civ. P. 23(a)(4) requires the representative parties "fairly and adequately protect the interests of the class." This determination turns on two questions: "(1) [d]o the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003); *Andersen*, 333 F.R.D. at 204. In this case, both components are met.

Plaintiffs have taken an active and necessary role in aiding Class Counsel in litigating this case and representing the interest of absent class members. Boyd Decl. ¶ 19. Plaintiffs provided information to Settlement Class Counsel that formed the basis of the claims in this case, including the individual notices of the Data Incident and their personal experiences and alleged

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(Case No. 2:24-cv-02092-JNW) - 14

injuries arising therefrom. *Id.* There is also nothing to suggest that, for purposes of this Settlement, Plaintiffs have interests antagonistic to those of absent Settlement Class Members in pursuit of the legal claims in this lawsuit. *Id.* Rather, Plaintiffs and absent Settlement Class Members are interested in pursuing remedies for claims concerning the Data Incident. *Id.* To that end, Plaintiffs have obtained an advantageous Settlement that provides substantial monetary compensation and other relief to all Settlement Class Members.

Settlement Class Counsel are accomplished litigators, particularly in the field of data breach litigation. The firms comprising proposed Settlement Class Counsel have served as lead counsel or co-lead counsel in scores of class action cases across the United States, including data breach class actions. *See* Dkt. No. 6 & Exs. A–C; Dkt. No. 32; Boyd Decl. Ex. B. These firms have demonstrated knowledge of applicable law and the ability and willingness to commit sufficient resources to prosecute large-scale class action litigation.

Settlement Class Counsel worked together to research the facts of this Action, prepare the Plaintiffs' claims against ABC, consolidate the Related Actions into one, fully brief Defendant's Motion to Dismiss the Complaint, and work with opposing counsel to engage in meaningful informal discovery and settlement discussions. Boyd Decl. ¶¶ 17–18. From their experience, expertise, time, and resources, they were able to secure a favorable class action settlement that is memorialized in the Settlement Agreement. *Id.*

In short, proposed Settlement Class Counsel has demonstrated the ability to fairly and adequately represent the interests of the Settlement Class. There is no indication that they have a conflict of interest or might possibly do anything other than adequately represent the interests of the Settlement Class. Accordingly, the requirements of Rule 23(a)(4) have been met.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(Case No. 2:24-cv-02092-JNW) - 15

**2.      The Requirements of Rule 23(b)(3) are Satisfied for Purposes of a Settlement Class.**

Under Rule 23(b)(3), a class action may be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Here, proposed Settlement Class Members' Personal Information was allegedly accessed and/or exfiltrated from ABC's network as a result of the Data Incident. For purposes of settlement, the claims being resolved share sufficient commonality to warrant certification.

When assessing predominance and superiority, the court may consider the class will be certified for settlement purposes only, and that a showing of manageability at trial is not required. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, . . . for the proposal is that there be no trial."). "[I]n general, predominance is met when there exists generalized evidence which proves or disproves an [issue or] element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class members' individual position." *In re Vitamins Antitrust Litig.*, 209 F.R.D. 251, 262 (D.D.C. 2002) (internal quotation marks omitted). The main concern is "the balance between individual and common issues." *In re Wells Fargo Home Mortg.*, 571 F.3d 953, 959 (9th Cir. 2009).

In this case, all Settlement Class members had their Personal Information compromised in the Data Incident, and the security practices at issue did not vary from person to person. Thus, because these common questions represent a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(Case No. 2:24-cv-02092-JNW) - 16

MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

handling the dispute on a representative rather than on an individual basis. Predominance is readily satisfied.

"[T]he purpose of the superiority requirement is to assure that the class action is the most efficient and effective means of resolving the controversy." *Wolin v. Jaguar Land Rover N. Am. LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (quoting 7A Charles Wright, Arthur Miller & Mary Kay Kane, Fed. Practice & Proc. § 1779 at 174 (3d ed. 2005)). Rule 23(b)(3)'s non-exclusive factors are: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action."

By reason of the settlement, over a two hundred thousand Settlement Class Members across the United States can obtain substantial monetary benefits and other relief in this class action, whereas litigation of multiple actions in any other judicial avenue for relief—either in this Court or elsewhere—would consume judicial and party resources. Boyd Decl. ¶ 14. The Parties believe that the most efficient way of resolving these claims is through a single class action settlement.

**CONCLUSION**

Plaintiffs respectfully request that the Court:

A.    Schedule a final fairness hearing on the question of whether the proposed Settlement (including, without limitation, payment of attorneys' fees and costs and incentive awards), should be finally approved as fair, reasonable, and adequate as to the members of the Settlement Class;

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(Case No. 2:24-cv-02092-JNW) - 17

McNaul Ebel pllc
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

B.      Certify a Settlement Class exclusively for the purposes and subject to the limitations herein stated;

C.      Appoint Kaleigh Boyd of McNaul Ebel PLLC, Raina Borrelli of Strauss Borrelli PLLC, Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP, and Jessica Wilkes of Federman & Sherwood as Settlement Class Counsel;

D.      Approve as to form and content of the proposed Short Form and Long Form Notices;

E.      Preliminarily approve the Settlement subject only to the objections of Settlement Class Members and final review by the Court; and

F.      Enjoin Settlement Class Members from filing or prosecuting any claims, suits or administrative proceedings regarding claims released by the Settlement unless and until such Settlement Class Members have submitted a valid opt-out with the Settlement Administrator and the time for filing claims with the Settlement Administrator has elapsed.

I certify that this memorandum contains 5,284 words in accordance with the Local Civil Rules.

Date: April 1, 2026

s/ Kaleigh N. Boyd_____
Kaleigh N. Boyd, WSBA #52684
**MCNAUL EBEL PLLC**
One Union Square
600 University Street, Suite 2700
Seattle, WA 98101
Tel: (206) 467-1816
Email: kboyd@mcnaul.com

Raina Borrelli (admitted *pro hac vice*)
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
E: raina@straussborrelli.com

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(Case No. 2:24-cv-02092-JNW) - 18

Nickolas J. Hagman (admitted *pro hac vice*)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, Illinois 60603
Telephone: (312) 782-4880
Facsimile: (312) 782-4485
E: nhagman@caffertyclobes.com

Jessica A. Wilkes (admitted *pro hac vice*)
**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
E: jaw@federmanlaw.com

***Proposed Class Counsel for Plaintiffs and***
***the Putative Class***

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
(Case No. 2:24-cv-02092-JNW) - 19