Honorable Jamal N. Whitehead

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

IN RE: ABC LEGAL SERVICES DATA SECURITY LITIGATION

Master File No. 2:24-cv-02092

This Filing Relates to:
All Actions

## [PROPOSED] PRELIMINARY APPROVAL ORDER

WHEREAS, the above-captioned matter is a putative class action before this Court;

WHEREAS, Plaintiffs Anthony Crowley, Steven Sanchez, Kaylee Rinne, Samantha Bodtker, Teresa Bushek, Jeff Hoffman, Craig Vann, and James Munger (collectively, "Plaintiffs"), individually, and on behalf of the proposed Settlement Class, and ABC Legal Services, LLC ("ABC" or "Defendant") have entered into a Settlement Agreement,[1] which is subject to review and approval by the Court under Fed. R. Civ. P. 23, and which, together with its exhibits, provides for a complete dismissal on the merits and with prejudice of the claims asserted in the Action against ABC should the Court grant Final Approval of the Settlement;

---

[1] The capitalized terms used herein are defined and have the same meaning as used in the Settlement Agreement unless otherwise stated.

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 1

37726156.1

WHEREAS, Plaintiffs filed an Unopposed Motion for Preliminary Approval of Class Action Settlement and Memorandum of Law in Support (the "Motion") requesting entry of an order: (i) conditionally certifying the Settlement Class; (ii) granting preliminary approval of the Settlement Agreement; (iii) appointing Anthony Crowley, Steven Sanchez, Kaylee Rinne, Samantha Bodtker, Teresa Bushek, Jeff Hoffman, Craig Vann, and James Munger as Class Representatives; (iv) appointing Kaleigh N. Boyd of McNaul Ebel PLLC, Raina Borrelli of Strauss Borrelli PLLC, Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP, and Jessica A. Wilkes of Federman & Sherwood as Class Counsel; (v) approving the notice program and notices and directing that notice of the proposed settlement be sent to the Settlement Class Members; (vi) approving the Claim Form and claims process; (vii) ordering the Settlement's opt-out and objection procedures; (viii) appointing the Settlement Administrator; (ix) staying all deadlines in the Action pending Final Approval of the Settlement; (x) enjoining and barring all members of the Settlement Class from initiating or continuing in any litigation or asserting any claims against ABC and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision to grant Final Approval of the Settlement; and (xi) setting a date for the Final Fairness Hearing; and (xii) granting such other relief and further relief as the Court deems just and proper; and

WHEREAS, the Court, having reviewed the Motion and the Settlement Agreement and its exhibits, and finding that substantial and efficient grounds exist for entering this Preliminary Approval Order, grants the relief requested.

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 2

37726156.1

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.    **Settlement Class Certification:** Pursuant to Fed. R. Civ. P. 23, the Action is hereby preliminarily certified as a class action on behalf of the following Settlement Class:

> The persons who are identified on the Settlement Class List, which includes all individuals residing in the United States whose Personal Information was potentially compromised in the Data Incident discovered by Defendant in November 2024, including all those individuals who received notice of the Data Incident.

> The Settlement Class specifically excludes: (1) the judges presiding over this Action, and members of their direct families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

2.    **Class Representatives**: The Court approves Plaintiffs Anthony Crowley, Steven Sanchez, Kaylee Rinne, Samantha Bodtker, Teresa Bushek, Jeff Hoffman, Craig Vann, and James Munger as Class Representatives having found them as adequate class representatives.

3.    **Class Counsel**: The Court appoints Kaleigh N. Boyd of McNaul Ebel PLLC, Raina Borrelli of Strauss Borrelli PLLC, Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP, and Jessica A. Wilkes of Federman & Sherwood to serve as Class Counsel. In appointing class counsel, Fed. R. Civ. P. 23(g) requires the Court to consider (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and other types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. The Court may also consider other matter pertinent to counsel's ability to

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 3

37726156.1

fairly and adequately represent the interest of the class. The Court finds that Class Counsel have expended a reasonable amount of time, effort, and expense investigating the Data Incident and that Class Counsel are highly skilled and knowledgeable concerning class action practice.

4. **Settlement Class Findings**: The Court finds, for purposes of settlement only, that the Settlement Class meets the requirements of Fed. R. Civ. P. 23(a) and (b). Joinder of all Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion. Common issues exist among Class Members and predominate over questions affecting individual Class Members only: in particular, whether ABC was negligent regarding its handling of Plaintiffs' Personal Information. The Class Representatives' claims are typical of, indeed identical to, those of the Class, as the Class Representatives had their Personal Information accessed or acquired in the Data Incident. The Class Representatives and Class Counsel will fairly and adequately protect the interests of the Class as the Class Representatives have no interests antagonistic to the Class and have retained counsel who are experienced and competent to prosecute this matter on behalf of the Class. Finally, a class settlement is superior to other methods available for a fair resolution of the controversy.

5. **Preliminary Approval of Settlement**: The Court hereby preliminarily approves the settlement, as embodied in the Settlement Agreement, as being fair, reasonable, and adequate and in the best interest of the named Plaintiffs and the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described herein. The Court finds the Settlement meets the considerations set forth in Fed. R. Civ. P. 23.

6. **Settlement Administrator:** The Parties are authorized to use Eisner Advisory Group, LLC as the Settlement Administrator to supervise and administer the notice program, as

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 4

37726156.1

well as to administer the Settlement should the Court grant Final Approval.

7.    **Approval of Notice Program and Notices**: The Court approves the form and procedure for disseminating notice of the proposed settlement to the Class as set forth in the Settlement Agreement. The Court finds that the notice program: (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class members of the pendency of the Action, the terms of the Settlement, the effect of the proposed Settlement (including the Releases contained therein), and their right to opt-out of or to object to the proposed Settlement and appear at the Final Approval Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Fed. R. Civ. P. 23, including the Due Process Clause of the United States Constitution, the rules of this Court and all other applicable law and rules.  The date and time of the Final Approval Hearing shall be posted on the Settlement Website and included in the Short Form Notice and Long Form Notice respectively.

8.    **Claim Form and Claims Process**: The Court approves the Claim Form as set forth in the Settlement, and the Claims process to be implemented by the Settlement Administrator. The Claim Form is straightforward and easy to complete, allowing each Settlement Class Member to elect the alternative Settlement Class Member Benefits. Should the Court grant Final Approval to the Settlement, Settlement Class Members who do not opt-out of the Settlement shall be bound by its terms even if they do not submit Claims. As set forth in the Settlement Agreement, ABC shall bear all costs and expenses associated with providing notice to the Class and administering the proposed settlement. All Claim Forms must be submitted by a Settlement Class Member to the Settlement Administrator within 90 days of the Notice Deadline.

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 5

37726156.1

9.     **<u>Dissemination of Notice and Claim Forms</u>**: The Court directs the Settlement Administrator to disseminate the Notices and Claim Form as approved herein. Class Counsel and ABC's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this order or the Settlement, including making, without the Court's further approval, minor form or content changes to the Notices and Claim Form they jointly agree are reasonable or necessary.

10.     **<u>Objections to the Settlement</u>**: Any member of the Class who intends to object or comment on the request for final approval of the Settlement Agreement or on the Fee Application must, <u>within 60 days after the Notice Deadline</u>, file his or her objection or comment with the Court, and provide copies of the objection or comment to: (i) the Court; and (ii) Class Counsel. To state a valid objection to the Settlement, a Class Member must provide the following information: (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vii) a list of all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection to a class action settlement; and (viii) the signature (or electronic equivalent) of the Settlement Class Member or the Settlement Class Member's attorney.

11.     Any objecting Class Member may appear, in person or by counsel, at the Final Approval Hearing to show cause why the proposed Settlement should not be approved as fair,

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 6

37726156.1

adequate and reasonable, or to object to any application of attorneys' fees, Service Awards, and reimbursement of litigation costs and expenses, but only if the Class Member has first filed written objections to the proposed settlement by the deadline set forth in this Order. The objecting Class Member must file and serve on all counsel designated in the Class Notice, a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") by the Objection Deadline. The Notice of Intention to Appear must include copies of all papers, exhibits, or other evidence that the objecting Class Members (or his/her counsel) will present to the Court in connection with the Final Approval Hearing. Any Class Member who does not provide a Notice of Intention to Appear by the deadline set forth in this Order, and who does not file an objection that complies with the requirements set forth in this Order and the Class Notice, will be deemed to have waived any objections to the Settlement and will be barred from speaking or otherwise presenting views at the Final Approval Hearing.

12.    If a Class Member files an objection to the Settlement, Class Counsel or Defendant's Counsel may depose the objector consistent with the federal statutes at an agreed upon location and seek to have the objector produce documentary evidence or other tangible things relevant to the objection. An objector's failure to make him or herself available for deposition or to comply with expedited discovery requests may result in the Court striking the objector's objection or otherwise affect that person's substantive rights. The Court reserves the right to tax the costs of such discovery to the objector or the objector's counsel should it determine that the objection was frivolous and was made for improper purpose.

13.    The procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 7

37726156.1

presentation of any Class Member's objection to the Settlement Agreement so as to protect the due process rights of all Class Members.

14.    **Opt-Outs from the Settlement Class**: Any Class Member shall have the right to opt out of the Class and the Settlement by sending a written request for exclusion from the Class to the addresses listed in the Notices, postmarked or delivered no later than sixty (60) days after the Notice Deadline. To be effective, an opt-out request shall state he or she wants to be excluded from the Settlement in the Action and include his or her name, address, and original signature (or the original signature of a person authorized by law, such as a trustee, guardian, or person acting under a power of attorney to act on your behalf with respect to a claim or right such as those in the Action). Any Class Member who does not submit a timely and valid opt-out shall be subject to and bound by the Settlement Agreement and every order or judgment entered concerning the Settlement Agreement.

15.    **Termination**: If the Settlement is terminated, not approved, canceled, fails to become effective for any reason, or the Effective Date does not occur, this order shall be come null and void and shall be without prejudice to the rights of Plaintiffs, the Settlement Class members, and ABC, all of whom shall be restored to their respective positions in the Action as provided in the Agreement.

16.    **Stay**: All pretrial proceedings in this Action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Settlement and this Preliminary Approval Order. Upon the entry of this Order, with the exception of Class Counsel, ABC's Counsel, ABC, and the Class Representatives implementation of the Settlement and the approval process in this Action, all members of the Settlement Class shall be provisionally

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 8

37726156.1

enjoined and barred from asserting any claims or continuing any litigation against ABC and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as to whether to grant final approval of the Settlement.

17.    **Jurisdiction:** For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

18.    **Final Approval Hearing**: A hearing on final approval of the Settlement Agreement, an award of fees and expenses to Class Counsel, and Service Awards to the Class Representatives (the "Final Approval Hearing") shall be held at _____:_____, **on the _____ day of _____, 2026** before the undersigned in Courtroom _____ of the United States District Court for the Western District of Washington. At the Final Approval Hearing, the Court will consider (i) whether the Settlement should be approved as fair, reasonable, and adequate for the class; (ii) whether a judgment granting approval of the Settlement and dismissing the lawsuit with prejudice should be entered; and (iii) whether Class Counsel's application for attorneys' fees and expenses and Service Awards for the Class Representatives should be granted.

19.    **Fee Application**: Class Counsel shall file an application for attorneys' fees and costs and Service Award to the Class Representatives ("Fee Application") at least forty-five (45) days before the Final Approval Hearing.

20.    **Final Approval**: Counsel for the respective parties shall file memoranda, declarations, and other statements and materials in support of the request for final approval of the

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 9

parties' Settlement Agreement at least forty-five (45) days before the Final Approval Hearing.

21. The Court reserves the right to adjust the date of the Final Approval Hearing and related deadlines. If dates are altered, the revised hearing date and deadlines shall be posted on the settlement website referenced in the Class Notice. The parties will not be required to re-send or re-publish class notice.

22. **Schedule:** The Court hereby sets the following schedule of events:

| EVENT | DATE |
|---|---|
| **Notice Deadline** | 30 days after the entry of this Order |
| **Deadline to File Motion for Attorneys' Fees, Costs, and Service Awards** | 45 days before the Final Approval Hearing. |
| **Opt-Out Deadline** | 60 days after the Notice Deadline |
| **Objection Deadline** | 60 days after the Notice Deadline |
| **Deadline to Submit Claim Forms** | 90 days after the Notice Deadline |
| **Deadline to File Motion for Final Approval** | 45 days before the Final Approval Hearing. |
| **Final Approval Hearing** | _____, 2026 <br><br> at _____:_____ a.m./p.m. PT <br><br> **(To be scheduled by the Court at least 120 days after this Order is entered)** |

**SO ORDERED** this _____day of _____, 2026.

_____
**PRESIDING JUDGE**

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 10

37726156.1