Honorable Jamal N. Whitehead

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION**

| | |
|---|---|
| IN RE: ABC LEGAL SERVICES DATA SECURITY LITIGATION<br><br>This Filing Relates to:<br>All Actions | Master File No. 2:24-cv-02092<br><br>**DECLARATION OF KALEIGH N. BOYD IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

I, Kaleigh N. Boyd, hereby declare the following is true and accurate and based on my personal knowledge:

1.      I am Counsel of the law firm McNaul Ebel PLLC and proposed Settlement Class Counsel[1] on behalf of the Settlement Class. (When this matter was filed, and up until February 23, 2026, I was a Member of the law firm Tousley Brain Stephens, PLLC.) Attached as **Exhibit B** is a copy of McNaul Ebel PLLC's firm resume. I submit this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for

---

[1] Unless otherwise noted, capitalized terms have the same meaning assigned to them in the Settlement Agreement attached as **Exhibit A**.

Preliminary Approval"). Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so.

2.      Plaintiffs Anthony Crowley, Steven Sanchez, Kaylee Rinne, Samantha Bodtker, Teresa Bushek, Jeff Hoffman, Craig Vann, and James Munger, on behalf of themselves and on behalf of all other members of the putative class, and Defendant ABC Legal Services, LLC  have reached an agreement to settle this Action pursuant to the terms of the Settlement Agreement, a true and correct copy of which is attached as **Exhibit A.**

3.      I have extensive experience prosecuting complex class actions, especially in data breach litigation. On November 11, 2025, this Court appointed myself and the remaining proposed Settlement Class Counsel as Interim Class Counsel for the proposed class. More information about Settlement Class Counsel's qualifications is included in Plaintiffs' Motion to Appoint Interim Class Counsel (Dkt. No. 6).

4.      Beginning in December of 2024, separate plaintiffs filed multiple lawsuits against Defendant in response to an unauthorized compromise of Plaintiffs' and Class Members' Personal Information. Before filing their respective cases, Settlement Class Counsel investigated their client's claims and facts surrounding the Data Breach, and drafted extensive and detailed complaints.

5.      On March 12, 2025, Plaintiffs filed their Consolidated Class Action Complaint against Defendant, alleging Defendant failed to adequately protect Plaintiffs' and the Class's Personal Information from unauthorized access. (Dkt. No. 16). Defendant filed a Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 18), and Plaintiffs filed their

DECLARATION OF KALEIGH N. BOYD IN SUPPORT
OF PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL
(Case No. 2:24-cv-02092-JNW) - 2

response in opposition (Dkt. No. 21). Before the Motion to Dismiss was fully briefed, the Parties agreed to meet before a neutral third-party mediator to discuss their claims.

6.      Before mediation, the Parties continued to investigate the factual issues in this case by exchanging informal discovery. After receiving and reviewing discovery responses, the Parties prepared extensive mediation briefs detailing the factual and legal issues in this case.

7.      I understand that on September 25, 2025, the Parties attended a full-day mediation before Rodney Max of Upchurch Watson White & Max, a mediator with significant experience in data breach class action cases. The day proved challenging, with zealous advocacy on both sides. Ultimately, the Parties were not able to come to a resolution.

8.      Over the following months, the Parties continued to investigate their respective claims and defenses. On November 10, 2025, Defendant filed its reply in support of its Motion to Dismiss (Dkt. No. 31).

9.      After months of continued litigation and lengthy settlement discussions, the Parties were able to come to a settlement in principle on a class-wide basis. By the time the Settlement in principle was reached, Plaintiffs and Settlement Class Counsel fully understood the claims and potential defenses in this action, and they were well informed of the strengths and weaknesses of the case to competently assess the risks of continued litigation. Settlement Class Counsel relied upon their experience in complex class action litigation, including similar data breach actions, and devoted substantial time and resources to this litigation to obtain meaningful relief for the Settlement Class.

10.      After reaching an agreement in principle, the Parties continued to negotiate the finer points of the settlement agreement. The Parties worked diligently to: (i) finalize the

DECLARATION OF KALEIGH N. BOYD IN SUPPORT
OF PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL
(Case No. 2:24-cv-02092-JNW) - 3

settlement documentation, including the Settlement Agreement and accompanying exhibits, and Plaintiffs' Unopposed Motion for Preliminary Approval; (ii) solicit bids and mutually agree on a Settlement Administrator; and (iii) negotiate the remedial security measures Defendant either has implemented or will implement in the future.

11.    After the Settlement was reached, the Parties undertook a competitive bidding process to achieve an excellent Settlement Administrator for the Class—Eisner Advisory Group, LLC ("EAG"). EAG is a well-known firm with a history of successfully administering many class action settlements, including other data breach settlements. The Parties selected Eisner after considering bids from multiple administration firms and believe that Eisner will be able to meet the obligations imposed on the Settlement Administrator under the Settlement Agreement for a reasonable cost.

12.    The terms of the settlement are memorialized in the Settlement Agreement, which was negotiated at arm's-length, in good faith, and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the inherent risks in the litigation.

13.    The Settlement negotiated on behalf of the Settlement Class provides significant benefits to the Settlement Class Members. The settlement negotiated on behalf of the Class provides for three separate forms of relief, in addition to data security improvements: (1) Reimbursement for Out-of-Pocket Losses; (2) Credit Monitoring and Identity Theft Protection; (3) a Pro Rata Cash Payment; and (4) Improvements to Defendant's data security environment.

14.    By reason of the settlement, over two hundred thousand Settlement Class Members across the United States can obtain substantial monetary benefits and other relief in

DECLARATION OF KALEIGH N. BOYD IN SUPPORT
OF PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL
(Case No. 2:24-cv-02092-JNW) - 4

this class action, whereas litigation of multiple actions in any other judicial avenue for relief—either in this Court or elsewhere—would consume judicial and party resources.

15.    Plaintiffs and Class Counsel did not negotiate an award of Attorneys' Fees and Expenses with Defendant until after the substantive terms of the Settlement had been agreed upon.

16.    Settlement Class Counsel represent that there are no agreements related to the settlement other than those reflected in the Settlement Agreement itself and an agreement with EAG to perform notice and settlement administration services if the Court grants this Motion.

17.    It is Class Counsel's opinion that the Settlement is fair, reasonable, and adequate considering the significant benefits to the Settlement Class, as well as the risks and delays attendant to further protracted litigation. In the eighteen (18) months since the commencement of this case, the Parties exchanged initial disclosures, briefed a motion to dismiss, engaged in informal discovery, brief detailed mediation statements, engaged in a full-day of mediation, and continued settlement discussions of many months thereafter. But this case will take years to litigate with briefing and arguing of dispositive motions; engaging in voluminous discovery; participating in additional mediation sessions; and months of continued settlement negotiations. Moreover, while Plaintiffs are confident in their claims and ability to prevail at trial, no data breach class action case has ever been tried. Indeed, this case involved many risks including surviving the motion to dismiss, surviving summary judgment, getting the class certified, and then succeeding at trial—not to mention any appeals. This Settlement provides for meaningful relief while avoiding these risks. This view is informed by Settlement Class Counsel's decades of work litigating complex actions, including data breach class actions.

DECLARATION OF KALEIGH N. BOYD IN SUPPORT
OF PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL
(Case No. 2:24-cv-02092-JNW) - 5

18.     Settlement Class Counsel have adequately represented the Settlement Class by fully investigating the facts and legal claims; preparing Complaints, including the Consolidated Complaint; fully briefing Defendant's motion to dismiss; conducting informal discovery; participating in a full-day mediation session; and negotiating and reaching a settlement at arm's length, in good faith, and without collusion.

19.     The Plaintiffs have no conflicts with the Settlement Class Members and have demonstrated their adequacy by: (i) having a genuine personal interest in the outcome of the case; (ii) selecting well-qualified Settlement Class Counsel; (iii) producing information and documents to Settlement Class Counsel to permit investigation and development of the complaints; (iv) being available as needed throughout the litigation; and (v) monitoring the Action. A service award is appropriate in this matter, as Plaintiffs adequately represented the Settlement Class by providing Settlement Class Counsel with pertinent information about their claims, aiding Settlement Class Counsel in the litigation of this Action, reviewing and approving the settlement terms and conditions, and standing ready to further litigate this case if need be.

20.     It is my opinion that the proposed class action settlement is fair, reasonable, and adequate and is an outstanding result for the Settlement Class Members.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on Wednesday, April 1, 2026 in Seattle, Washington.

*/s/ Kaleigh N. Boyd*_____
Kaleigh N. Boyd, WSBA No. 52684

DECLARATION OF KALEIGH N. BOYD IN SUPPORT
OF PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL
(Case No. 2:24-cv-02092-JNW) - 6