# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement" or "Agreement") is entered into by and between Anthony Crowley, Steven Sanchez, Kaylee Rinne, Samantha Bodtker, Teresa Bushek, Jeff Hoffman, Craig Vann, and James Munger ("Plaintiffs"), individually and on behalf of the Participating Settlement Class Members (as defined in Paragraph 26), and ABC Legal Services, LLC ("ABC" or "Defendant") (collectively the "Parties"), in the action *In re: ABC Legal Services Data Security Incident*, Case No. 2:24-cv-02092 (W.D. Washington) (the "Action"). The Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Action and the Released Claims (as defined in Paragraph 29), upon and subject to the terms and conditions below.

## RECITALS

WHEREAS, on December 18, 2024, Plaintiff Anthony Crowley filed a class action complaint against ABC, alleging various claims arising from a data security incident affecting ABC starting on approximately August 7, 2024 (the "Data Incident"). Three additional actions were subsequently filed and later consolidated;

WHEREAS, on March 12, 2025, Plaintiffs filed a Consolidated Class Action Complaint bringing the following claims: negligence, unjust enrichment, breach of implied contract, violations of New York General Business Law § 349, violations of the Oregon Unlawful Trade Practice Act, invasion of privacy, violation of the Washington Consumer Protection Act, and for injunctive and declaratory relief;

WHEREAS, Defendant moved to dismiss the Consolidated Class Action Complaint and that motion was fully briefed;

WHEREAS, the Parties mutually agreed to explore resolution and, on September 25, 2025, the Parties attended a full day mediation with Rodney Max of Upchurch Watson White & Max, a mediator with significant experience in data breach class actions;

WHEREAS, the mediation did not result in a settlement but, after further negotiations over the subsequent months, the Parties reached a class-wide settlement of this matter;

WHEREAS, Defendant denies the allegations and all liability with respect to any and all facts and claims alleged in the Action, that the Settlement Class Representatives and the class that they purport to represent have suffered any damage(s), and/or that the Action satisfies the requirements to be tried as a class action under Federal Rule of Civil Procedure 23; and

WHEREAS, following extensive arm's-length settlement negotiations, a mediation session, the exchange of informal discovery, and the exchange of formal discovery requests, the Parties reached an agreement of the essential terms of settlement.

NOW, THEREFORE, in exchange for the mutual promises and valuable consideration provided for in this Agreement, the Parties agree to a full, complete, and final settlement and resolution of the Action, subject to Court approval, on the following terms and conditions:

1

## I.    <u>DEFINITIONS</u>

In addition to terms defined at various points within this Agreement, the following defined terms shall have the meanings set forth below:

1.    "Action" means the class action lawsuit captioned *In re: ABC Legal Services Data Security Incident*, Case No. 2:24-cv-02092, pending in the United States District Court for the Western District of Washington.

2.    "Approved Claim" means the timely submission of a Claim Form by a Settlement Class Member that has been approved by the Settlement Administrator.

3.    "CAFA Notice" means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. Sec. 1711, *et seq.*, to be served upon the appropriate federal official(s).

4.    "Claim Form" means the form that will be available for Settlement Class Members to submit a Settlement Claim (defined below) to the Settlement Administrator (defined below) and that is substantially in the form of **Exhibit C**. Settlement Class Members must submit a Claim Form, subject to the provisions of this Settlement Agreement, to obtain benefits under this Settlement Agreement.

5.    "Claims Deadline" means the last day for a Settlement Class Member to submit a timely Claim Form, which will occur ninety (90) days after the Notice Deadline.

6.    "Claims Period" means the period of time during which Settlement Class Members may submit Claim Forms to receive settlement benefits, which will end ninety (90) days after the Notice Deadline.

7.    "Court" means the United States District Court for the Western District of Washington.

8.    "Credit Monitoring Services" means two years of credit monitoring provided by Identity Theft Guard Solutions, Inc. d/b/a IDX. These services include one-bureau credit monitoring; dark web monitoring; real-time inquiry alerts; and $1 million in identity theft insurance, among other features.

9.    "Data Incident" means the data security incident affecting Defendant starting on or around August 7, 2024.

10.    "Defendant's Counsel" means Jennifer Torrez of McDonald Hopkins LLC.

11.    "Effective Date" means the later of (a) thirty-one (31) days after entry of the Final Approval Order and Judgment if no appeals are taken from the Final Approval Order and Judgment, or (b) if appeals are taken from the Final Approval Order and Judgment, then the earlier

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

of thirty-one (31) days after the last appellate court ruling affirming the Final Approval Order and Judgment or thirty-one (31) days after the entry of a dismissal of the appeal.

12.    "Fee Award and Costs" means the amount of attorneys' fees and reimbursement of Litigation Costs and Expenses awarded by the Court to Settlement Class Counsel.

13.    "Final Approval Hearing" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement and to enter a judgment approving the Settlement Agreement, approving the Fee Award and Costs, and approving Service Awards to the Class Representatives.

14.    "Final Approval Order and Judgment" means an order and judgment substantially in the form attached hereto as **Exhibit E** that the Court enters, which finally approves the Settlement Agreement, certifies the Settlement Class, dismisses the Action with prejudice, and otherwise satisfies the settlement-related provisions of the Federal Rules of Civil Procedure and is consistent with all material provisions of this Agreement.

15.    "Litigation Costs and Expenses" means costs and expenses incurred by counsel for Plaintiffs in connection with commencing, prosecuting, and settling the Action.

16.    "Net Settlement Fund" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) Notice and Administrative Expenses, (ii) Taxes and Tax-Related Expenses, (iii) Service Awards Payments approved by the Court, (iv) Fee Award and Costs approved by the Court, and (v) the cost of providing Credit Monitoring Services.

17.    "Non-Profit Residual Recipient" means the Legal Foundation of Washington, or a non-profit organization(s) otherwise approved by the Court.

18.    "Notice" means direct notice of the proposed class action Settlement to be provided to Settlement Class Members, that the Parties will ask the Court to approve in connection with the motion for preliminary approval of the Settlement, and which is to be provided substantially in the forms attached hereto as **Exhibit A** ("Short Form Notices") and **Exhibit B** ("Long Form Notice").

19.    "Notice Deadline" means the last day by which Notice must begin to issue to the Settlement Class Members, and which will occur thirty (30) days after entry of the Preliminary Approval Order.

20.    "Notice and Administrative Expenses" means all of the expenses incurred in the administration of this Settlement, including, without limitation, all expenses or costs associated with providing the CAFA Notice and Notice to the Settlement Class, locating Settlement Class Members, performing National Change of Address search(es) and/or skip tracing, processing claims, determining the eligibility of any person to be a Settlement Class Member, and administering, calculating, and distributing the Settlement Fund to Settlement Class Members. Notice and Administrative Expenses also include all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

21.     "Objection Deadline" is the last day on which a Settlement Class Member may file a written objection to the Settlement or the application for a Fee Award and Costs, which will be 60 days after the Notice Deadline, or other such date as ordered by the Court.

22.     "Opt Out" means a Settlement Class Member (i) who timely submits a properly completed and executed Request for Exclusion, (ii) who does not rescind that Request for Exclusion prior to the Opt-Out Deadline, and (iii) as to which there is not a successful challenge to the Request for Exclusion.

23.     "Opt-Out Deadline" is the last day on which a Settlement Class Member may postmark a Request for Exclusion, 60 days after the Notice Deadline.

24.     "Out-of-Pocket Losses" means documented out-of-pocket costs or expenditures that a Settlement Class Member actually incurred that are fairly traceable to the Data Incident, and that have not already been reimbursed by a third party, as set forth in Paragraph 54.

25.     "Participating Settlement Class Member" means a Settlement Class Member who does not submit a valid Request for Exclusion prior to the Opt-Out Deadline, as set forth in Paragraph 71.

26.     "Personal Information" means information that identifies an individual or that in combination with other information can be used to identify, locate, or contact an individual. The term "Personal Information" is not intended here, nor should it be viewed as, having any bearing on the meaning of this term or similar term in any statute or other source of law beyond this Agreement, or how the Parties may use the term in other circumstances.

27.     "Preliminary Approval Order" means an order directing issuance of Notice to Settlement Class Members, determining that the Court will likely be able to approve the Settlement under Federal Rule of Civil Procedure 23(e)(2), and determining that the Court will likely be able to certify the Settlement Class for purposes of judgment. Such order will include the forms and procedure for providing notice to the Settlement Class, including notice of the procedure for Settlement Class Members to object to or opt out of the Settlement, and set a date for the Final Approval Hearing, substantially in the form annexed hereto as **Exhibit D**.

28.     "Pro Rata Cash Payment" or "Cash Payment" means a *pro rata* cash payment from the Net Settlement Fund, estimated at $50, with the final payment amounts depending on the number of Approved Claims submitted, which a Settlement Class Member may claim under this Settlement Agreement, as set forth in Paragraphs 52–53.

29.     "Released Claims" means any and all past, present, and/or future claims, liabilities, rights, demands, suits, actions, causes of action, obligations, damages, penalties, costs, attorneys' fees, losses, defenses, and remedies of every kind or description in law or in equity, including but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. §§ 45 et seq., and all similar statutes in effect in any states in

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

the United States; all state consumer protection statutes; violations of any federal or state data breach notification statute; negligence; negligence per se; breach of implied contract; breach of fiduciary duty; invasion of privacy; unjust enrichment; and failure to provide adequate notice pursuant to any breach notification statute or common law duty, as well as monetary sanctions or damages for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, or interest—whether known or unknown (including Unknown Claims as set forth in Paragraph 83), existing or potential, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—that the Releasing Parties had or have that have been or could have been asserted in the Action or that otherwise relate to or arise from the Data Incident, the operative facts alleged in the Action, including the complaint and the amendments thereto, the alleged access, disclosure and/or acquisition of Settlement Class Members' Personal Information in the Data Incident, Defendant's provision of notice to Settlement Class Members following the Data Incident, Defendant's information security policies and practices as they relate to or arise from the Data Incident, or Defendant's maintenance or storage of Personal Information as they relate to or arise from the Data Incident, regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law.

30.    "Released Parties" means Defendant and each and every of its respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of its past, present, and future officers, directors, members, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, agents and/or third-party administrators thereof, subrogees and assigns of any of the foregoing, as well as clients of Defendant and each and every of their respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees and assigns of any of the foregoing. Each of the Released Parties may be referred to individually as a "Released Party." It is expressly understood that to the extent a Released Party is not a party to this Agreement, all such Released Parties are intended third-party beneficiaries of the Agreement.

31.    "Releasing Parties" means (i) Plaintiffs and all Settlement Class Members, (ii) each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, affiliates, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by the entireties, agents, and attorneys, (iii) any entities in which a Plaintiffs and/or other participating Settlement Class Member has or had a controlling interest or that has or had a controlling interest in him, her, or it, and (iv) any other person or entity (including any governmental entity) claiming by or through, on behalf of, for the benefit of, derivatively for, or as representative of a Plaintiff and/or any other Settlement Class Member, and all those who claim through them or on their behalf.

32.    "Request for Exclusion" is the written communication by or on behalf of a Settlement Class Member in which he or she requests to be excluded from the Settlement Class in the form and manner provided for in the Notice.

5

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

33.    "Residual Settlement Fund" means any funds that remain in the Settlement Fund after Settlement Payments have been distributed and the time for cashing and/or redeeming Settlement Payments has expired.

34.    "Service Award Payment" means compensation awarded by the Court and paid to any Settlement Class Representative in recognition of his or her role in this litigation.

35.    "Settlement" means the settlement of the Action by and between the Parties, and the terms thereof as stated in this Settlement Agreement.

36.    "Settlement Administrator" means Eisner Advisory Group, LLC, a notice and settlement administrator with recognized expertise in class action notice and claims generally and data security litigation specifically, as jointly agreed upon by the Settling Parties and approved by the Court.

37.    "Settlement Class" means the persons who are identified on the Settlement Class List, which includes all individuals residing in the United States whose Personal Information was potentially compromised in the Data Incident discovered by Defendant in November 2024, including all those individuals who received notice of the Data Incident. Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

38.    "Settlement Class Counsel" means Kaleigh Boyd of McNaul Ebel PLLC, Raina Borrelli of Strauss Borrelli PLLC, Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP, and Jessica Wilkes of Federman & Sherwood.

39.    "Settlement Class List" means the list generated by Defendant containing the full names and current or last known home addresses for Settlement Class Members, which Defendant shall provide to the Settlement Administrator within 10 days of the Preliminary Approval Order.

40.    "Settlement Class Member" means an individual who falls within the definition of the Settlement Class.

41.    "Settlement Class Representative(s)" means Anthony Crowley, Steven Sanchez, Kaylee Rinne, Samantha Bodtker, Teresa Bushek, Jeff Hoffman, Craig Vann, and James Munger.

42.    "Settlement Fund" means the sum of Two Million Five Hundred Thousand Dollars and Zero Cents ($2,500,000.00) to be paid by or on behalf of Defendant as specified in Paragraph 46, including any interest accrued thereon after payment. This payment is the limit and extent of the monetary obligations of Defendant, its respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of its past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, agents and/or third-party administrators thereof, subrogees and assigns of any of the foregoing, with respect to this Agreement and the settlement of this

6

matter. As such, the Settlement Fund represents the total extent of Defendant's monetary obligations under the Settlement Agreement. Defendant's contribution to the Settlement Fund shall be fixed and shall be final. Defendant shall have no obligation to make further payments into the Settlement Fund and shall have no financial responsibility or obligation relating to the Settlement beyond the Settlement Fund.

43.     "Settlement Payment" or "Settlement Check" means the payment to be made via mailed check or electronic payment to a Settlement Class Member pursuant to Paragraph 60.

44.     "Settlement Website" means the website that the Settlement Administrator will establish as soon as practicable following entry of the Preliminary Approval Order, but prior to the mailing of the Notice, as a means for Settlement Class Members to obtain notice of and information about the Settlement and relevant case documents and deadlines. The Settlement Website shall contain relevant documents, including, but not limited to, Notice documents (Exhibits A and B), this Agreement, Plaintiffs' motion for preliminary approval of the Settlement, the Preliminary Approval Order, Plaintiffs' motion for an award of attorneys' fees, costs and expenses, and/or service awards, and the operative complaint in the Action. The Settlement Website shall also include a toll-free telephone number, e-mail address, and mailing address through which Settlement Class Members may contact the Settlement Administrator directly. Settlement Class Members shall be able to submit Claim Forms electronically via the Settlement Website. The Settlement Website shall not include any advertising and shall remain operational until at least sixty (60) days after all Settlement Payments have been distributed.

45.     "Taxes and Tax-Related Expenses" means any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon Defendant with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Settlement Fund.

## II.    <u>SETTLEMENT FUND</u>

46.     **Establishment of Settlement Fund**. Defendant agrees to make a payment, and deposit that payment into, the Settlement Fund as follows: (a) Within thirty (30) days of the Court granting preliminary approval of this Settlement, Defendant shall pay, from the total settlement amount, to the Settlement Administrator an amount estimated by the Settlement Administrator (said amount being part of and not in addition to the Settlement Fund) to defray the actual expenses of Notice to Settlement Class Members; (b) not more than ten (10) days after the Effective Date, Defendant shall pay into a qualified settlement fund to be established and maintained by the Settlement Administrator the remaining portion of the Settlement Fund. For the avoidance of doubt, and for purposes of this Settlement Agreement only, Defendant's liability shall not exceed Two Million Five Hundred Thousand Dollars and Zero Cents ($2,500,000.00). To the extent this Settlement is not finally approved, Defendant will be entitled to the return of any amounts not already incurred by the Settlement Administrator in connection with administration of the Settlement. The Settlement Administrator shall provide wiring instructions and a properly completed and duly executed IRS Form W-9 to Defendant within five (5) days of the entry of the

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

Preliminary Approval Order. Following Defendant's payment of all Settlement Fund monies as described in this Paragraph after Final Approval, Defendant shall have no responsibility, financial obligation, or liability whatsoever with respect to the selection of the Settlement Fund account, investment of Settlement Fund account funds, payment of federal, state, and local income, employment, unemployment, excise, and any other Taxes or Tax-Related Expenses imposed on the Settlement Fund account or its distributions, or payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the Settlement Fund.

47.    **Non-Reversionary**. The Settlement Fund is non-reversionary. As of the Effective Date, all rights of Defendant in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is terminated, as described in Paragraph 82.

48.    **Qualified Settlement Fund**. The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes and Tax-Related Expenses owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation. Funds may be placed in a non-interest bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

49.    **Custody of Settlement Fund**. The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or the balance returned to those who paid the Settlement Fund in the event this Settlement Agreement is terminated in accordance with Paragraph 82.

50.    **Use of the Settlement Fund**. As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay: (i) all costs of Settlement Administration including Taxes and Tax-Related Expenses; (ii) approved Out-of-Pocket Loss Claims; (iii) approved Pro Rata Cash Payments; (iv) approved claims for Credit Monitoring Services; (v) Service Awards; and (vi) Fee Award and Costs. Any amount remaining in the Residual Settlement Fund shall be paid to the Non-Profit Residual Recipient in accordance with Paragraph 68. No amounts may be withdrawn from the Settlement Fund unless expressly authorized by this Agreement or approved by the Court.

51.    **Taxes and Representations**. Taxes and Tax-Related Expenses relating to the Settlement Fund shall be considered Notice and Administrative Expenses and shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties, their counsel, and their insurers and reinsurers for Taxes and Tax-Related Expenses (including, without limitation, taxes

8

payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Settlement Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Settlement Class Representative and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

## III.    SETTLEMENT BENEFITS

### a.    Pro Rata Cash Payment

52.    **Pro Rata Cash Payment**. All Settlement Class Members may submit a claim for a Pro Rata Cash Payment from the Net Settlement Fund, estimated at $50, with the final payment amounts adjusted up (to a maximum of $450) or down depending on the number of Approved Claims submitted, by submitting a Claim Form to the Settlement Administrator no later than the Claims Deadline. The Pro Rata Cash Payment will be calculated in accordance with Paragraph 67.

53.    **Assessing Claims for Pro Rata Cash Payments**. The Settlement Administrator shall verify that each person who submits a Claim Form is a Settlement Class Member. A Settlement Class Member shall not be required to submit any documentation or additional information in support of their claim for a Pro Rata Cash Payment. The Settlement Administrator shall have the sole discretion and authority to determine whether the prerequisites have been met to award payments for Pro Rata Cash Payments.

### b.    Reimbursement For Out-Of-Pocket Losses

54.    **Reimbursement for Out-of-Pocket Losses**. In addition to the Pro Rata Cash Payment, all Settlement Class Members may submit a claim for Out-of-Pocket Losses. All Settlement Class Members may submit a claim for up to Five Thousand Dollars and Zero Cents ($5,000.00) for reimbursement of Out-of-Pocket Losses. "Out-of-Pocket Losses" are unreimbursed costs or expenditures incurred by a Settlement Class Member that are fairly traceable to the Data Incident including, without limitation, the following: (i) unreimbursed costs, expenses, losses, or charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of Settlement Class Member's Personal Information; (ii) costs incurred on or after August 7, 2024, associated with purchasing or extending additional credit monitoring or identity theft protection services and/or accessing or freezing/unfreezing credit reports with any credit reporting agency; and (iii) other miscellaneous expenses incurred related to any Out-of-Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges. Settlement Class Members who elect to submit a claim for Reimbursement of Out-of-Pocket Losses must provide to the Settlement Administrator the information required to evaluate the claim, including: (1) the Settlement Class Member's name and current address; (2) documentation supporting their claim; (3) a brief description of the documentation describing the nature of the loss, if the nature of the loss is not apparent from the documentation alone; and (4) whether the Settlement Class Member has been reimbursed for the loss by another source. Documentation supporting Out-of-Pocket Losses can include receipts or other documentation not "self-prepared"

9

by the Settlement Class Member that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation. Settlement Class Members shall not be reimbursed for Out-of-Pocket Losses if they have already been reimbursed for the same Out-of-Pocket Losses by another source. A claim for reimbursement for Out-of-Pocket Losses may be combined with a claim for a Pro Rata Cash Payment and Credit Monitoring Services but in no circumstance will a Settlement Class Member be eligible to receive more than the Five Thousand Dollars and Zero Cents ($5,000.00) cap.

55.    **Assessing Claims for Out-of-Pocket Losses**. The Settlement Administrator shall verify that each person who submits a Claim Form is a Settlement Class Member. The Settlement Administrator shall have the sole discretion and authority to determine whether and to what extent documentation for Out-of-Pocket Losses reflects valid Out-of-Pocket Losses actually incurred that are fairly traceable to the Data Incident, but may consult with Settlement Class Counsel and Defendant's Counsel in making individual determinations. In assessing what qualifies as "fairly traceable," the Parties agree to instruct the Settlement Administrator to consider (i) whether the timing of the loss occurred on or after August 7, 2024; and/or (ii) whether the Personal Information used to commit identity theft or fraud consisted of the same type of Personal Information that was potentially impacted as a result of the Data Incident. The Settlement Administrator is authorized to contact any Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity. Settlement Class Members that file a Claim for Out-of-Pocket Losses only and not for a Pro Rata Cash Payment and have their Out-of-Pocket Losses Claim rejected may be treated by the Settlement Administrator as if he or she elected a Pro Rata Cash Payment.

56.    **Disputes**. To the extent the Settlement Administrator determines a claim for Out-of-Pocket Losses is deficient in whole or part, within a reasonable time of making such a determination, the Settlement Administrator shall notify the Settlement Class Member of the deficiencies and give the Settlement Class Member twenty-one (21) days to cure the deficiencies. Such notifications shall be sent via e-mail, unless the claimant did not provide an e-mail address, in which case such notifications shall be sent via U.S. mail. If the Settlement Class Member attempts to cure the deficiencies but, at the sole discretion and authority of the Settlement Administrator, fails to do so, the Settlement Administrator shall notify the Settlement Class Member of that determination within ten (10) days of the determination. The Settlement Administrator may consult with Settlement Class Counsel and Defendant's Counsel in making such determinations.

c.    **Credit Monitoring Services**

57.    All Settlement Class Members are eligible to enroll in 2 years of Credit Monitoring Services provided by Identity Theft Guard Solutions, Inc. d/b/a IDX. The Settlement Administrator shall send an activation code to each valid Credit Monitoring Services claimant within fourteen (14) days of the Effective Date that can be used to activate Credit Monitoring Services. Such enrollment codes shall be sent via e-mail, unless the claimant did not provide an e-mail address, in which case such codes shall be sent via U.S. mail. Codes will be active for 180 days after the date of mailing, and may be used to activate the full term if used at any time during that 180-day

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

period. The provider shall provide Credit Monitoring Services to all valid claimants who timely activate those services for a period of 2 years from the date of activation. Credit Monitoring expenses, the administration of which will be undertaken by the Settlement Administrator and overseen by Settlement Class Counsel, will be paid for from the Settlement Fund.

### d.    **Additional Security Measures**

58.    Defendant has confirmed that it has made certain changes to its information security, valued at approximately $775,000, and will attest to these changes in a confidential declaration, suitable for filing under seal if and as necessary, provided to Settlement Class Counsel. Costs associated with these security-related measures should be paid by Defendant separate and apart from other settlement benefits and separate and apart from the Settlement Fund. The information provided by Defendant pursuant to this paragraph shall be treated as confidential and cannot be used for any purpose other than approval and enforcement of this Settlement Agreement.

## IV.    CAFA NOTICE

59.    The Settlement Administrator will serve or cause to be served the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, not later than ten (10) days after Plaintiffs move for preliminary approval of this Settlement.

## V.    **PAYMENTS TO SETTLEMENT CLASS MEMBERS**

60.    **Payment Timing**. Payments for Approved Claims for reimbursement for Out-of-Pocket Losses and Pro Rata Cash Payments shall be issued in the form of an electronic payment or check mailed as soon as practicable after the allocation and distribution of funds are determined by the Settlement Administrator following the Effective Date. The Settlement Administrator shall utilize electronic payment methods wherever possible.

61.    **Timing**. To the extent payments are made by check, settlement checks shall bear the legend that they expire if not negotiated within sixty (60) days of their date of issue.

62.    **Returned Checks**. For any electronic payment or settlement check returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to locate a valid address and resend the Settlement Payment within thirty (30) days after the electronic payment or check is returned to the Settlement Administrator as undeliverable. In attempting to locate a valid address, the Settlement Administrator is authorized to send an e-mail and/or place a telephone call to that Settlement Class Member to obtain updated address information. Any replacement electronic payment(s) or settlement check(s) issued to Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Settlement Class Members within that time.

63.    **Uncashed Checks**. To the extent that an electronic payment or settlement check is not cashed, accepted and/or negotiated within sixty (60) days after the date of issue, the Settlement

11

Administrator shall undertake the following actions: (1) attempt to contact the Settlement Class Member by e-mail and/or telephone to discuss how to obtain a reissued electronic payment or check; (2) if those efforts are unsuccessful, make reasonable efforts to locate an updated address for the Settlement Class Member using advanced address searches or other reasonable methods; and (3) reissuing an electronic payment or check or mailing the Settlement Class Member a postcard (either to an updated address if located or the original address if not) providing information regarding how to obtain a reissued electronic payment or check. Any reissued electronic payment(s) or settlement check(s) issued to Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Settlement Class Members within that time.

64.    **Deceased Class Members**. If the Settlement Administrator is notified that a Settlement Class Member is deceased, the Settlement Administrator is authorized to reissue the electronic payment(s) or settlement check(s) to the Settlement Class Member's estate upon receiving proof the Settlement Class Member is deceased and after consultation with Settlement Class Counsel and Defendant's Counsel.

## VI.    CLAIMS; DISTRIBUTION OF SETTLEMENT FUNDS; RESIDUAL SETTLEMENT FUND

65.    **Submission of Electronic and Hard Copy Claims**. Settlement Class Members may submit Claim Forms to the Settlement Administrator electronically via the Settlement Website or physically by mail to the Settlement Administrator. Claim Forms submitted electronically via the Settlement Website must contain the unique claim ID printed on the Short Form Notices mailed to Settlement Class Members. Claim Forms must be submitted electronically or postmarked during the Claims Period and on or before the Claims Deadline.

66.    **Order of Distribution of Funds**. The Settlement Administrator must first use the funds available in the Settlement Fund (after payment of Notice and Administrative Expenses and Taxes and Tax-Related Expenses) to make payments for Court-approved Service Awards, followed by Court-approved Fee Award and Costs, followed by Approved Claims for Credit Monitoring Services, followed by Approved Claims for Out-of-Pocket Losses, followed by Approved Claims for Pro Rata Cash Payments. The balance of the Settlement Fund after the payment of Approved Claims for Credit Monitoring Services is the "Net Settlement Fund."

67.    **Pro-Rata Contingencies**.

a.    The aggregate value of Approved Claims for Out-of-Pocket Losses shall not exceed 50% of the Net Settlement Fund. If the aggregate value of Approved Claims for Out-of-Pocket Losses exceeds 50% of the Net Settlement Fund, then compensation for Approved Claims for Out-of-Pocket Losses shall be reduced on a *pro rata* basis, such that the aggregate value of Approved Claims for Out-of-Pocket Losses is no more than 50% of the Net Settlement Fund.

b.    If the funds remaining in the Net Settlement Fund after payment of Approved Claims for Out-of-Pocket Losses are not sufficient to make payment for the full amount of the Approved Claims for Pro Rata Cash Payments (*i.e.*, Fifty Dollars and Zero Cents [$50.00] per Approved Claim), then the value of the Approved Claims for Pro Rata Cash Payments shall be

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

reduced on a *pro rata* basis, such that the aggregate value of all payments for Approved Claims does not exceed the Net Settlement Fund.

        c.      The Pro Rata Cash Payment amount may be increased up to a maximum of $450.00 based on the amount of the Net Settlement Fund and the number of Approved Claims submitted. To ensure that the maximum amount of the Net Settlement Fund is distributed, following the payment of Approved Claims for Out-of-Pocket Losses, the amount remaining in the Net Settlement Fund shall be divided by the number of Settlement Class Members who submit Approved Claims for Pro Rata Cash Payments and allocated on a *pro rata* basis up to $450.00 to all Settlement Class Members who submitted Approved Claims for Pro Rata Cash Payments.

        d.      All *pro rata* determinations required by this Paragraph shall be performed by the Settlement Administrator upon notice to Settlement Class Counsel and Defendant's Counsel.

68.      **Unclaimed Property**. No portion of the Settlement Fund shall revert or be repaid to Defendant after the Effective Date. To the extent any monies remain in the Residual Settlement Fund more than 150 days after the distribution of Settlement payments to the Settlement Class Members, or 30 days after all reissued Settlement Checks are no longer negotiable, whichever occurs later or as otherwise agreed to by the Parties, any remaining monies shall be distributed as required by state law or to the Non-Profit Residual Recipient.

## VII.   SETTLEMENT CLASS NOTICE

69.      **Timing of Notice**. No later than ten (10) days after the date of the Preliminary Approval Order, Defendant shall provide the Settlement Class List to the Settlement Administrator. Within thirty (30) days after the date of the Preliminary Approval Order, the Settlement Administrator shall disseminate the Short Form Notice to the members of the Settlement Class. The Settlement Administrator shall make the Long Form Notice and Claim Form available to Settlement Class Members on the Settlement Website.

70.      **Form of Notice**. Notice shall include dissemination via U.S. mail to Settlement Class Members as postcard notice with an attached, tear-off Claim Form. Reminder notice shall be sent if necessary and agreed upon by both Settlement Class Counsel and Defendant's Counsel.

## VIII.   OPT-OUTS AND OBJECTIONS

71.      **Opt-Outs**. The Notice shall explain the procedure for Settlement Class Members to exclude themselves or "opt-out" of the Settlement by submitting a Request for Exclusion to the Settlement Administrator postmarked no later than the Opt-Out Deadline. The Request for Exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication. The Notice must state that any Settlement Class Member who does not file a timely Request for Exclusion in accordance with this Paragraph will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement.

13

72.    **Objections**. The Notice shall explain the procedure for Settlement Class Members to object to the Settlement by submitting written objections to the Settlement Administrator postmarked no later than the Objection Deadline. The written objection must include (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vii) a list of all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection to a class action settlement; and (viii) the signature (or electronic equivalent) of the Settlement Class Member or the Settlement Class Member's attorney. The Notice must set forth the time and place of the Final Approval Hearing (subject to change).

73.    Within seven (7) days after the Opt-Out and Objection Deadlines, the Settlement Administrator shall furnish to counsel for the Parties a complete list of all timely and valid Requests for Exclusion and/or objections.

## IX.    DUTIES OF THE SETTLEMENT ADMINISTRATOR

74.    **Duties of Settlement Administrator**. The Settlement Administrator shall perform the functions and duties necessary to effectuate the Settlement and as specified in this Agreement, including, but not limited to, the following:

a.    Creating, administering, and overseeing the Settlement Fund;

b.    Obtaining the Settlement Class List for the purpose of disseminating Notice to Settlement Class Members;

c.    Performing National Change of Address searches and/or skip tracing on the Settlement Class List;

d.    Providing Notice to Settlement Class Members, including via U.S. mail;

e.    Establishing and maintaining the Settlement Website;

f.    Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries within one (1) business day;

g.    Responding to any mailed or emailed Settlement Class Member inquiries within one (1) business day;

h.    Reviewing, determining the validity of, and processing all claims submitted by Settlement Class Members;

14

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

       i.      Receiving Requests for Exclusion and objections from Settlement Class Members and providing Settlement Class Counsel and Defendant's Counsel a copy thereof no later than seven (7) days following the deadline for submission of the same. If the Settlement Administrator receives any Requests for Exclusion, objections, or other requests from Settlement Class Members after the Opt-Out and Objection Deadlines, the Settlement Administrator shall promptly provide copies thereof to Settlement Class Counsel and Defendant's Counsel;

       j.      After the Effective Date, processing and transmitting settlement payments to Settlement Class Members;

       k.      Providing weekly or other periodic reports to Settlement Class Counsel and Defendant's Counsel that include information regarding the number of settlement electronic payments and/or checks mailed and delivered, electronic payments and/or settlement checks cashed, undeliverable information, and any other requested information relating to settlement payments. The Settlement Administrator shall also, as requested by Settlement Class Counsel or Defendant's Counsel and from time to time, provide the amounts remaining in the Net Settlement Fund;

       l.      In advance of the Final Approval Hearing, preparing an affidavit to submit to the Court that: (i) attests to implementation of Notice in accordance with the Preliminary Approval Order; and (ii) identifies each Settlement Class Member who timely and properly submitted a Request for Exclusion; and

       m.      Performing any function related to settlement administration as provided for in this Agreement or at the agreed-upon instruction of Settlement Class Counsel or Defendant's Counsel, including, but not limited to, verifying that settlement payments have been distributed.

       75.    **Limitation of Liability**. The Parties, Settlement Class Counsel, Defendant's Counsel, and Defendant's insurers, reinsurers, agents and/or third-party administrators, shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

       76.    **Indemnification**. The Settlement Administrator shall indemnify and hold harmless the Parties, Settlement Class Counsel, Defendant's Counsel, and Defendant's insurers and reinsurers for (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Plan and the administration of the Settlement; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the

15

determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

## X.   PRELIMINARY APPROVAL, FINAL APPROVAL, AND JURISDICTION

77.   **Certification of the Settlement Class**. For purposes of this Settlement only, the Parties stipulate to the certification of the Settlement Class, which is contingent upon the Court entering the Final Approval Order and Judgment of this Settlement and the occurrence of the Effective Date. Should: (1) the Settlement not receive final approval from the Court, or (2) the Effective Date not occur, the certification of the Settlement Class shall be void. Defendant reserves the right to contest class certification for all other purposes. The Parties further stipulate to designating the Settlement Class Representatives as the representatives for the Settlement Class.

78.   **Preliminary Approval**. Following execution of this Agreement, Settlement Class Counsel shall file a motion for preliminary approval of this Settlement with the Court. Settlement Class Counsel shall provide Defendant's Counsel with a draft of the motion for preliminary approval within a reasonable time frame prior to filing same.

79.   **Final Approval**. Settlement Class Counsel shall file their Motion for Final Approval of the Settlement, inclusive of Settlement Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards, no later than 45 days before the initial date set for the Final Approval Hearing. No later than one week before the Final Approval Hearing, Settlement Class Counsel may file a Reply addressing any objections to the Settlement. At the Final Approval Hearing, the Court will hear argument on Plaintiffs' Motion for Final Approval of the Settlement and Application for Attorneys' Fees, Costs, and Service Awards. In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement and/or to the Application for Attorneys' Fees, Costs, and Service Awards, provided the objector(s) submitted timely objections that meet all the requirements listed in the Agreement. Counsel for the Parties shall request that the Court set a date for the Final Approval Hearing no earlier than one-hundred and twenty (120) days after entry of the Preliminary Approval Order. Settlement Class Counsel shall provide Defendant's Counsel with a draft of the Motion for Final Approval within a reasonable time frame prior to filing same to ensure that any requested revisions from Defendant are addressed.

80.   **Jurisdiction**. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

16

## XI.    MODIFICATION AND TERMINATION

81.    **Modification**. The terms and provisions of this Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that, after entry of the Preliminary Approval Order, the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Agreement.

82.    **Termination**. Settlement Class Counsel (on behalf of the Settlement Class Members) and Defendant shall have the right to terminate this Agreement by providing written notice of their or its election to do so ("Termination Notice"): (1) within seven (7) days of the Court's refusal to grant preliminary approval of the Settlement in any material respect; or (2) within fourteen (14) days of either of the following: (a) the Court's refusal to enter the Judgment in any material respect, or (b) the date upon which the Judgment is modified or reversed in any material respect by any appellate or other court. No order of the Court or modification or reversal or appeal of any order of the Court concerning the amounts of the attorneys' fees and costs and/or Service Awards shall constitute grounds for termination of the Settlement.

83.    **Effect of Termination**. In the event of a termination as provided in Paragraph 82, this Agreement shall be considered null and void; all of the Parties' obligations under the Agreement shall cease to be of any force and effect and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved. Finally, in such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties and shall not be used in this Action or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

## XII.    RELEASE

84.    **The Release**. Upon the Effective Date, and in consideration of the Settlement benefits described herein, each Releasing Party shall be deemed to have released, acquitted, and forever discharged Defendant and each of the Released Parties from any and all Released Claims. Plaintiffs, Settlement Class Members, and any Releasing Parties covenant and agree that they will not take any step whatsoever to assert, sue on, continue, pursue, maintain, prosecute, or enforce any Released Claim, directly or indirectly, whether on behalf of themselves or others, against any of the Released Parties in any jurisdiction.

85.    **Unknown Claims**. The Released Claims include the release of Unknown Claims. "Unknown Claims" means claims that could have been raised in the Action and that Plaintiffs, any member of the Settlement Class or any Releasing Party, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the

17

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

Settlement. With respect to the Released Claims, Plaintiffs, Settlement Class Members, and any Releasing Parties, expressly understand and acknowledge it is possible that unknown economic losses or claims exist or that present losses may have been underestimated in amount or severity. Plaintiffs, Settlement Class Members, and any Releasing Parties explicitly took that into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between Plaintiffs and Defendant with the knowledge of the possibility of such unknown claims for economic loss, were given in exchange for a full accord, satisfaction, and discharge of all such claims. Upon the Effective Date, Plaintiffs, the Settlement Class, and any Releasing Party shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Settlement Class Representatives, the Settlement Class, and any Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, including but not limited to any Unknown Claims they may have, as that term is defined in this Paragraph. Each of those individuals expressly agrees that, as of the Effective Date, he or she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all of the matters described in or subsumed by this Agreement. Further, each of those individuals agrees and acknowledges that he or she shall be bound by this Agreement, including by the release herein and that all of their claims shall be dismissed with prejudice and released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law; and even if he or she never receives actual notice of the Settlement and/or never receives a payment from the Settlement.

86.     **Bar to Future Suits**. Upon entry of the Final Approval Order and Judgment, the Settlement Class Representatives, other Settlement Class Members, and Settlement Class Counsel and any other attorneys for Plaintiffs in the Action shall be enjoined from prosecuting any claim released in the preceding paragraphs in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by this Agreement or by the Final Approval Order and Judgment.  It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this section.

18

## XIII.  <u>SERVICE AWARDS</u>

87.  **Service Awards**. At least forty-five (45) days before the initially scheduled Final Approval Hearing, Settlement Class Counsel will file a motion seeking a service award payment not to exceed Three Thousand Five Hundred Dollars and Zero Cents ($3,500.00) for each of the Settlement Class Representatives in recognition of their contributions to this Action, subject to Court approval. Defendant takes no position on the request for Service Awards in this amount. The Settlement Administrator shall make the Service Award Payments to the Settlement Class Representatives from the Settlement Fund. Such Service Award Payments shall be paid by the Settlement Administrator, in the amount approved by the Court, no later than thirty (30) days after the Effective Date.

88.  **No Effect on Agreement**. In the event the Court declines to approve, in whole or in part, the payment of service awards in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the service awards shall constitute grounds for termination of this Agreement.

## XIV.  <u>ATTORNEYS' FEES, COSTS, EXPENSES</u>

89.  **Attorneys' Fees and Costs and Expenses**. At least forty-five (45) days before the initially scheduled Final Approval Hearing, Settlement Class Counsel will file a motion for an award of attorneys' fees not to exceed one-third of the Settlement Fund, or Eight Hundred and Thirty-Three Thousand, Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($833,333.33), plus reasonable litigation costs and expenses, to be paid from the Settlement Fund, and subject to Court approval. Defendant takes no position on the request for a Fee Award and Costs in this amount. The Fee Award and Costs shall be paid by the Settlement Administrator from the Settlement Fund, in the amount approved by the Court, no later than thirty (30) days after the Effective Date.

90.  **Allocation**. To the extent applicable, and unless otherwise ordered by the Court, Settlement Class Counsel shall have the sole and absolute discretion to allocate any approved Fee Award and Costs amongst Plaintiffs' counsel and any other attorneys for Plaintiffs. Defendant and its insurers and reinsurers shall have no liability or other responsibility for allocation of any such attorneys' fees and costs.

91.  **No Effect on Agreement**. In the event the Court declines to approve, in whole or in part, the payment of attorneys' fees and costs and expenses in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the service awards shall constitute grounds for termination of this Agreement.

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

## XV.    NO ADMISSION OF LIABILITY

92.    **No Admission of Liability**. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

93.    **No Use of Agreement**. Neither the Settlement Agreement, nor any act performed or document produced or executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiffs; or (ii) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission by Defendant in the Action or in any proceeding in any court, administrative agency or other tribunal.

## XVI.    MISCELLANEOUS

94.    **Integration of Exhibits**. The exhibits to this Agreement and any exhibits thereto are a material part of the Settlement and are incorporated and made a part of the Agreement.

95.    **Entire Agreement**. This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject matter hereof and shall supersede any previous agreements, representations, communications and understandings among the Parties. This Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval. The Parties contemplate that, subject to Court approval or without such approval where legally permissible, the exhibits to this Agreement may be modified by subsequent Agreement of counsel for the Parties prior to dissemination of the Settlement Class Notice to the Settlement Class.

96.    **Deadlines**. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference to "days" in this agreement shall refer to calendar days unless otherwise specified.

97.    **Singular and Plurals**. As used in this Agreement, all references to the plural shall also mean the singular and to the singular shall also mean the plural whenever the context so indicates.

98.    **Headings**. The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

99.    **Construction**. For the purpose of construing or interpreting this Agreement, the Parties agree that this Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

20

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

100.    **Cooperation of Parties**. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, seek Court approval, defend Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

101.    **Obligation to Meet and Confer**. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted in good faith.

102.    **No Conflict Intended**. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

103.    **Governing Law**. The Agreement shall be construed in accordance with, and be governed by, the laws of the State of Washington, without regard to the principles thereof regarding choice of law.

104.    **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all signatories do not sign the same counterparts. Original signatures are not required. Any signature submitted electronically, by facsimile, or through e-mail of an Adobe PDF shall be deemed an original.

105.    **Notices**. All notices to Settlement Class Counsel provided for herein, shall be sent by overnight mail and email to:

Raina C. Borrelli
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Tel: (872) 263-1100
Email: raina@straussborrelli.com

Kaleigh N. Boyd, WSBA #52684
**MCNAUL EBEL PLLC**
One Union Square
600 University Street, Suite 2700
Seattle, WA 98101
Tel: (206) 467-1816
Email: kboyd@mcnaul.com

All notices to Defendant provided for herein, shall be sent by overnight mail and email to:

Jennifer W. Torrez
**MCDONALD HOPKINS LLC**
300 North LaSalle Street, Suite 1400
Chicago, Illinois 60654
Tel: (312)280-0111
Email: jtorrez@mcdonaldhopkins.com

21

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

The notice recipients and addresses designated above may be changed by written notice.

106.    **Authority**. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

<u>**SIGNATURES**</u>

**ANTHONY CROWLEY**

By: _____          Date: 03 / 31 / 2026

**STEVEN SANCHEZ**

By: _____          Date: _____

**KAYLEE RINNE**

By: _____          Date: _____

**SAMANTHA BODTKER**

By: _____          Date: _____

**TERESA BUSHEK**

By: _____          Date: _____

**JEFF HOFFMAN**

By: _____          Date: _____

**CRAIG VANN**

By: _____          Date: _____

**JAMES MUNGER**

By: _____          Date: _____

Doc ID: 3a33024e29d22b9f...

The notice recipients and addresses designated above may be changed by written notice.

106. **Authority**. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

## SIGNATURES

**ANTHONY CROWLEY**

By: _____          Date: _____

**STEVEN SANCHEZ**

By: *Steven Lee Sanchez*          Date: 03 / 31 / 2026

**KAYLEE RINNE**

By: _____          Date: _____

**SAMANTHA BODTKER**

By: _____          Date: _____

**TERESA BUSHEK**

By: _____          Date: _____

**JEFF HOFFMAN**

By: _____          Date: _____

**CRAIG VANN**

By: _____          Date: _____

**JAMES MUNGER**

By: _____          Date: _____

22

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

The notice recipients and addresses designated above may be changed by written notice.

106.    **Authority**. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

<u>**SIGNATURES**</u>

**ANTHONY CROWLEY**

By: _____        Date: _____

**STEVEN SANCHEZ**

By: _____        Date: _____

**KAYLEE RINNE**

By: _Signed by: kaylee Rinne_        Date: _3/23/2026_
  7C754D2EEFCF485...

**SAMANTHA BODTKER**

By: _____        Date: _____

**TERESA BUSHEK**

By: _____        Date: _____

**JEFF HOFFMAN**

By: _____        Date: _____

**CRAIG VANN**

By: _____        Date: _____

**JAMES MUNGER**

By: _____        Date: _____

The notice recipients and addresses designated above may be changed by written notice.

106.    **Authority**. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

## SIGNATURES

**ANTHONY CROWLEY**

By: _____          Date: _____

**STEVEN SANCHEZ**

By: _____          Date: _____

**KAYLEE RINNE**

By: _____          Date: _____

**SAMANTHA BODTKER**

By: _Samantha Bodtker_____          Date: _03/23/2026_____

**TERESA BUSHEK**

By: _____          Date: _____

**JEFF HOFFMAN**

By: _____          Date: _____

**CRAIG VANN**

By: _____          Date: _____

**JAMES MUNGER**

By: _____          Date: _____

22

The notice recipients and addresses designated above may be changed by written notice.

106.     **Authority**. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

## SIGNATURES

**ANTHONY CROWLEY**

By: _____          Date: _____

**STEVEN SANCHEZ**

By: _____          Date: _____

**KAYLEE RINNE**

By: _____          Date: _____

**SAMANTHA BODTKER**

By: _____          Date: _____

**TERESA BUSHEK**

By: _Teresa Bushek_____          Date: _3/26/2026_____

**JEFF HOFFMAN**

By: _____          Date: _____

**CRAIG VANN**

By: _____          Date: _____

**JAMES MUNGER**

By: _____          Date: _____

22

The notice recipients and addresses designated above may be changed by written notice.

106.    **Authority**. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

<u>SIGNATURES</u>

**ANTHONY CROWLEY**

By: _____          Date: _____

**STEVEN SANCHEZ**

By: _____          Date: _____

**KAYLEE RINNE**

By: _____          Date: _____

**SAMANTHA BODTKER**

By: _____          Date: _____

**TERESA BUSHEK**

By: _____          Date: _____

**JEFF HOFFMAN**

By: _____          Date: 03/30/2026

**CRAIG VANN**

By: _____          Date: _____

**JAMES MUNGER**

By: _____          Date: _____

22

The notice recipients and addresses designated above may be changed by written notice.

106.    **Authority**. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

<u>**SIGNATURES**</u>

**ANTHONY CROWLEY**

By: _____          Date: _____

**STEVEN SANCHEZ**

By: _____          Date: _____

**KAYLEE RINNE**

By: _____          Date: _____

**SAMANTHA BODTKER**

By: _____          Date: _____

**TERESA BUSHEK**

By: _____          Date: _____

**JEFF HOFFMAN**

By: _____          Date: _____

**CRAIG VANN**

By: _Craig Lawrence Vann (Mar 24, 2026 11:10:43 PDT)_          Date: _Mar 24, 2026_

**JAMES MUNGER**

By: _____          Date: _____

22

The notice recipients and addresses designated above may be changed by written notice.

106.    **Authority**. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

### SIGNATURES

**ANTHONY CROWLEY**

By: _____    Date: _____

**STEVEN SANCHEZ**

By: _____    Date: _____

**KAYLEE RINNE**

By: _____    Date: _____

**SAMANTHA BODTKER**

By: _____    Date: _____

**TERESA BUSHEK**

By: _____    Date: _____

**JEFF HOFFMAN**

By: _____    Date: _____

**CRAIG VANN**

By: _____    Date: _____

**JAMES MUNGER**

By: *James Munger* _____    Date: 03/26/2026 _____

22

**STRAUSS BORRELLI PLLC**
*Counsel for Plaintiffs and the Class (as to form only)*

By: __*Raina Borrelli*__                          Date: __03 / 31 / 2026__
Raina C. Borrelli

**MC NAUL EBEL PLLC**
*Counsel for Plaintiffs and the Class (as to form only)*

By: _____        Date: _____
Kaleigh Boyd

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLC**
*Counsel for Plaintiffs and the Class (as to form only)*

By: _____        Date: _____
Nickolas J. Hagman

**FEDERMAN & SHERWOOD**
*Counsel for Plaintiffs and the Class (as to form only)*

By: _____        Date: _____
Jessica Wilkes

**ABC LEGAL SERVICES, LLC**

By: _____        Date: _____

Name: _____

Title: _____

**MCDONALD HOPKINS LLC**
*Counsel for Defendant (as to form only)*

By: _____        Date: _____
Jennifer W. Torrez

23

Doc ID: 3a33024e29d22b9f...

**STRAUSS BORRELLI PLLC**
*Counsel for Plaintiffs and the Class (as to form only)*


By: _____          Date: _____
Raina C. Borrelli

**MC NAUL EBEL PLLC**
*Counsel for Plaintiffs and the Class (as to form only)*


By: _____          Date: __4/1/26_____
Kaleigh Boyd

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLC**
*Counsel for Plaintiffs and the Class (as to form only)*


By: _____          Date: _____
Nickolas J. Hagman

**FEDERMAN & SHERWOOD**
*Counsel for Plaintiffs and the Class (as to form only)*


By: _____          Date: _____
Jessica Wilkes


**ABC LEGAL SERVICES, LLC**

By: _____          Date: _____

Name: _____

Title: _____

**MCDONALD HOPKINS LLC**
*Counsel for Defendant (as to form only)*


By: _____          Date: _____
Jennifer W. Torrez

23

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

**STRAUSS BORRELLI PLLC**
*Counsel for Plaintiffs and the Class (as to form only)*


By: _____        Date: _____
Raina C. Borrelli


**MC NAUL EBEL PLLC**
*Counsel for Plaintiffs and the Class (as to form only)*


By: _____        Date: _____
Kaleigh Boyd


**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLC**
*Counsel for Plaintiffs and the Class (as to form only)*


By: _____        Date: _3/23/2026_____
Nickolas J. Hagman


**FEDERMAN & SHERWOOD**
*Counsel for Plaintiffs and the Class (as to form only)*


By: _____        Date: _____
Jessica Wilkes



**ABC LEGAL SERVICES, LLC**

By: _____        Date: _____

Name: _____

Title: _____


**MCDONALD HOPKINS LLC**
*Counsel for Defendant (as to form only)*


By: _____        Date: _____
Jennifer W. Torrez


23

**STRAUSS BORRELLI PLLC**
*Counsel for Plaintiffs and the Class (as to form only)*


By: _____        Date: _____
Raina C. Borrelli


**MC NAUL EBEL PLLC**
*Counsel for Plaintiffs and the Class (as to form only)*


By: _____        Date: _____
Kaleigh Boyd


**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLC**
*Counsel for Plaintiffs and the Class (as to form only)*


By: _____        Date: _____
Nickolas J. Hagman


**FEDERMAN & SHERWOOD**
*Counsel for Plaintiffs and the Class (as to form only)*


By: _____        Date: 3/26/2026
Jessica Wilkes


**ABC LEGAL SERVICES, LLC**


By: _____        Date: _____

Name: _____

Title: _____


**MCDONALD HOPKINS LLC**
*Counsel for Defendant (as to form only)*


By: _____        Date: _____
Jennifer W. Torrez


23

**STRAUSS BORRELLI PLLC**
*Counsel for Plaintiffs and the Class (as to form only)*


By: _____          Date: _____
Raina C. Borrelli

**MC NAUL EBEL PLLC**
*Counsel for Plaintiffs and the Class (as to form only)*


By: _____          Date: _____
Kaleigh Boyd

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLC**
*Counsel for Plaintiffs and the Class (as to form only)*


By: _____          Date: _____
Nickolas J. Hagman

**FEDERMAN & SHERWOOD**
*Counsel for Plaintiffs and the Class (as to form only)*


By: _____          Date: _____
Jessica Wilkes


**ABC LEGAL SERVICES, LLC**

By: _____          Date: 3/30/2026

Name: Tim Dinehart

Title: CEO, ABC Legal Services

**MCDONALD HOPKINS LLC**
*Counsel for Defendant (as to form only)*


By: _____          Date: 03/31/2026
Jennifer W. Torrez


23

# — EXHIBIT A —

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

<u>Court-Approved Legal Notice</u>

**If your Personal Information was potentially compromised in the ABC Legal Services Data Incident that occurred in August 2024, you may be entitled to benefits from a class action settlement.**

*A Court has authorized this notice. This is **<u>not</u>** a solicitation from a lawyer.*

A $2,500,000 settlement has been reached in a class action lawsuit against ABC Legal Services, LLC ("ABC") arising out of a data security incident affecting ABC starting on or around August 7, 2024 (the "Data Incident"). ABC denies the allegations and all liability with respect to any and all facts and claims alleged in the lawsuit. The parties have agreed to settle the lawsuit ("Settlement") to avoid the risks, disruption, and uncertainties of continued litigation. A copy of the Settlement Agreement is available at [website].

**Who is Included?** You are part of the Settlement Class if you are a resident of the United States whose  Personal Information was potentially compromised in the Data Incident, including if  you were sent a notice of the Data Incident.

**What does the Settlement Provide?**  Each Settlement Class Member who submits a valid and timely Claim Form may qualify for a Pro Rata Cash Payment, Out-of-Pocket Losses, and Credit Monitoring Services.

> **<u>Pro Rata Cash Payment</u>:** You may claim a Pro Rata Cash Payment. No documentation is required to make this claim. Cash Payments are estimated at $50, and may be increased or decreased based on the number of Approved Claims, up to a maximum of $450.

> **<u>Out-of-Pocket Losses</u>**: In addition to the Pro Rata Cash Payment, you may claim up to $5,000 by submitting reasonable documentation of out-of-pocket costs or expenditures incurred that are fairly traceable to the Data Incident and that have not already been reimbursed by a third party.

> **<u>Credit Monitoring Services</u>**: All Settlement Class Members may submit a Claim Form to elect to receive two (2) years of one-bureau Credit Monitoring, provided by [Provider].

You must file a Claim Form to receive a Settlement Payment or Credit Monitoring Services as part of the Settlement. To claim a Pro Rata Cash Payment and Credit Monitoring Services, simply complete the attached Claim Form, tear at perforation, and return by U.S. Mail. Postage is already paid. For all benefits, you can file a Claim Form online or download a Claim Form at [website] and mail it to the Settlement Administrator, or you may call [phone number] and ask that a Claim Form be mailed to you.  The deadline to submit a Claim Form is **[deadline]**.

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

**Other Options**. If you do not want to be legally bound by the Settlement, you must exclude yourself by **[deadline]**. If you want to stay in the Settlement, you can object by **[deadline]**. To learn how to exclude yourself or object, visit [website] or call the toll-free number [phone number] for a copy of the more detailed notice.

**Who represents me?** The Court has appointed Kaleigh Boyd of McNaul Ebel PLLC, Raina Borrelli of Strauss Borrelli PLLC, Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP, and Jessica Wilkes of Federman & Sherwood to represent you and the Class ("Class Counsel").

**When will the Court decide whether to approve the Settlement?** The Court will hold a Final Approval Hearing on **[date]** at **[time]** to determine whether to approve the Settlement, Class Counsel's request for attorneys' fees up to one-third of the $2,500,000 ($833,333.33), costs, and a service award of $3,500 for each of the Class Representatives. You or your own lawyer, if you have one, may ask to appear and speak at the hearing (which may be held remotely) at your own cost, but it is not required.

**This notice is a summary. For more information, call or visit the website below.**

Learn more about the Settlement at [website] or by calling toll free [phone number]

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

Court-Approved Legal Notice

**If your Personal Information was potentially compromised in the
ABC Legal Services Data Incident that occurred in August 2024, you may
be entitled to benefits from a class action settlement.**

*A Court has authorized this notice. This is **not** a solicitation from a lawyer*

A $2,500,000 settlement has been reached in a class action lawsuit against ABC Legal Services, LLC ("ABC") arising out of a data security incident affecting ABC starting on or around August 7, 2024 ("Data Incident"). ABC denies the allegations and denies any wrongdoing or liability whatsoever. The parties have agreed to settle the lawsuit ("Settlement") to avoid the risks, disruption, and uncertainties of continued litigation. A copy of the Settlement Agreement is available at [website].

**Who is Included?** You are part of the Settlement Class if you are a resident of the United States whose Personal Information was potentially compromised in the Data Incident, including if were sent a notice of the Data Incident.

For more information, visit [website] or call 1-XXX-XXX-XXXX.

**ABC Legal Services Settlement Administrator**
P.O. Box XXXX
Baton Rouge, LA 70821



ELECTRONIC SERVICE REQUESTED

SETTLEMENT CLAIM ID: [claim Id]
[FIRST NAME] [LAST NAME]
[ADDRESS1]
[ADDRESS2]
[CITY] [STATE] [ZIP]

OI65

Business Reply Mail Content

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

**What does the Settlement Provide?** Each Settlement Class Member who submits a valid and timely Claim Form may qualify for Pro Rata Cash Payment, Out-of-Pocket Losses, and Credit Monitoring Services.

**Pro Rata Cash Payment:** You may claim a Pro Rata Cash Payment. No documentation is required to make this claim. Cash Payments are estimated at $50 and may be increased or decreased based on the number of Approved Claims, up to a maximum of $450.

**Out-of-Pocket Losses:** In addition to the Pro Rata Cash Payment, you may claim up to $5,000 by submitting reasonable documentation of out-of-pocket costs or expenditures incurred that are fairly traceable to the Data Incident.

**Credit Monitoring Services**: All Settlement Class Members may submit a Claim Form to elect to receive two (2) years of one-bureau Credit Monitoring, provided by [Provider].

You must file a Claim Form to receive a Settlement Payment or Credit Monitoring Services as part of the Settlement. To claim a Pro Rata Cash Payment and Credit Monitoring Services, simply complete the attached Claim Form, tear at perforation, and return by U.S. Mail. Postage is already paid. For all benefits, you can file a Claim Form online or download a Claim Form at [website] and mail it to the Settlement Administrator, or you may call [phone number] and ask that a Claim Form be mailed to you. The deadline to submit a Claim Form is **[deadline]**.

**Other Options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **[deadline]**. If you want to stay in the Settlement, you can object by **[deadline]**. To learn how to exclude yourself or object, visit [website] or call the toll-free number [phone number] for a copy of the more detailed notice.

**Who represents me?** The Court has appointed Kaleigh Boyd of McNaul Ebel PLLC, Raina Borrelli of Strauss Borrelli PLLC, Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP, and Jessica Wilkes of Federman & Sherwood to represent you and the Class ("Class Counsel").

**When will the Court decide whether to approve the Settlement?** The Court will hold a Final Approval Hearing on **[date] at [time]** to determine whether to approve the Settlement, Class Counsel's request for attorneys' fees up to one-third of the $2,500,000 ($833,333.33), plus costs, and service award of $3,500 for each of the Class Representatives. You or your own lawyer, if you have one, may ask to appear and speak at the hearing (which may be held remotely) at your own cost, but it is not required.

**This notice is a summary. For more information, call or visit the website below.**

| www.[Website].com | 1-XXX-XXX-XXXX |
|---|---|

---

**Claim Form – ABC Legal Services Data Security Incident**

Class Member ID: [claim Id]

[FIRST NAME] [LAST NAME]
[ADDRESS1], [ADDRESS2], [CITY], [STATE], [ZIP]

Complete this Claim Form if you wish to receive Credit Monitoring and/or a Pro Rata Cash Payment. If you want to submit a claim for Out-of-Pocket Losses, visit www.[SettlementWebsite].com to submit your Claim Form and supporting documentation online or to download a Claim Form to complete and return by mail.

**CREDIT MONITORING SERVICES**

☐ Check this box and provide your email address if you wish to receive two (2) years of credit monitoring services. Credit monitoring codes will be sent separately after the Court grants final approval of the Settlement.

Email Address (**Required**): _____

**PRO RATA CASH PAYMENT**

☐ Check this box if you wish to receive a Pro Rata Cash Payment. Cash Payments are estimated at $50, and may be increased or decreased based on the number of Approved Claims.

**PAYMENT SELECTION**

☐ Paypal        ☐ Venmo        ☐ Check        ☐ Zelle

Please provide the email address or phone number associated with your PayPal, Venmo or Zelle account.

Email Address/Phone Number (**Required**): _____

By executing this Claim Form and submitting it to the Settlement Administrator, I hereby affirm under penalty of perjury that all information provided on this claim form and any information and documentation submitted herewith is true and correct to the best of my knowledge. I understand that my claim is subject to verification and that I may be asked to provide supplemental information by the claims administrator before my claim is considered complete and valid.

Signature: _____    Print Name: _____    Date (mm/dd/yyyy): _____

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

— **EXHIBIT  B** —

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

*In re: ABC Legal Services Data Security Incident, Case. No. 2:24-cv-02092*

United States District Court for the Western District of Washington

## If your Personal Information was potentially compromised in the ABC Legal Services Data Incident that occurred in August 2024, you may be entitled to benefits from a class action settlement.

*A Court has authorized this notice. This is **not** a solicitation from a lawyer.*

- A $2,500,000 settlement has been reached in a class action lawsuit against ABC Legal Services, LLC ("Defendant" or "ABC") arising out of a data security incident affecting ABC starting on or around August 7, 2024 (the "Data Incident").

- You are part of the Settlement Class if you are a resident of the United States whose Personal Information was potentially compromised in the Data Incident, including if you were sent a notice of the Data Incident.

- Under the terms of the Settlement, Settlement Class Members who submit Approved Claims may be able to recover a Settlement Payment:

  o **Pro Rata Cash Payment:** You may claim a Pro Rata Cash Payment estimated at $50. No documentation is required to make this claim. Cash Payments are estimated at $50, and may be increased or decreased based on the number of Approved Claims, up to a maximum of $450.

  **AND**
  o **Out-of-Pocket Losses**: In addition to the Pro Rata Cash Payment, you may claim up to $5,000 by submitting reasonable documentation of out-of-pocket costs or expenditures incurred that are fairly traceable to the Data Incident and that have not already been reimbursed by a third party.

  **AND**
  o **Credit Monitoring:** Each Settlement Class Member who submits a valid and timely Claim Form may elect to receive two (2) years of one-bureau Credit Monitoring regardless of whether they also make a claim for a Settlement Payment.

**This notice may affect your rights. Please read it carefully.**

| Your Legal Rights and Options | | Deadline |
|---|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get Settlement benefits is to submit a Claim Form. | **Submitted online or Postmarked by [deadline]** |
| **OPT OUT OF THE SETTLEMENT** | Get no Settlement Class Member benefits. Keep your right to file your own lawsuit against Defendant about the legal claims in this lawsuit. | **Postmarked by [deadline]** |
| **OBJECT TO THE SETTLEMENT** | Stay in the Settlement but tell the Court why you do not agree with the Settlement. You will still be bound by the Settlement if the Court approves it. | **Postmarked by [deadline]** |

**Questions? Go to [website] or call [phone number]**

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

| Do Nothing | Get no Settlement Class Member benefits. Be bound by the Settlement. | No deadline |
|---|---|---|

- These rights and options — **and the deadlines to exercise them** — are explained in this notice.

- The Court must still decide whether to approve the Settlement. There will be no Settlement Class Member benefits unless the Court approves the Settlement, and it becomes final.

# BASIC INFORMATION

## 1.  Why is this Notice being provided?

A Court authorized this notice because you have the right to know about the proposed Settlement of this class action lawsuit and all of your rights and options before the Court decides to grant Final Approval of the Settlement.

This notice explains the lawsuit, the Settlement, your rights, what benefits are available, who is eligible for them, and how to get them. The lawsuit is *In re: ABC Legal Services Data Security Incident,* Case. No. 2:24-cv-02092, in the United States District Court for the Western District of Washington (the "Action"). The persons who filed this lawsuit are called "Plaintiffs" and/or "Class Representatives" and the company sued, ABC Legal Services, LLC, is called the "Defendant."

## 2.  What is this lawsuit about?

Plaintiffs filed this lawsuit against ABC. Plaintiffs allege negligence, unjust enrichment, breach of implied contract, violations of New York General Business Law § 349, violations of the Oregon Unlawful Trade Practice Act, invasion of privacy, and violations of the Washington Consumer Protection Act.

ABC denies the allegations in the lawsuit and denies any wrongdoing or liability whatsoever. The Court has not decided who is right. Instead, Plaintiffs and ABC have agreed to a settlement to avoid the risk, cost, and time of further litigation.

## 3.  What is a class action?

In a class action, one or more people (called plaintiff(s) or class representative(s)) sue on behalf of all people who have similar legal claims. Together, all these people are called a "class" or "class members." If the plaintiffs and defendant reach a settlement, the court resolves the issues for all class members via the settlement, except for those class members who timely opt out (exclude themselves) from the settlement.

The proposed Class Representatives in this lawsuit are Anthony Crowley, Steven Sanchez, Kaylee Rinne, Samantha Bodtker, Teresa Bushek, Jeff Hoffman, Craig Vann, and James Munger.

## 4.  Why is there a Settlement?

Plaintiffs and Defendant do not agree about the legal claims made in the lawsuit. The lawsuit has not gone to trial, and the Court has not decided in favor of Plaintiffs or Defendant. Instead, Plaintiffs and

**Questions? Go to [website] or call [phone number]**

Defendant have agreed to settle the lawsuit. The Class Representatives believe the Settlement is best for all individuals in the Settlement Class because of the benefits available to the Settlement Class and the risks and uncertainty associated with continuing the lawsuit.

## WHO IS INCLUDED IN THE SETTLEMENT?

**5.   How do I know if I am part of the Settlement?**

"Settlement Class" means the persons who are identified on the Settlement Class List, which includes all individuals residing in the United States whose Personal Information was potentially compromised in the Data Incident discovered by Defendant in November 2024, including all those individuals who received notice of the Data Incident.

**6.   Are there exceptions to being included in the Settlement?**

Yes. The Settlement Class specifically excludes: (1) the judges presiding over this Action, and members of their direct families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest; (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

**7.   What if I am still not sure whether I am part of the Settlement?**

If you are still not sure whether you are a Settlement Class Member, you may go to the Settlement Website at [website], call the Settlement Administrator's toll-free telephone number at [phone number], or send an email to [email address].

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

**8.   What does the Settlement provide?**

If you are a Settlement Class Member you may timely submit a Claim Form for Pro Rata Cash Payment, Out-of-Pocket Losses, and Credit Monitoring Service:

**(1) <u>Pro Rata Cash Payment:</u>**

You may elect to receive Pro Rata Cash Payment. No documentation is required to make this Claim. Pro Rata Cash Payment will be paid from the Net Settlement Fund after Approved Claims for Out-of-Pocket Losses, followed by Approved Claims for Credit Monitoring Services. Cash Payments are estimated at $50, and may be increased or decreased based on the number of Approved Claims, up to $450.

**(2) <u>Out-of-Pocket Losses:</u>**

In addition to the Pro Rata Cash Payment, all Settlement Class Members may submit a Claim for Out-of-Pocket Losses up to $5,000.00 per Settlement Cass Member by submitting

**Questions? Go to [website] or call [phone number]**

reasonable documentation of out-of-pocket costs or expenditures incurred that are fairly traceable to the Data Incident and that have not already been reimbursed by a third party.

Settlement Class Members who elect to submit a claim for Reimbursement of Out-of-Pocket Losses must provide to the Settlement Administrator the information required to evaluate the claim, including:

(1) the Settlement Class Member's name and current address;
(2) documentation supporting their claim;
(3) a brief description of the documentation describing the nature of the loss, if the nature of the loss is not apparent from the documentation alone; and
(4) whether the Settlement Class Member has been reimbursed for the loss by another source.

Losses can include receipts or other documentation not "self-prepared" by the Settlement Class Member that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

**(3) Credit Monitoring Services:**

In addition, each Settlement Class Member who submits a valid and timely Claim Form may elect to receive two (2) years of one-bureau Credit Monitoring, provided by [Service provider], Credit Monitoring services will include dark web monitoring; real-time inquiry alerts; and $1 million in identity theft insurance, among other features.

### 9.    What am I giving up to receive Settlement benefits or stay in the Settlement Class?

Unless you opt out of the Settlement, you are choosing to remain in the Settlement Class. If the Settlement is approved and becomes final, all Court orders will apply to you and legally bind you. You will not be able to sue, continue to sue, or be part of any other lawsuit against the Released Parties, including Defendant, about the legal issues in this lawsuit that are released by this Settlement. The specific rights you are giving up are called "Released Claims."

### 10.  What are the Released Claims?

The Settlement Agreement Section 29 describes the Released Claims and the Release, in necessary legal terminology, so please read this section carefully. The Settlement Agreement is available at [website] or in the public Court records on file in this lawsuit. For questions regarding the Release or Released Claims and what the language in the Settlement Agreement means, you can also contact Class Counsel listed in Question 15 for free, or you can talk to your own lawyer at your own expense.

## HOW TO GET BENEFITS FROM THE SETTLEMENT

### 11.  How do I make a Claim for Settlement benefits?

To receive any of the benefits described in Question 8, you must submit a Claim Form, **postmarked** or **submitted online** by [deadline]. Claim Forms may be submitted online at

**Questions? Go to [website] or call [phone number]**

[website] or printed from the Settlement Website and mailed to the Settlement Administrator at the address on the Claim Form. The quickest way to submit a Claim is online. Claim Forms are also available by calling [phone number] or by writing to:

ABC Legal Services Data Incident Settlement Administrator
P.O. Box XXXX
Baton Rouge, LA 70821

**Claim Forms must be submitted online or by mail postmarked by [deadline].**

| **12. What happens if my contact information changes after I submit a Claim?** |
|---|

If you change your mailing address or email address after you submit a Claim Form, it is your responsibility to inform the Settlement Administrator of your updated information. You may notify the Settlement Administrator of any changes on the Settlement Website, by calling [phone number], by writing to [email address], or by writing to:

ABC Legal Services Data Incident Settlement Administrator
P.O. Box XXXX
Baton Rouge, LA 70821

| **13. When will I receive my Settlement benefits?** |
|---|

If you submit an Approved Claim, payment will be made to you by the Settlement Administrator after the Settlement is approved by the Court and becomes final.

It may take time for the Settlement to be approved and become final. Please be patient and check [website] for updates.

| **14. How will I receive my payment?** |
|---|

If you submit a Claim Form on time, and the Settlement and your Claim is approved, you will receive payment using the method you choose, either an electronic payment or a paper check. Several electronic payment options will be available, or you can choose to receive a check by mail. Make sure to provide a current and complete email address. If you choose a paper check, it will be sent to the physical address you include on your Claim Form.

## THE LAWYERS REPRESENTING YOU

| **15. Do I have a lawyer in this lawsuit?** |
|---|

Yes, the Court has appointed Kaleigh Boyd of McNaul Ebel PLLC, Raina Borrelli of Strauss Borrelli PLLC, Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP, and Jessica Wilkes of Federman & Sherwood as Class Counsel lawyer to represent you and the Settlement Class for the purposes of this Settlement. You may hire your own lawyer at your own cost and expense if you want someone other than Class Counsel to represent you in this lawsuit.

**Questions? Go to [website] or call [phone number]**

### 16. How will Class Counsel be paid?

Class Counsel will file a motion asking the Court to award attorneys' fees of up to one-third of the $2,500,000 ($833,33.33) plus reimbursement of costs. The Court may award less than the amount requested. Class Counsel will also request approval of Service Awards in an amount not to exceed $3,500 for each of the Class Representatives. If awarded by the Court, the Settlement Administrator will pay attorneys' fees, costs, and service awards out of the Settlement Fund.

Class Counsel's motion for Attorneys' Fees, Costs, and Service Award will be made available on the Settlement Website at [website] before the deadline for you to object to or opt out of the Settlement.

## OPTING OUT OF THE SETTLEMENT

If you are a Settlement Class Member and want to keep any right you may have to sue or continue to sue the Released Parties on your own based on the legal claims raised in this lawsuit or released by the Released Claims, then you must take steps to get out of the Settlement. This is called opting out of the Settlement.

### 17. How do I opt out of the Settlement?

To opt out of the Settlement, you must timely mail written notice of a request to opt out. The written notice must include:

    (1) name of the proceeding;
    (2) the individual's full name, current address; and
    (3) personal signature; and
    (4) words "Request for Exclusion" or **a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication**.

The opt out request must be **mailed** to the Settlement Administrator at the following address, and be **postmarked no later than [deadline]**:

ABC Legal Services Data Incident Settlement Administrator
Exclusions
P.O. Box XXXX
Baton Rouge, LA 70821

**You cannot opt out by telephone or by email.**

### 18. If I opt out can I still get anything from the Settlement?

No. If you opt out, you will not be entitled to receive any Settlement Class Member benefits, but you will not be bound by any judgment in this lawsuit. You can only get Settlement Class Member benefits if you stay in the Settlement and submit an Approved Claim.

### 19. If I do not opt out, can I sue Defendant for the same thing later?

**Questions? Go to [website] or call [phone number]**

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

No. Unless you opt out, you give up any right to sue Defendant and other Released Parties for the legal claims this Settlement resolves and Releases relating to the Data Incident. You must opt out of the lawsuit to start or continue with your own lawsuit or be part of any other lawsuit against Defendant or other Released Parties. If you have a pending lawsuit, speak to your lawyer in that case immediately.

## OBJECTING TO THE SETTLEMENT

### 20. How do I tell the Court that I do not like the Settlement?

If you are a Settlement Class Member, you can tell the Court you do not agree with all or any part of the Settlement and/or Class Counsel's motion for Attorneys' Fees and Costs.

To object, you must file a timely, written objection stating that you object in *In re: ABC Legal Services Data Security Incident,* Case. No. 2:24-cv-02092 (United States District Court for the Western District of Washington). If your objection is submitted by mail, it must be **postmarked** by **[deadline]**.

The objection must also include all of the following information:

(1)    the name of the proceedings;
(2)    the Settlement Class Member's full name, current mailing address, and telephone number;
(3)    a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection;
(4)    a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;
(5)    the identity of any attorneys representing the objector;
(6)    a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing;
(7)    a list of all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection to a class action settlement;
(8)    the signature (or electronic equivalent) of the Settlement Class Member or the Settlement Class Member's attorney.

To be timely, written notice of an objection in the appropriate form must be submitted to the Settlement Administrator by **[deadline]**:

ABC Legal Services Data Incident Settlement Administrator
P.O. Box XXXX
Baton Rouge, LA 70821

Any Settlement Class Member who fails to comply with the requirements for objecting detailed above will waive and forfeit any and all rights they may have to appear separately and/or to object to the Settlement Agreement and will be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation.

### 21. What is the difference between objecting and asking to opt out?

**Questions? Go to [website] or call [phone number]**

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

Objecting is simply telling the Court you do not like something about the Settlement or requested attorneys' fees and expenses. You can object only if you stay in the Settlement Class (meaning you do not opt out of the Settlement). Opting out of the Settlement is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you opt out, you cannot object to the Settlement.

## THE FINAL APPROVAL HEARING

| 22. When and where will the Court decide whether to approve the Settlement? |
| --- |

The Court will hold a Final Approval Hearing on **[date], at [time]** to decide whether to approve the Settlement. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and decide whether to approve the Settlement, Class Counsel's Application for Attorneys' Fees, Costs, and Service Award. If there are objections, the Court will consider them. The Court will also listen to Settlement Class Members who have asked to speak at the hearing.

**Note:** The date and time of the Final Approval Hearing are subject to change. The Court may also decide to hold the hearing in person. Any change will be posted at [website].

| 23. Do I have to attend to the Final Approval Hearing? |
| --- |

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you mail an objection, you do not have to attend the Final Approval Hearing to speak about it. As long as you file or mail your written objection on time, the Court will consider it.

| 24. May I speak at the Final Approval Hearing? |
| --- |

Yes, as long as you do not opt out, you can (but do not have to) participate and speak for yourself at the Final Approval Hearing. This is called making an appearance. You also can have your own lawyer speak for you, but you will have to pay for the lawyer yourself.

If you want to appear, or if you want your own lawyer instead of Class Counsel to speak for you at the Final Approval Hearing, you must follow all of the procedures for objecting to the Settlement listed in Question 20 above—and specifically include a statement whether you and your lawyer will appear at the Final Approval Hearing.

## IF YOU DO NOTHING

| 25. What happens if I do nothing at all? |
| --- |

If you are a Settlement Class Member and you do nothing, you will not receive any Settlement benefits, and you will give up rights explained in the "Opting Out of the Settlement" section of this notice, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against any of the Released Parties, including Defendant, about the legal issues in this lawsuit that are released by the Settlement Agreement relating to the Data Incident.

**Questions? Go to [website] or call [phone number]**

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

## GETTING MORE INFORMATION

| 26. How do I get more information? |
| --- |

This notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at [website], by calling [phone number], by writing to [email address] or:

ABC Legal Services Data Incident Settlement Administrator

P.O. Box XXXX

Baton Rouge, LA 70821

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT'S CLERK OFFICE REGARDING THIS NOTICE.**

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

— **EXHIBIT C** —

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

**ABC Legal Services Settlement Administrator**
**P.O. Box XXXX**
**Baton Rouge, LA 70821**

**Your Claim Form must be postmarked or submitted online no later than [deadline]**

*In re: ABC Legal Services Data Security Incident,* **Case. No. 2:24-cv-02092**
# CLAIM FORM

## You are a member of the Settlement Class and eligible to submit a Claim Form if:

You are a U.S. resident whose Personal Information was potentially compromised in the Data Incident, including if were sent a notice of the Data Incident.

The easiest way to submit a Claim Form is online at: www.XXXXXXX.com, or you can complete and mail this Claim Form to the mailing address above.

## SETTLEMENT BENEFITS – WHAT YOU MAY GET

### You may submit a Claim for one or more of these benefits:

**(1) Pro Rata Cash Payment.** You may elect to receive Pro Rata Cash Payment. No documentation is required to make this Claim. Pro Rata Cash Payment will be paid from the Net Settlement Fund after Approved Claims for Out-of-Pocket Losses, followed by Approved Claims for Credit Monitoring Services. Cash Payments are estimated at $50, and may be increased or decreased based on the number of Approved Claims, up to a maximum of $450.

**AND**

**(2) Out-of-Pocket Losses.** All Settlement Class Members may submit a Claim Form for a Settlement Payment up to $5,000.00 per Settlement Cass Member by submitting reasonable documentation of out-of-pocket costs or expenditures incurred that are fairly traceable to the Data Incident and that have not already been reimbursed by a third party.

You must provide the Settlement Administrator with the information required to evaluate the claim, including:

    (1) the Settlement Class Member's name and current address;
    (2) documentation supporting their claim;
    (3) a brief description of the documentation describing the nature of the loss, if the nature of the loss is not apparent from the documentation alone; and
    (4) whether the Settlement Class Member has been reimbursed for the loss by another source.

Losses can include receipts or other documentation not "self-prepared" by the Settlement Class Member that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

**AND**

**(3) Credit Monitoring.** Each Settlement Class Member who submits a valid and timely Claim Form may elect to receive two (2) years of Credit Monitoring regardless of whether they also make a Claim for a Settlement Payment.

**Claims must be submitted online or mailed by [deadline].**
**Use the address at the top of this form to mail your Claim Form.**

**QUESTIONS? VISIT WWW. XXXXXXX.COM OR CALL TOLL-FREE 1-XXX-XXX-XXXX**

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

## YOUR INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

|  |  |
|---|---|
| **First Name** | **Last Name** |

**Street Address**

|  |  |  |
|---|---|---|
| **City** | **State** | **Zip Code** |

|  |  |  |
|---|---|---|
| **Email Address** | **Telephone Number** | **Notice ID, if known** |

## PRO RATA CASH PAYMENT

All Settlement Class Members may submit a Claim to receive a **Pro Rata Cash Payment**. Pro Rata Cash Payment will be paid from the Net Settlement Fund after Approved Claims for Out-of-Pocket Losses, followed by Approved Claims for Credit Monitoring Services. Cash Payments are estimated at $50, and may be increased or decreased based on the number of Approved Claims.

☐    Check this box if you wish to receive a Pro Rata Cash Payment.

## OUT-OF-POCKET LOSSES

☐    Check this box if you are requesting compensation for **Out-of-Pocket Losses** up to a total of $5,000.00.

**You must submit supporting documentation demonstrating actual, unreimbursed monetary loss fairly traceable to the Data Incident.**

*Complete the chart below describing the supporting documentation you are submitting.*

| Description of Documentation Provided | Amount | Date |
|---|---|---|
| *Example: Receipt for credit repair services* | *$100* | *MM/DD/YYYY* |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**QUESTIONS? VISIT WWW.XXXXXXX.COM OR CALL TOLL-FREE 1-XXX-XXX-XXXX**

**TOTAL AMOUNT CLAIMED:**

## CREDIT MONITORING SERVICES

Each Settlement Class Member may elect to receive two (2) years of single-bureau Credit Monitoring provided by (XXXXX) regardless of whether they also make a Claim for a Settlement Payment.

If elect to receive Credit Monitoring Services and your Claim is approved, the Settlement Administrator will e-mail your enrollment code after Final Approval to the email address provided on page two. You will have a period of 180 days to enroll in the Credit Monitoring service from the time their enrollment code is sent.

☐    Check this box if you wish to receive Credit Monitoring.

## PAYMENT SELECTION

Please select **one** of the following payment options:

☐  **PayPal -** Enter your PayPal email address: _____

☐  **Venmo -** Enter the mobile number associated with your Venmo account: _____-____-_____

☐  **Zelle -** Enter the mobile number or email address associated with your Zelle account:

Mobile Number: _____-____-_____ or Email Address: _____

☐  **Physical Check -** Payment will be mailed to the address provided on this form.

## ATTESTATION & SIGNATURE

I swear and affirm under penalty of perjury that the information provided in this Claim Form, and any supporting documentation provided is true and correct to the best of my knowledge. I understand that my claim is subject to verification and that I may be asked to provide supplemental information by the Settlement Administrator before my claim is considered complete and valid.

_____      _____      _____
Signature                                   Printed Name                                   Date

**QUESTIONS? VISIT WWW.XXXXXXX.COM OR CALL TOLL-FREE 1-XXX-XXX-XXXX**

— **EXHIBIT D** —

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

Honorable Jamal N. Whitehead

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| IN RE: ABC LEGAL SERVICES DATA SECURITY LITIGATION<br><br>This Filing Relates to:<br>All Actions | Master File No. 2:24-cv-02092 |

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

WHEREAS, the above-captioned matter is a putative class action before this Court;

WHEREAS, Plaintiffs Anthony Crowley, Steven Sanchez, Kaylee Rinne, Samantha Bodtker, Teresa Bushek, Jeff Hoffman, Craig Vann, and James Munger (collectively, "Plaintiffs"), individually, and on behalf of the proposed Settlement Class, and ABC Legal Services, LLC ("ABC" or "Defendant") have entered into a Settlement Agreement,[1] which is subject to review and approval by the Court under Fed. R. Civ. P. 23, and which, together with its exhibits, provides for a complete dismissal on the merits and with prejudice of the claims asserted in the Action against ABC should the Court grant Final Approval of the Settlement;

---

[1] The capitalized terms used herein are defined and have the same meaning as used in the Settlement Agreement unless otherwise stated.

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 1

WHEREAS, Plaintiffs filed an Unopposed Motion for Preliminary Approval of Class Action Settlement and Memorandum of Law in Support (the "Motion") requesting entry of an order: (i) conditionally certifying the Settlement Class; (ii) granting preliminary approval of the Settlement Agreement; (iii) appointing Anthony Crowley, Steven Sanchez, Kaylee Rinne, Samantha Bodtker, Teresa Bushek, Jeff Hoffman, Craig Vann, and James Munger as Class Representatives; (iv) appointing Kaleigh N. Boyd of McNaul Ebel PLLC, Raina Borrelli of Strauss Borrelli PLLC, Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP, and Jessica A. Wilkes of Federman & Sherwood as Class Counsel; (v) approving the notice program and notices and directing that notice of the proposed settlement be sent to the Settlement Class Members; (vi) approving the Claim Form and claims process; (vii) ordering the Settlement's opt-out and objection procedures; (viii) appointing the Settlement Administrator; (ix) staying all deadlines in the Action pending Final Approval of the Settlement; (x) enjoining and barring all members of the Settlement Class from initiating or continuing in any litigation or asserting any claims against ABC and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision to grant Final Approval of the Settlement; and (xi) setting a date for the Final Fairness Hearing; and (xii) granting such other relief and further relief as the Court deems just and proper; and

WHEREAS, the Court, having reviewed the Motion and the Settlement Agreement and its exhibits, and finding that substantial and efficient grounds exist for entering this Preliminary Approval Order, grants the relief requested.

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 2

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.    **Settlement Class Certification:** Pursuant to Fed. R. Civ. P. 23, the Action is hereby preliminarily certified as a class action on behalf of the following Settlement Class:

> The persons who are identified on the Settlement Class List, which includes all individuals residing in the United States whose Personal Information was potentially compromised in the Data Incident discovered by Defendant in November 2024, including all those individuals who received notice of the Data Incident.

The Settlement Class specifically excludes: (1) the judges presiding over this Action, and members of their direct families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

2.    **Class Representatives**: The Court approves Plaintiffs Anthony Crowley, Steven Sanchez, Kaylee Rinne, Samantha Bodtker, Teresa Bushek, Jeff Hoffman, Craig Vann, and James Munger as Class Representatives having found them as adequate class representatives.

3.    **Class Counsel**: The Court appoints Kaleigh N. Boyd of McNaul Ebel PLLC, Raina Borrelli of Strauss Borrelli PLLC, Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP, and Jessica A. Wilkes of Federman & Sherwood to serve as Class Counsel. In appointing class counsel, Fed. R. Civ. P. 23(g) requires the Court to consider (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and other types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. The Court may also consider other matter pertinent to counsel's ability to fairly and adequately represent the interest of the class. The Court finds that Class Counsel have

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 3

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

expended a reasonable amount of time, effort, and expense investigating the Data Incident and that Class Counsel are highly skilled and knowledgeable concerning class action practice.

4.    **Settlement Class Findings**: The Court finds, for purposes of settlement only, that the Settlement Class meets the requirements of Fed. R. Civ. P. 23(a) and (b). Joinder of all Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion. Common issues exist among Class Members and predominate over questions affecting individual Class Members only: in particular, whether ABC was negligent regarding its handling of Plaintiffs' Personal Information. The Class Representatives' claims are typical of, indeed identical to, those of the Class, as the Class Representatives had their Personal Information accessed or acquired in the Data Incident. The Class Representatives and Class Counsel will fairly and adequately protect the interests of the Class as the Class Representatives have no interests antagonistic to the Class and have retained counsel who are experienced and competent to prosecute this matter on behalf of the Class. Finally, a class settlement is superior to other methods available for a fair resolution of the controversy.

5.    **Preliminary Approval of Settlement**: The Court hereby preliminarily approves the settlement, as embodied in the Settlement Agreement, as being fair, reasonable, and adequate and in the best interest of the named Plaintiffs and the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described herein. The Court finds the Settlement meets the considerations set forth in Fed. R. Civ. P. 23.

6.    **Settlement Administrator:**  The Parties are authorized to use Eisner Advisory Group, LLC as the Settlement Administrator to supervise and administer the notice program, as well as to administer the Settlement should the Court grant Final Approval.

7.    **Approval of Notice Program and Notices**: The Court approves the form and

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 4

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

procedure for disseminating notice of the proposed settlement to the Class as set forth in the Settlement Agreement. The Court finds that the notice program: (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class members of the pendency of the Action, the terms of the Settlement, the effect of the proposed Settlement (including the Releases contained therein), and their right to opt-out of or to object to the proposed Settlement and appear at the Final Approval Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Fed. R. Civ. P. 23, including the Due Process Clause of the United States Constitution, the rules of this Court and all other applicable law and rules.  The date and time of the Final Approval Hearing shall be posted on the Settlement Website and included in the Short Form Notice and Long Form Notice respectively.

8.    **Claim Form and Claims Process**: The Court approves the Claim Form as set forth in the Settlement, and the Claims process to be implemented by the Settlement Administrator. The Claim Form is straightforward and easy to complete, allowing each Settlement Class Member to elect the alternative Settlement Class Member Benefits. Should the Court grant Final Approval to the Settlement, Settlement Class Members who do not opt-out of the Settlement shall be bound by its terms even if they do not submit Claims. As set forth in the Settlement Agreement, ABC shall bear all costs and expenses associated with providing notice to the Class and administering the proposed settlement. All Claim Forms must be submitted by a Settlement Class Member to the Settlement Administrator within 90 days of the Notice Deadline.

9.    **Dissemination of Notice and Claim Forms**: The Court directs the Settlement Administrator to disseminate the Notices and Claim Form as approved herein. Class Counsel and ABC's Counsel are hereby authorized to use all reasonable procedures in connection with approval

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 5

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

and administration of the Settlement that are not materially inconsistent with this order or the Settlement, including making, without the Court's further approval, minor form or content changes to the Notices and Claim Form they jointly agree are reasonable or necessary.

10.    **Objections to the Settlement**: Any member of the Class who intends to object or comment on the request for final approval of the Settlement Agreement or on the Fee Application must, within 60 days after the Notice Deadline, file his or her objection or comment with the Court, and provide copies of the objection or comment to: (i) the Court; and (ii) Class Counsel. To state a valid objection to the Settlement, a Class Member must provide the following information: (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vii) a list of all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection to a class action settlement; and (viii) the signature (or electronic equivalent) of the Settlement Class Member or the Settlement Class Member's attorney.

11.    Any objecting Class Member may appear, in person or by counsel, at the Final Approval Hearing to show cause why the proposed Settlement should not be approved as fair, adequate and reasonable, or to object to any application of attorneys' fees, Service Awards, and reimbursement of litigation costs and expenses, but only if the Class Member has first filed written objections to the proposed settlement by the deadline set forth in this Order. The objecting Class Member must file and serve on all counsel designated in the Class Notice, a notice of intention to

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 6

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

appear at the Final Approval Hearing ("Notice of Intention to Appear") by the Objection Deadline. The Notice of Intention to Appear must include copies of all papers, exhibits, or other evidence that the objecting Class Members (or his/her counsel) will present to the Court in connection with the Final Approval Hearing. Any Class Member who does not provide a Notice of Intention to Appear by the deadline set forth in this Order, and who does not file an objection that complies with the requirements set forth in this Order and the Class Notice, will be deemed to have waived any objections to the Settlement and will be barred from speaking or otherwise presenting views at the Final Approval Hearing.

12.     If a Class Member files an objection to the Settlement, Class Counsel or Defendant's Counsel may depose the objector consistent with the federal statutes at an agreed upon location and seek to have the objector produce documentary evidence or other tangible things relevant to the objection. An objector's failure to make him or herself available for deposition or to comply with expedited discovery requests may result in the Court striking the objector's objection or otherwise affect that person's substantive rights. The Court reserves the right to tax the costs of such discovery to the objector or the objector's counsel should it determine that the objection was frivolous and was made for improper purpose.

13.     The procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objection to the Settlement Agreement so as to protect the due process rights of all Class Members.

14.     **<u>Opt-Outs from the Settlement Class</u>**: Any Class Member shall have the right to opt out of the Class and the Settlement by sending a written request for exclusion from the Class to the addresses listed in the Notices, postmarked or delivered no later than <u>sixty (60) days after</u>

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 7

the Notice Deadline. To be effective, an opt-out request shall state he or she wants to be excluded from the Settlement in the Action and include his or her name, address, and original signature (or the original signature of a person authorized by law, such as a trustee, guardian, or person acting under a power of attorney to act on your behalf with respect to a claim or right such as those in the Action). Any Class Member who does not submit a timely and valid opt-out shall be subject to and bound by the Settlement Agreement and every order or judgment entered concerning the Settlement Agreement.

15.    **Termination**: If the Settlement is terminated, not approved, canceled, fails to become effective for any reason, or the Effective Date does not occur, this order shall be come null and void and shall be without prejudice to the rights of Plaintiffs, the Settlement Class members, and ABC, all of whom shall be restored to their respective positions in the Action as provided in the Agreement.

16.    **Stay**: All pretrial proceedings in this Action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Settlement and this Preliminary Approval Order. Upon the entry of this Order, with the exception of Class Counsel, ABC's Counsel, ABC, and the Class Representatives implementation of the Settlement and the approval process in this Action, all members of the Settlement Class shall be provisionally enjoined and barred from asserting any claims or continuing any litigation against ABC and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as to whether to grant final approval of the Settlement.

17.    **Jurisdiction:** For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 8

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

related orders of this Court.

18.    **Final Approval Hearing**: A hearing on final approval of the Settlement Agreement, an award of fees and expenses to Class Counsel, and Service Awards to the Class Representatives (the "Final Approval Hearing") shall be held at **_____:_____, on the _____ day of _____, 2026** before the undersigned in Courtroom _____ of the United States District Court for the Western District of Washington. At the Final Approval Hearing, the Court will consider (i) whether the Settlement should be approved as fair, reasonable, and adequate for the class; (ii) whether a judgment granting approval of the Settlement and dismissing the lawsuit with prejudice should be entered; and (iii) whether Class Counsel's application for attorneys' fees and expenses and Service Awards for the Class Representatives should be granted.

19.    **Fee Application**: Class Counsel shall file an application for attorneys' fees and costs and Service Award to the Class Representatives ("Fee Application") at least forty-five (45) days before the Final Approval Hearing.

20.    **Final Approval**: Counsel for the respective parties shall file memoranda, declarations, and other statements and materials in support of the request for final approval of the parties' Settlement Agreement at least forty-five (45) days before the Final Approval Hearing.

21.    The Court reserves the right to adjust the date of the Final Approval Hearing and related deadlines. If dates are altered, the revised hearing date and deadlines shall be posted on the settlement website referenced in the Class Notice. The parties will not be required to re-send or re-publish class notice.

22.    **Schedule:** The Court hereby sets the following schedule of events:

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 9

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

| EVENT | DATE |
|---|---|
| **Notice Deadline** | 30 days after the entry of this Order |
| **Deadline to File Motion for Attorneys' Fees, Costs, and Service Awards** | 45 days before the Final Approval Hearing. |
| **Opt-Out Deadline** | 60 days after the Notice Deadline |
| **Objection Deadline** | 60 days after the Notice Deadline |
| **Deadline to Submit Claim Forms** | 90 days after the Notice Deadline |
| **Deadline to File Motion for Final Approval** | 45 days before the Final Approval Hearing. |
| **Final Approval Hearing** | **_____, 2026** <br><br> **at _____:_____ a.m./p.m. PT** <br><br> **(To be scheduled by the Court at least 120 days after this Order is entered)** |

**SO ORDERED** this _____day of _____, 2026.


_____
**PRESIDING JUDGE**

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 10

— **EXHIBIT  E** —

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

Honorable Jamal N. Whitehead

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON**

IN RE: ABC LEGAL SERVICES DATA
SECURITY LITIGATION

Master File No. 2:24-cv-02092

This Filing Relates to:
All Actions

**[PROPOSED] FINAL APPROVAL ORDER GRANTING PLAINTIFFS' MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AND MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

WHEREAS, on ___, the Court entered an Order granting Preliminary Approval of a proposed class action settlement[1] between Plaintiffs and Defendant, which, *inter alia*: (1) preliminarily approved the Settlement; (2) determined that, for purposes of the settlement only, the Action should proceed as a class action pursuant to Fed. R. Civ. P. 23 and certified the class; (3) appointed Plaintiffs as Class Representatives; (4) appointed Kaleigh N. Boyd of McNaul Ebel PLLC, Raina Borrelli of Strauss Borrelli PLLC, Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP, and Jessica A. Wilkes of Federman & Sherwood as Class Counsel; (5) approved the notice program and notices and directed that notice be sent to the Settlement Class

---

[1] The capitalized terms used herein are defined and have the same meaning as used in the Settlement Agreement unless otherwise stated.

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 1

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

Members; (6) approved the Claim Form and claims process; (7) ordered the Settlement's opt-out and objection procedures; (8) appointed the Settlement Administrator; (9) stayed all deadlines in the Action pending final approval of the Settlement; (10) enjoined and barred all members of the Settlement Class from initiating or continuing in any litigation or asserting any claims against ABC Legal Services, LLC and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision to grant final approval of the Settlement; and (11) set a date for the Final Approval Hearing.

WHEREAS, thereafter, Notice was provided in accordance with the Court's Preliminary Approval Order by direct Short Form Notice and the Long Form Notice was available to Settlement Class members on the Settlement Website or upon request from the Settlement Administrator;

WHEREAS, on _____, Plaintiffs filed a Motion for Final Approval of Class Action Settlement and on _____, a Motion for Attorneys' Fees, Expenses, and Service Awards; and

WHEREAS, on _____, the Court held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider Class Counsel's Motion for Attorneys' Fees, Expenses, and Service Awards;

WHEREAS, the Court, having reviewed the motions, along with the Settlement Agreement and its exhibits, finds that substantial and sufficient grounds exist for entering this Final Approval Order.

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1.    This Court has jurisdiction over this matter and personal jurisdiction over all parties to the Action, including the Settlement Class Members.

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 2

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

2.    This Order incorporates the definitions in the Settlement Agreement and all capitalized terms used in this Order have the same meanings as set forth in that Agreement, unless otherwise defined herein.

3.    The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein to all persons entitled to notice. The notices and notice program fully satisfied the requirements of due process, Fed. R. Civ. P. 23, and all other applicable law and rules. The claims process is also fair, and the Claim Form is easily understandable.

4.    The Settlement is in all respects fair, reasonable, and adequate, after considering all of the Fed. R. Civ. P. 23 factors, highlighted by evidence that: (a) the Class Representatives and Class Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated in good faith and at arm's length among competent, experienced counsel with the assistance of a qualified mediator; (c) the Settlement relief is adequate; and (d) the Settlement treats Settlement Class Members equitably relative to each other. The Settlement was made based on a record that is sufficiently developed and complete to have enabled the Parties to adequately evaluate and consider their positions.

5.    Pursuant to Fed. R. Civ. P. 23(e), the Court finds after a hearing and based upon all submissions of the parties and other interested persons, including any objections filed with the Court, the settlement proposed by the parties is fair, reasonable, and adequate. The terms of and provisions of the Agreement were the product of a good faith arms-length negotiations among experienced counsel. Approval of the Agreement will result in substantial savings of time, money and effort to the Court and the parties, and will further the interests of justice.

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 3

6.      A list of the individuals who have opted out of the Settlement is attached hereto as **Exhibit 1**. Those individuals will not be bound by the Agreement or the Releases contained therein.

7.      Pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure, Settlement Class Members had the opportunity to file objections. _____ objections were filed by Settlement Class Members. The Court has considered all objections and finds the objections do not counsel against approval of the Settlement, and the objections are hereby overruled in all respects.

8.      Based on the information presented to the Court, the Claim process has proceeded as ordered and consistent with the Agreement and Preliminary Approval Order. All Settlement Class Members who submitted Valid Claims shall receive their Settlement Class Member benefits pursuant to the Settlement's terms. All Settlement Class Members who did not submit a claim, or for whom the Settlement Claim is determined to be invalid, shall still be bound by the terms of the Settlement and Releases therein.

9.      The distribution plan for the Settlement Class Member benefits proposed by the Parties in the Agreement is fair, reasonable, and adequate.

10.      The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

11.      Because the Court grants Final Approval of the Settlement set forth in the Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

12.      All Parties to this Action, including all Settlement Class Members, are bound by the Settlement as set forth in the Settlement Agreement and this Order.

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 4

13.     Pursuant to Fed. R. Civ. P. 23, the Court finds that Class Representatives Anthony Crowley, Steven Sanchez, Kaylee Rinne, Samantha Bodtker, Teresa Bushek, Jeff Hoffman, Craig Vann, and James Munger are members of the Settlement Class, that their claims are typical of the Class, and that they fairly and adequately protected the interests of the Settlement Class throughout the proceedings in the Action. The appointment of Plaintiffs as Class Representatives is therefore affirmed.

14.     Having considered the factors set forth in Fed. R. Civ. P. 23(g), the Court finds that Class Counsel have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the settlement and thus the appointment of Kaleigh N. Boyd of McNaul Ebel PLLC, Raina Borrelli of Strauss Borrelli PLLC, Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP, and Jessica A. Wilkes of Federman & Sherwood as Class Counsel is affirmed.

15.     The Court affirms its findings that the Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b) and for purposes of the settlement that: joinder of all Settlement Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion. Common issues exist among Settlement Class Members and predominate over questions affecting individual Settlement Class Members only: in particular, whether ABC was negligent regarding its handling of Plaintiffs' personal information. The Class Representatives' claims are typical of, indeed identical to, those of the Settlement Class, as the Class Representatives had their personal information accessed or acquired in the Data Incident. The Settlement Class Representatives and their counsel will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to the Settlement Class and have retained counsel who are experienced and competent to prosecute this

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 5

matter on behalf of the Settlement Class. Finally, a class settlement is superior to other methods available for a fair resolution of the controversy.

16. Therefore, pursuant to Fed. R. Civ. P. 23 the Court finally certifies the following Settlement Class:

The persons who are identified on the Settlement Class List, which includes all individuals residing in the United States whose Personal Information was potentially compromised in the Data Incident discovered by Defendant in November 2024, including all those individuals who received notice of the Data Incident.

The Settlement Class specifically excludes: (a) the judges presiding over this Action, and members of their direct families; (b) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest; and (c) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

17. Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits.

18. As of the Effective Date, and in exchange for the relief described in the Settlement, the Releasing Parties hereby fully and irrevocably release and forever discharge the Released Parties from the Released Claims.

19. In consideration for this Agreement and the consideration set forth herein, Plaintiffs and Settlement Class Members and Releasing Parties acknowledge that the Releases and the release herein include potential claims and costs that may not be known or suspected to exist and that Plaintiff and the Settlement Class Members hereby agree that all rights under California Civil Codes § 1542, and any similar law of any state or territory of the United States, are expressly and affirmatively waived. California Civil Code § 1542 states as follows:

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 6

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

20.     Class Counsel is awarded $833,333.33 in total for attorneys' fees, expenses and costs. The attorneys' fees and costs shall be paid from the Settlement Fund to accounts established by Class Counsel. Class Counsel initiated the Action on behalf of Plaintiffs and acted to protect the Settlement Class. Their efforts have produced the Agreement entered into in good faith that provides a fair, reasonable, adequate, and certain results for the Settlement Class. Class Counsel is entitled to reasonable attorneys' fees and reimbursement of expenses for their work.

21.     The Class Representatives shall be awarded Service Awards in the amount of $3,500.00 each ($28,000.00 total). The Service Awards shall be paid from the Settlement Fund to accounts established by Class Counsel.

22.     Plaintiff and all Settlement Class Members and Releasing Parties, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any of the Released Claims against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal.

23.     The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions to the Settlement Class Members; (b) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement.

24.     In the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

Order and any other order entered by this Court in accordance with the terms of the Agreement shall be vacated, *nunc pro tunc*. In such event, all orders entered, and releases delivered in connection with the Settlement shall be null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any proceeding. The Litigation shall return to its status immediately prior to execution of the Agreement.

25.     Pursuant to Fed. R. Civ. P. 23(c), all persons who satisfy the class definition above, with the exception of those listed on **Exhibit 1**, shall be bound by this Order.

26.     No detail of the Settlement, this Order, nor the fact of the Settlement constitutes any admission by any of the parties of any liability, wrongdoing, or violation of the law, damages, or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Action.

27.     The Court finds that no reason exists for delay in ordering final judgment and hereby directs the Clerk to enter this Order forthwith.

28.     The Clerk of Court is hereby directed to enter final judgment forthwith.

SO ORDERED this _____ day of _____, 2026.


_____
JUDGE

[Proposed] Preliminary Approval Order
(Case No. 2:24-cv-02092-JNW) - 8

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

# EXHIBIT 1

## (TO BE FILLED IN AT FINAL HEARING)

Doc ID: 7f3dd48262dd630b786c1f5e094c25bfd9b18933

**Dropbox** Sign                                                        Audit trail

| | |
|---|---|
| **Title** | ABC Legal \| Settlement Agreement \| Steven Sanchez |
| **File name** | 2026-03-23_-_ABC_...ment_with_Exs.pdf |
| **Document ID** | 7f3dd48262dd630b786c1f5e094c25bfd9b18933 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

## Document history

**SENT**

**03 / 31 / 2026**
08:25:49 UTC-5

Sent for signature to Steven Sanchez
(sleesanchez243@gmail.com) from
esignature@straussborrelli.com
IP: 104.181.47.249

**VIEWED**

**03 / 31 / 2026**
17:27:00 UTC-5

Viewed by Steven Sanchez (sleesanchez243@gmail.com)
IP: 45.31.152.242

**SIGNED**

**03 / 31 / 2026**
17:28:20 UTC-5

Signed by Steven Sanchez (sleesanchez243@gmail.com)
IP: 45.31.152.242

**COMPLETED**

**03 / 31 / 2026**
17:28:20 UTC-5

The document has been completed.

Powered by **Dropbox** Sign