Honorable Jamal N. Whitehead

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

IN RE: ABC LEGAL SERVICES DATA SECURITY LITIGATION

This Filing Relates to:
All Actions

Master File No. 2:24-cv-02092

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

NOTE ON MOTION CALENDAR:
Monday, October 26, 2026



McNaul Ebel PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

## INTRODUCTION

After nearly two years of hard-fought litigation, including dispositive motion practice, contested discovery, and mediation followed by several months of additional negotiation, Plaintiffs and Class Counsel have achieved an excellent result: a $2.5 million non-reversionary common fund settlement that provides substantial cash payments to thousands of settlement class members, in addition to business practice commitments from Defendant ABC Legal Services, Inc. ("ABC" or "Defendant") valued at $775,000. Accordingly, Plaintiffs respectfully move this Court for an award of (1) attorneys' fees equaling one-third (33.33%) of the common fund in the amount of $833,333.33;[1] (2) reimbursement of litigation costs and expenses equaling $16,850.22; and (3) service awards of $3,500 each to the named plaintiffs, totaling $28,000, in recognition of their time, risks, and contributions to this case. Each component of this request is reasonable under Ninth Circuit precedent and supported by the facts of this case. Plaintiffs Anthony Crowley, Steven Sanchez, Kaylee Rinne, Samantha Bodtker, Teresa Bushek, Jeff Hoffman, Craig Vann, and James Munger (collectively, "Plaintiffs"), therefore ask that the Court grant this Motion for Attorneys' Fees, Costs, and Service Awards as part of its Final Approval Order and Judgment.[2]

## BACKGROUND

This Action arises from the alleged compromise of Plaintiffs' and the Settlement Class Members' Personal Information due to a breach of ABC's network and systems. In the interest of brevity and efficiency, Plaintiff refers the Court to the facts, procedural history, and the Settlement terms set forth in Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, as well as the Declaration of Kaleigh N. Boyd in support of that motion. *See* Dkt. #46 & #47; *see also* Order Granting Motion for Preliminary Approval, Dkt. #50. Plaintiff

---

[1] Factoring the value of the business practice changes that Defendant agreed to implement, the total value of the Settlement is $3,275,000.00. As such, the requested fee award equal approximately 25% of the total value of the Settlement.

[2] Plaintiffs' Proposed Final Approval Order and Judgment will encompass the relief requested by this Motion.



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

also refers the Court to the Motion for Final Approval of Class Action Settlement, filed concurrently with this Motion.

Since this Court granted preliminary approval of the Settlement on May 28, 2026, Class Counsel have worked closely with Eisner Advisory Group, LLC ("Eisner"), the Settlement Administrator, to ensure the Class Notice plan was carried out. *See* Declaration of Kaleigh N. Boyd in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees, Costs, and Service Award ("Boyd Decl.") ¶ 16. Class Counsel anticipate further involvement with Eisner in the coming months to ensure the successful administration of the Settlement for the Class. *Id*.

The Settlement provides a very favorable result for the Settlement Class. It establishes a $2,500,000.00 non-reversionary Settlement Fund for the Settlement Class from which Settlement Class Members may claim (1) a *pro rata* cash payment in the estimated amount of $50.00;[3] (2) reimbursement for up to $5,000.00 for documented losses that are fairly traceable to the Data Incident; and (3) two years of Credit Monitoring Services produced by Identity Theft Guard Solutions, Inc., d/b/a IDX. *See* Settlement Agreement ¶¶ 52, 54, 57. The Settlement Fund will also cover Notice and Settlement Administration Costs, as well as any awarded attorneys' fees, costs, and a Service Award. *Id.* ¶ 50. In addition to these monetary benefits of the Settlement Fund, Defendant has confirmed that it has made certain changes to its information security, valued at approximately $775,000, that is paid separate and apart from the Settlement Fund. Settlement Agreement ¶ 58.[4] The Settlement has been well received: the deadline to object or request exclusion was August 28, 2026, and there have been no objections and only two opt outs

[3] This was the amount that was estimated before Notice was implemented. As of today's date, and with the benefit of a preliminary review of the claims submissions, the estimated *pro rata* cash payment is $108.82. *See* Admin Decl. ¶ 14.

[4] Because publicly detailing the parameters of these security measures would undermine their very purpose, the Parties have agreed that the details of Defendant's additional security measures shall be treated as confidential.



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

to the Settlement. Decl. of Kevin Balhoff Regarding Implementation of Notice Program and Verification of Compliance with Notice Requirements ("Admin Decl.") ¶¶ 15–16.

## ARGUMENT

### A. The Court Should Apply the Percentage-Of-The-Fund Method.

Where counsel seek fees from a common fund, courts use one of two methods to determine whether the request is reasonable: percentage-of-the-fund or lodestar/multiplier. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010). However, "the percentage method in common fund cases appears to be dominant" in the Ninth Circuit. *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002) ("[T]he primary basis of the fee award remains the percentage method . . . .").

Courts prefer the percentage method over a lodestar approach where it is possible to ascertain the value of a common fund. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("Because the benefit to the class is easily quantified in common-fund settlements, we have allowed courts to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar."). By contrast, courts rely on the lodestar method when "there is no way to gauge the net value of the settlement or of any percentage thereof." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *Bluetooth*, 654 F.3d at 941 (noting that a lodestar approach is appropriate "where the relief sought—and obtained—is often primarily injunctive in nature and thus not easily monetized"). The percentage-of-the-fund approach also rewards efficiency. *Vizcaino*, 290 F.3d at 1050 n.5 (recognizing "that the lodestar method creates incentives for counsel to expend more hours than may be necessary on litigating a case so as to recover a reasonable fee, since the lodestar method does not reward early settlement.").

Because the Parties negotiated a settlement resulting in a Settlement Fund in a fixed dollar amount, Class Counsel request that the Court use the percentage-of-the-fund method in determining attorneys' fees.



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

**B. The Requested Fee Amount Is Reasonable Under the Percentage-Of-The-Fund Method.**

Class Counsel's request for $833,333.33, which amounts to one-third of the Settlement Fund in attorneys' fees (one-quarter of the total value of the Settlement), and an additional $16,850.22 in reasonable costs, is fair and reasonable. The Ninth Circuit has established a 25-percent benchmark as the "starting point" for analysis in awarding attorneys' fees from a common fund, *In re Online DVD Rental Antitrust Litig.*, 779 F.3d 934, 955 (9th Cir. 2015), but "[t]hat percentage amount can then be adjusted upward or downward depending on the circumstances of the case." *De Mira v. Heartland Emp't Serv., LLC*, 2014 WL 1026282, *1 (N.D. Cal. Mar 13, 2014). Courts have recognized that "in most common fund cases, the award exceeds th[e] benchmark." *Id.* (alteration in original) (quoting *Omnivision*, 559 F. Supp. 2d at 1047); *see also Bolding v. Banner Bank*, 2024 WL 755903, *2 (W.D. Wash. Feb. 23, 2024) (noting that based on the plaintiffs' retainer agreements and a lodestar cross-check, "a 33% fee is standard and reasonable for this type of contingency case"). The Ninth Circuit asks district courts to "take into account all of the circumstances of the case" and "reach[] a reasonable percentage," *Vizcaino*, 290 F.3d at 1048, including "(1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases." *Omnivision*, 559 F. Supp. 2d at 1046. These factors support Class Counsel's requested fee.

**1. Class Counsel achieved an excellent result for the Settlement Class.**

In determining the amount of attorneys' fees to award, a court should examine "the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *Omnivision*, 559 F. Supp. 2d at 1046 ("The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award."); Fed. R. Civ. P. 23(h), Advisory Comm. Note ("One fundamental focus is the result actually achieved for class members.").

The $2,500,000.00 Settlement Fund is an excellent result for the Settlement Class that avoids the uncertainty and risk presented by continued contested litigation. All Settlement



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

Class Members may make a claim for a *pro rata* cash payment in the estimated amount of $50.00, reimbursement of out-of-pocket losses up to $5,000, and two years of credit monitoring. Settlement Agreement. ¶¶ 52, 54, 57. Defendant has also confirmed that it has made certain changes to its information security, valued at approximately $775,000, *id.* ¶ 53, which are "a relevant circumstance" that the Court should consider in deciding a reasonable fee. *Vizcaino v. Microsoft Corp.*, 290 F.3d at 1049. When the $775,000 value of the business practices changes are considered in the total settlement benefits, Plaintiffs' fee request amounts to 25.45% of the total value of the Settlement. This Settlement provides an excellent result that avoids the uncertainty and risk presented by continued litigation, while providing the Class with immediate relief. This factor therefore supports the requested fee.

**2. Plaintiff faced significant risks in this Litigation.**

The risk of non-recovery in a complicated case "is a significant factor in the award of fees." *Omnivision*, 559 F. Supp. 2d at 1046–47. While Plaintiff believes her case is strong, data breach cases carry substantial risks. "Data breach cases . . . are particularly risky, expensive, and complex, and they present significant challenges to plaintiffs at the class certification stage" due at least in part to the cutting-edge, innovative nature of data breach litigation and the rapidly evolving law. *Gordon v. Chipotle Mexican Grill, Inc.*, 2019 WL 6972701, *1 (D. Colo. Dec. 16, 2019) (internal citation omitted). Additionally, the risk of establishing damages in this Action was not insignificant. Indeed, there is no assurance that a jury or the Court would find in favor of the Settlement Class and award the full amounts claimed as owed. S*ee, e.g.*, *Southern Independent Bank v. Fred's, Inc.*, 2019 WL 1179396, *19 (M.D. Ala. Mar. 13, 2019) (denying class certification of data breach class action because "[d]amages—and, implicitly, Defendant's damages-related defenses of contributory negligence and failure to mitigate—involve individualized questions"); *cf. Nunley v. Chelan-Douglas Health District*, 32 Wn. App. 2d 700, 725 (2024) ("The loss in value of [plaintiffs'] PII and PHI is a current harm and a cognizable injury sufficient to support a cause of action for negligence. Whether and how the Plaintiffs can prove



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

such damages is not a question before us.”). Indeed, the damages methodologies, while theoretically sound in Plaintiff’s view, remain untested in a disputed class certification setting and unproven in front of a jury. Thus, this factor supports the requested fee award.

**3. Class Counsel are highly skilled attorneys experienced in data breach litigation.**

The “prosecution and management of a complex national class action requires unique legal skills and abilities,” and is relevant to determining a reasonable fee. *Omnivision*, 559 F. Supp. 2d at 1047 (quotation omitted). Class Counsel’s skill and experience in complex class action litigation weigh in favor of the requested attorneys’ fee award. Class Counsel’s background and the background of the supporting attorneys and staff demonstrate that Class Counsel is experienced in the highly specialized field of class action litigation—particularly data breach class action litigation—and are well-credentialed and equal to the difficult and novel tasks at hand. *See* Dkt. 6-1–6-3 & Boyd Decl. Ex. 1 (Class Counsel’s firm resumes). Settlement Class Counsel’s attorneys’ fee request is commensurate with that experience, which was leveraged here to procure the Settlement via early resolution of the Action.

**4. Class Counsel faced substantial risk of non-payment and carried financial burdens litigating on a contingent basis.**

The Ninth Circuit has confirmed that a fair fee award must include consideration of the contingent nature of the fee. *See, e.g.*, *Vizcaino*, 290 F.3d at 1050. Courts recognize that the public interest is served by rewarding attorneys who assume representation on a contingent basis with an enhanced fee to compensate them for the risk that they might be paid nothing at all for their work. *See, e.g.*, *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994).

Class Counsel litigated this case on a purely contingent basis, devoting resources to the prosecution of this matter and foregoing other opportunities, with no guarantee that they would be compensated for their time or reimbursed for their expenses. Boyd Decl. ¶ 23. Nevertheless, Class Counsel zealously advocated for Plaintiffs and the Settlement Class. To date, Class Counsel



McNaul Ebel PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

have received no compensation for their work on this case. Class Counsel's "substantial outlay" of both time and money, and the risk of no recovery, further supports the award of their requested fees. *Omnivision*, 559 F. Supp. 2d at 1047.

To date, Class Counsel have worked 435.7 hours on this case and advanced $16,850.22 in expenses. Boyd Decl. ¶¶ 25, 37. This outlay of time and resources on a purely contingent basis favors approval of the requested fee.

**5. Fees awarded in comparable cases align with those requested here.**

Comparing the requested fees to awards in similar cases highlights the reasonableness of this application. "[I]n most common fund cases, the award exceeds" the 25% benchmark. *Knight v. Red Door Salons, Inc.*, 2009 WL 248367, *6 (N.D. Cal. Feb. 2, 2009); *see also, e.g.*, *E.S. v. Blueshield*, Case No. 2:17-cv-01609-RAJ, 2026 WL 787980, *3 (W.D. Wash. Mar. 20, 2026) ("The Court adopts the percentage-of -the-fund method here, and finds that allocating 33⅓% of the common fund towards attorney fees is reasonable."); *Hallman v. Wells Fargo Bank, N.A.*, Case No. 2:18-cv-01190 JLR, 2021 WL 9567171, *2 (W.D. Wash. June 10, 2021) (awarding one-third of settlement fund); *Whitman v. Whitman Cnty. Pub. Hosp. Dist. #3*, Case No. 2:25-cv-00246-SAB, Dkt. #34 (E.D. Wash.) (awarding one-third of settlement fund as attorneys' fees in data breach class action). Accordingly, fee awards in comparable cases support this request.

**C. A Lodestar Cross-Check Confirms the Reasonableness of the Requested Fees.**

The Ninth Circuit has encouraged, but not required, courts to conduct a lodestar cross-check when assessing the reasonableness of a percentage-based fee award. *See Bluetooth*, 654 F.3d at 944. The lodestar cross-check calculation need not entail "mathematical precision nor bean counting," and the Court may rely on summaries submitted by the attorneys rather than reviewing actual billing records. *Covillo v. Specialtys Café*, 2014 WL 954516, *6 (N.D. Cal. Mar. 6, 2014) (internal quotation omitted). The first step in the lodestar method is to multiply the number of hours counsel reasonably expended on the litigation by a reasonable hourly rate. *Hanlon*, 150 F.3d at 1029. At that point, "[t]he resulting figure may be adjusted upward or downward to account



McNaul Ebel PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

for several factors including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *Id.*; *see also Bluetooth*, 654 F.3d at 942. The lodestar-crosscheck confirms the propriety of the requested fee here.

**1. Class Counsel's lodestar is reasonable.**

Through September 4, 2026, Class Counsel devoted 435.7 hours to the investigation, litigation, and resolution of this case, incurring $372,011.80 in lodestar at counsel's current hourly rates. Boyd Decl. ¶¶ 25, 29. Counsel's time was spent investigating the claims, conducting discovery, researching and analyzing legal issues, engaging in extensive settlement negotiations (including mediation and months-long negotiations after mediation), drafting settlement papers, and moving for preliminary approval. *Id.* ¶ 28. Class Counsel anticipate spending approximately 40–50 hours in preparation of this Motion and Motion for Final Approval, preparing for and attending the Final Approval Hearing, and assisting the Settlement Administrator following Final Approval. *Id.* That is time spent and invested on behalf of the Settlement Class that could have been spent on less risky cases, where liability or damages were more certain. Class Counsel prosecuted the claims at issue efficiently and effectively, making every effort to prevent the duplication of work. *Id.* ¶ 31.

**2. A multiplier is warranted.**

Currently, the fee requested by Class Counsel reflects a reasonable multiplier of 2.24, which will continue to go down with the additional hours Class Counsel will spend finalizing this Motion and Plaintiff's Motion for Final Approval, arguing the Motion for Final Approval, and overseeing the administration and distribution of claims. Multipliers in the Ninth Circuit have ranged from 0.6 to 19.6. *Vizcaino*, 290 F.3d at 1050–51 & n.6 (upholding 3.65 multiplier); *Steiner v. Am. Broad. Co, Inc.*, 248 F. App'x. 780, 783 (9th Cir. 2007) (finding 6.85 multiplier to be "well within the range of multipliers that courts have allowed"); *Morris v. Fpi Mgmt.*, 2022 WL 3013076, *6 (E.D. Wash. Feb. 3, 2022) (3.64 multiplier). Courts in the Ninth Circuit use similar factors when



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

analyzing a lodestar cross-check, *see Hanlon*, 150 F.3d at 1029, and the factors outlined above support this request. A 2.24 multiplier is in line with multipliers awarded in the Ninth Circuit, and the lodestar cross-check thus supports the requested fee.

**D. Class Counsel's expenses are reasonable.**

Under well-settled law, Class Counsel are entitled to reimbursement of the expenses reasonably incurred investigating and prosecuting this matter. *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391–92 (1970). Under the Settlement, Class Counsel may seek reimbursement from the Settlement Fund of all costs and expenses actually incurred. Settlement Agreement ¶ 89. Through September 4, 2026, Class Counsel have incurred $16,850.22 in unreimbursed litigation costs. *See* Boyd Decl. ¶ 37. The expenses for which Class Counsel seek reimbursement were reasonably necessary for the continued prosecution and resolution of this litigation and were incurred by Class Counsel for the benefit of the Class with no guarantee that they would be reimbursed. They are reasonable in amount and the Court should approve their reimbursement.

**E. The requested Service Award is reasonable.**

Service awards compensate named plaintiffs for work done on behalf of the class, account for financial and reputational risks associated with litigation, and promote the public policy of encouraging plaintiffs to undertake the responsibility of representative lawsuits. *See Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009). The Settlement is not contingent on the Court's granting of such an award. The requested Service Award of $3,000.00 to each of the Plaintiffs is modest under the circumstances and in line with awards approved in Washington and elsewhere. *See, e.g.*, *Clarkson v. Alaska Airlines, Inc.*, 2025 WL 243024, *9 (E.D. Wash. Jan. 15, 2025) (approving $15,000 service award for one plaintiff, and $5,000 service award for the other plaintiffs). This award will compensate Plaintiffs for their time and effort serving as the proposed Class Representatives, reviewing pleadings, keeping abreast of the litigation, and reviewing and approving the proposed settlement terms after consulting with Class Counsel. Indeed, without Plaintiffs litigating this matter, the Class would not have been able to recover



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

anything.

## CONCLUSION

Plaintiffs respectfully request that the Court grant their Motion and enter an order: (1) awarding each Plaintiff a $3,500.00 Service Award; and (2) awarding Class Counsel $833,333.33 in attorneys' fees and $16,850.22 in costs.

*I certify that this memorandum contains 3,206 words in accordance with the Local Civil Rules.*

Date: September 11, 2026

*s/ Kaleigh N. Boyd*
Kaleigh N. Boyd, WSBA #52684
MCNAUL EBEL PLLC
One Union Square
600 University Street, Suite 2700
Seattle, WA 98101
Tel: (206) 467-1816
Email: kboyd@mcnaul.com

Raina Borrelli (admitted *pro hac vice*)
STRAUSS BORRELLI PLLC
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
E: raina@straussborrelli.com

Nickolas J. Hagman (admitted *pro hac vice*)
CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP
135 S. LaSalle, Suite 3210
Chicago, Illinois 60603
Telephone: (312) 782-4880
Facsimile: (312) 782-4485
E: nhagman@caffertyclobes.com

Jessica A. Wilkes (admitted *pro hac vice*)
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
E: jaw@federmanlaw.com

*Class Counsel for Plaintiffs and the Putative Class*