Honorable Jamal N. Whitehead

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| IN RE: ABC LEGAL SERVICES DATA SECURITY LITIGATION<br><br>This Filing Relates to:<br>All Actions | Master File No. 2:24-cv-02092<br><br>DECLARATION OF KALEIGH N. BOYD IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS |

I, Kaleigh N. Boyd, declare under penalty of perjury as follows:

1. I am an attorney duly admitted to the bar of the State of Washington, and I am Counsel at the law firm of McNaul Ebel PLLC.

2. I submit this declaration in support of Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plaintiff's Motion for Attorneys' Fees, Costs, and Service Award.

3. Raina Borrelli of Strauss Borrelli PLLC, Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP, Jessica A. Wilkes of Federman & Sherwood, and I, as Court-appointed Class Counsel[1] overseeing this litigation, are experienced, highly regarded members

[1] All terms capitalized herein have the same meanings as those in the Settlement Agreement ("Agreement").



McNaul Ebel PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

of the class action bar with extensive expertise in complex consumer class actions involving privacy litigation and data breach claims like those at issue here. Attached as Exhibits 1 to 4 are true and correct copies of our firm resumes. In addition, Class Counsel worked with counsel for certain Plaintiffs at Kopelowitz Ostrow, who are also experienced, highly regarded members of the class action bar with special expertise in data breach class actions.

4. Counsel for each side have fully evaluated the strengths, weaknesses, and equities of the Parties' respective positions and believe that the proposed Settlement fairly resolves their respective differences.

5. This Action arises from the alleged compromise of Plaintiffs' and the Settlement Class Members' Personal Information due to a breach of Defendant's network and systems. Beginning on or around August 7, 2024, an unknown actor gained unauthorized access to Defendant's computer network. Defendant subsequently began notifying individuals whose Personal Information was potentially accessed and exfiltrated as a result of the Data Incident.

6. As detailed in my Declaration in support of Plaintiffs' Motion for Preliminary Approval, on September 25, 2025, the Parties attended a full-day mediation before Rodney Max of Upchurch Watson White & Max, a mediator with significant experience in data breach class actions. Before the mediation, the Parties engaged in an informal exchange of information and documents and presented their positions and arguments in confidential submissions to Mr. Max. At the mediation, the Parties were unable to reach an agreement. The Parties continued to engage in settlement discussions for many weeks thereafter. However, following back-and-forth, arm's-length negotiations and advocacy by counsel on behalf of the Parties, the Parties were finally able to agree to a settlement in principle after approximately three months. Thereafter, the Parties spent additional weeks negotiating the full terms of the Settlement Agreement. The Settlement is memorialized in the Settlement Agreement.

7. Class Counsel believe the Settlement Benefits (which include a Cash Payment for Documented Losses of up to $5,000.00 per Settlement Class Member upon presentation of



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

reasonable documented losses related to the Data Incident and a Pro Rata Cash Payment in the originally-estimated amount of $50.00, in addition to Credit Monitoring) adequately compensate Settlement Class Members for the harm they suffered, and in light of the risks of litigation, represents an excellent result for the Settlement Class.

8. The timing of the Claim Process was structured to ensure that all Settlement Class Members had adequate time to review the terms of the Settlement, compile documents supporting their Claims, and decide whether to submit a Claim or to opt-out of or object to the Settlement.

9. While Plaintiffs and Class Counsel firmly believe Plaintiffs' claims would have resulted in class certification and favorable adjudication on the merits, Plaintiffs faced significant risks should they have continued to litigate the Action, which include Defendant's potential success in: (i) obtaining dismissal of Plaintiffs' claims; (ii) opposing class certification; (iii) appealing a class certification order; (iv) prevailing on a post-certification summary judgment motion; (v) prevailing at trial; or (vi) appealing a post-certification summary judgment or post-trial judgment.

10. While Plaintiffs would dispute Defendant's arguments in defense of Plaintiffs' claims for relief, it was unclear how the arguments would be resolved. Thus, there was a substantial risk that Settlement Class Members could receive nothing at all.

11. The risk of establishing damages in this Action was not insignificant. Indeed, there was no assurance that a jury or the Court would have found in favor of the Settlement Class and awarded the full amounts claimed as owed.

12. Moreover, even if a class were certified and prevailed on the merits, it would still take years to litigate the Action through trial and the various appeals (*e.g.*, the class certification order and final judgment). Indeed, I was co-lead trial counsel in a consumer class action in this District, *Larsen v. PTT, LLC*, 18-cv-05275-TMC, which—despite being filed in 2018—was tried in February 2025 and is still not fully resolved.



McNaul Ebel PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

13. The Settlement offers Settlement Benefits that favorably compare with similar data breach class actions.

14. The Settlement will provide certain, substantial, and immediate relief to the Settlement Class. It ensures that Settlement Class Members with valid claims will receive certain compensation now and provides Settlement Class Members with access to benefits from the Settlement that may not have been available at trial.

15. Class Counsel vigorously litigated this Action, and based on our investigation into this Action and our experience with and knowledge of the law and procedure governing the claims of Plaintiffs and the Settlement Class, it is our belief that the Settlement is in the Settlement Class's best interest.

16. Since this Court granted preliminary approval of the Settlement on May 28, 2026, Class Counsel have worked closely with Eisner Advisory Group, LLC ("Eisner"), the Settlement Administrator, to ensure the Notice Program was carried out. Class Counsel anticipate further involvement with Eisner in the coming months to ensure the successful administration of the Settlement for the Class.

17. Following the successful Notice Program, the Settlement Class had ample opportunity to opt-out of or object to the Settlement. As of September 11, 2026, no Settlement Class Member objected to the Settlement and only two Settlement Class Members opted-out.

18. In sum, the Settlement is fair, reasonable, and adequate given Defendant's defenses and the challenging and unpredictable path of litigation Plaintiffs would have faced absent the Settlement.

19. The Settlement Agreement provides for a reasonable Service Award to Class Representatives in the amount of $3,500.00, subject to approval by the Court.

20. The Service Award is meant to compensate Plaintiffs for their efforts on behalf of the Settlement Class, which includes maintaining contact with counsel, providing relevant documents, assisting in the investigation of the case, remaining available for consultation



McNaul Ebel PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

throughout the settlement process, reviewing relevant pleadings and the settlement agreement, and for answering counsel's many questions.

21. The Settlement Agreement provides for attorneys' fees of up to $833,333.33, plus reasonable costs, subject to approval by the Court. *See* Settlement Agreement ¶ 89.

22. As of the date of filing, no Settlement Class Member objected to either the Settlement Agreement in general or to the proposed attorneys' fees (the amount of which was made known to the Class via the Court-approved notice program) in particular.

23. Plaintiffs' counsel took on this case on a purely contingent basis. As such, our firms assumed a significant risk or nonpayment or underpayment.

24. This matter has required us, and other attorneys at our firms, to spend time on this litigation that could have been spent on other matters.

25. As of September 4, 2026, the Plaintiffs' counsel's firms[2] have expensed 435.7 hours working on this matter, which equates to a lodestar of $372,011.80 at the normal hourly rates charged by Plaintiffs' counsel in cases of this kind.

| **Firm** | **Hours** | **Lodestar** | **Expenses** |
|---|---|---|---|
| McNaul Ebel PLLC | 6.0 | $5,400.00 | $385.04 |
| Tousley Brain Stephens PLLC | 89.9 | $73,631.80 | $6,296.38 |
| Strauss Borrelli PLLC | 97.8 | $82,407.50 | $2,468.75 |
| Cafferty Clobes Meriwether & Sprengel LLP | 113.8 | $106,640.00 | $3,996.89 |
| Federman & Sherwood | 71.7 | $53,192.50 | $3,073.16 |
| Kopelowitz Ostrow P.A. | 56.5 | $50,740.00 | N/A |
| **TOTAL** | **435.7** | **$372,011.80** | **$16,850.22** |

[2] While this litigation was pending, I moved from my former firm of Tousley Brain Stephens PLLC to McNaul Ebel, PLLC. The time reflected below for Tousley Brain Stephens primarily pre-dated my departure.



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

26. Class Counsel's request for $833,333.33 in attorneys' fees and costs results in a multiplier of approximately 2.24.

27. Class Counsel maintained contemporaneous records of their time and expenses. These records are prepared and maintained in the ordinary course of business through software systems maintained by each Counsel's respective firm. Class Counsel reviewed these records and ensured that all work was undertaken for the common benefit of the Class at rates that have been found reasonable by a multitude of Courts across the Country.

28. Class Counsel's time was spent investigating the claims of Plaintiffs and Settlement Class Members, conducting discovery, researching and analyzing legal issues, engaging in extensive settlement negotiations (including mediation and months-long negotiations after mediation), drafting settlement papers, and moving for preliminary approval. Additional time has been spent preparing Plaintiffs' motions for attorneys' fees and final approval, and additional time will be spent attending the Final Approval Hearing, defending any appeals taken from the final judgment approving Settlement, and ensuring that the claims process and distribution of Settlement proceeds to Class Members is done in a timely manner in accordance with the terms of the Settlement. That time is not reflected in the chart above. We estimate that we will expend not less than an additional 40–50 hours on this matter before it is finally closed.

29. The hourly rates for Class Counsel and their staff ranging from $350 for paralegals to $1,250 for partners, are within the range of hourly rates that have been approved by courts throughout the United States for legal services in class actions of a similar nature, considering the type of matter, level of experience, training, and education.

30. The attorneys' fees and costs we seek are fair and reasonable compensation for undertaking this case on a contingency basis and for obtaining the settlement consideration for Plaintiffs and the Settlement Class Members. As set forth above, this litigation was hard-fought, difficult, contentious, and posed a series of case dispositive risks for Class Counsel.



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

31. Throughout this litigation, Class Counsel prosecuted the claims at issue efficiently and effectively, taking care to prevent duplication of work that might have resulted from having multiple firms work on this case absent experienced leadership.

32. Class Counsel's time could otherwise have been spent on other fee-generating work. Because our firms undertook representation of this matter on a contingency fee basis, we shouldered the risk of expending substantial costs and time in litigating the action without any monetary gain in the event of an adverse judgment.

33. If not devoted to litigating this action, from which any remuneration is wholly contingent on a successful outcome, the time our firms spent working on this case could and would have been spent pursuing other potentially fee-generating matters.

34. Litigation is inherently unpredictable and therefore risky. Here, that risk was very real, due to the rapidly evolving nature of case law pertaining to data breach litigation, and the state of data privacy law. To our knowledge, no data breach class action has ever gone to trial. Therefore, despite our firms' devotion to the case and our confidence in the claims alleged against Defendant, there have been many factors beyond our control that posed significant risks.

35. Plaintiffs' counsels' fees were not guaranteed—the retainer agreement counsel had with Plaintiffs did not provide for fees apart from those earned on a contingent basis, and, in the case of class settlement, as approved by the court.

36. Due to the early stage of litigation and efficiency by which Class Counsel was able to obtain this significant settlement, costs and fees incurred by Plaintiffs are lower than they otherwise could have been.

37. As set forth above, to date, Class Counsel has accrued $16,850.22 in out-of-pocket expenses necessarily spent on the prosecution of this matter. The expenses consist of mediation fees, filing fees, service fees, copies, and legal research fees.



MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816

38. Notice in this case has been provided as agreed upon and as approved by the Court's Preliminary Approval Order and as reported on more extensively in Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement. The claims period is ongoing.

39. We strongly believe that the Settlement Agreement is favorable for the Settlement Class. In the opinion of the undersigned and other Class Counsel, the settlement is fair, reasonable, adequate, and worthy of final approval.

I declare under penalty of perjury of the laws of the State of Washington that the foregoing is true and correct.

EXECUTED this 11th day of September in Seattle, Washington.

*</s Kaleigh N. Boyd* → removed

Kaleigh N. Boyd, WSBA #52684



McNaul Ebel PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-4151
(206) 467-1816