Honorable Jamal N. Whitehead

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION**

| | |
|---|---|
| IN RE: ABC LEGAL SERVICES DATA SECURITY LITIGATION<br><br>This Filing Relates to:<br>All Actions | Master File No. 2:24-cv-02092 |

**FINAL APPROVAL ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

WHEREAS, on May 28, 2026, the Court entered an Order granting Preliminary Approval of a proposed class action settlement[1] between Plaintiffs and Defendant, which, *inter alia*: (1) preliminarily approved the Settlement; (2) determined that, for purposes of the settlement only, the Action should proceed as a class action pursuant to Fed. R. Civ. P. 23 and certified the class; (3) appointed Plaintiffs as Class Representatives; (4) appointed Kaleigh N. Boyd of McNaul Ebel PLLC, Raina Borrelli of Strauss Borrelli PLLC, Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP, and Jessica A. Wilkes of Federman & Sherwood as Class Counsel;

[1] The capitalized terms used herein are defined and have the same meaning as used in the Settlement Agreement unless otherwise stated.

(5) approved the notice program and notices and directed that notice be sent to the Settlement Class Members; (6) approved the Claim Form and claims process; (7) ordered the Settlement's opt-out and objection procedures; (8) appointed the Settlement Administrator; (9) stayed all deadlines in the Action pending final approval of the Settlement; (10) enjoined and barred all members of the Settlement Class from initiating or continuing in any litigation or asserting any claims against ABC Legal Services, LLC and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision to grant final approval of the Settlement; and (11) set a date for the Final Approval Hearing.

WHEREAS, thereafter, Notice was provided in accordance with the Court's Preliminary Approval Order by direct Short Form Notice and the Long Form Notice was available to Settlement Class members on the Settlement Website or upon request from the Settlement Administrator;

WHEREAS, on September 11, 2026, Plaintiffs filed a Motion for Final Approval of Class Action Settlement, ECF No. 51, and a Motion for Attorneys' Fees, Expenses, and Service Awards, ECF No. 52; and

WHEREAS, on October 26, 2026, the Court held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider Class Counsel's Motion for Attorneys' Fees, Expenses, and Service Awards;

WHEREAS, the Court, having reviewed the motions, along with the Settlement Agreement and its exhibits, finds that substantial and sufficient grounds exist for entering this Final Approval Order.

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. This Court has jurisdiction over this matter and personal jurisdiction over all parties

to the Action, including the Settlement Class Members.

2. This Order incorporates the definitions in the Settlement Agreement and all capitalized terms used in this Order have the same meanings as set forth in that Agreement, unless otherwise defined herein.

3. The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein to all persons entitled to notice. The notices and notice program fully satisfied the requirements of due process, Fed. R. Civ. P. 23, and all other applicable law and rules. The claims process is also fair, and the Claim Form is easily understandable.

4. The Settlement is in all respects fair, reasonable, and adequate, after considering all of the Fed. R. Civ. P. 23 factors, highlighted by evidence that: (A) the Class Representatives and Class Counsel have adequately represented the Settlement Class; (B) the Settlement was negotiated in good faith and at arm's length among competent, experienced counsel with the assistance of a qualified mediator; (C) the Settlement relief is adequate; and (D) the Settlement treats Settlement Class Members equitably relative to each other. The Settlement was made based on a record that is sufficiently developed and complete to have enabled the Parties to adequately evaluate and consider their positions.

5. Pursuant to Fed. R. Civ. P. 23(e), the Court finds after a hearing and based upon all submissions of the parties and other interested persons, the settlement proposed by the parties is fair, reasonable, and adequate. The terms of and provisions of the Agreement were the product of a good faith arms-length negotiations among experienced counsel. Approval of the Agreement will result in substantial savings of time, money and effort to the Court and the parties, and will further

the interests of justice.

6. A list of the individuals who have opted-out of the Settlement is attached hereto as **Exhibit 1**. Those individuals will not be bound by the Agreement or the Releases contained therein.

7. Pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure, Settlement Class Members had the opportunity to file objections. Zero objections were filed by Settlement Class Members, and no Settlement Class Member appeared at the Final Approval Hearing to object.

8. Based on the information presented to the Court, the Claim process has proceeded as ordered and consistent with the Agreement and Preliminary Approval Order. All Settlement Class Members who submitted Valid Claims shall receive their Settlement Class Member benefits pursuant to the Settlement's terms. All Settlement Class Members who did not submit a claim, or for whom the Settlement Claim is determined to be invalid, shall still be bound by the terms of the Settlement and Releases therein.

9. The distribution plan for the Settlement Class Member benefits proposed by the Parties in the Agreement is fair, reasonable, and adequate.

10. The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

11. Because the Court grants Final Approval of the Settlement set forth in the Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

12. All Parties to this Action, including all Settlement Class Members, are bound by the Settlement as set forth in the Settlement Agreement and this Order.

13. Pursuant to Fed. R. Civ. P. 23, the Court finds that Class Representatives Anthony Crowley, Steven Sanchez, Kaylee Rinne, Samantha Bodtker, Teresa Bushek, Jeff Hoffman, Craig Vann, and James Munger are members of the Settlement Class, that their claims are typical of the Class, and that they fairly and adequately protected the interests of the Settlement Class throughout the proceedings in the Action. The appointment of Plaintiffs as Class Representatives is therefore affirmed.

14. Having considered the factors set forth in Fed. R. Civ. P. 23(g), the Court finds that Class Counsel have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the settlement and thus the appointment of Kaleigh N. Boyd of McNaul Ebel PLLC, Raina Borrelli of Strauss Borrelli PLLC, Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP, and Jessica A. Wilkes of Federman & Sherwood as Class Counsel is affirmed.

15. The Court affirms its findings that the Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b) and for purposes of the settlement that: joinder of all Settlement Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion. Common issues exist among Settlement Class Members and predominate over questions affecting individual Class Members only: in particular, whether ABC was negligent regarding its handling of Plaintiffs' personal information. The Class Representatives' claims are typical of, indeed identical to, those of the Settlement Class, as the Class Representatives had their personal information accessed or acquired in the Data Incident. The Settlement Class Representatives and their counsel will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to the Settlement Class and have retained counsel who are experienced and competent to prosecute this

matter on behalf of the Settlement Class. Finally, a class settlement is superior to other methods available for a fair resolution of the controversy.

16. Therefore, pursuant to Fed. R. Civ. P. 23 the Court finally certifies the following Settlement Class:

> The persons who are identified on the Settlement Class List, which includes all individuals residing in the United States whose Personal Information was potentially compromised in the Data Incident discovered by Defendant in November 2024, including all those individuals who received notice of the Data Incident.

The Settlement Class specifically excludes: (1) the judges presiding over this Action, and members of their direct families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest; and (3) Settlement Class Members who submitted a valid Request for Exclusion prior to the Opt-Out Deadline.

17. Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits.

18. As of the Effective Date, and in exchange for the relief described in the Settlement, the Releasing Parties hereby fully and irrevocably release and forever discharge the Released Parties from the Released Claims.

19. In consideration for this Agreement and the consideration set forth herein, Plaintiffs and Settlement Class Members and Releasing Parties acknowledge that the Releases and the release herein include potential claims and costs that may not be known or suspected to exist and that Plaintiff and the Settlement Class Members hereby agree that all rights under California Civil Codes § 1542, and any similar law of any state or territory of the United States, are expressly and affirmatively waived. California Civil Code § 1542 states as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

20. Class Counsel is awarded $833,333.33 in total for attorneys' fees, expenses and costs. The attorneys' fees and costs shall be paid from the Settlement Fund to accounts established by Class Counsel. Class Counsel initiated the Action on behalf of Plaintiffs and acted to protect the Settlement Class. Their efforts have produced the Agreement entered into in good faith that provides a fair, reasonable, adequate, and certain results for the Settlement Class. Class Counsel is entitled to reasonable attorneys' fees and reimbursement of expenses for their work.

21. The Class Representatives shall be awarded Service Awards in the amount of $3,500.00 each ($28,000.00 total). The Service Awards shall be paid from the Settlement Fund to accounts established by Class Counsel.

22. Plaintiff and all Settlement Class Members and Releasing Parties, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any of the Released Claims against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal.

23. The Court hereby retains and reserves jurisdiction over: (1) implementation of this Settlement and any distributions to the Settlement Class Members; (2) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and (3) all Parties, for the purpose of enforcing and administering the Settlement.

24. In the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this

Order and any other order entered by this Court in accordance with the terms of the Agreement shall be vacated, *nunc pro tunc*. In such event, all orders entered, and releases delivered in connection with the Settlement shall be null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any proceeding. The Litigation shall return to its status immediately prior to execution of the Agreement.

25. Pursuant to Fed. R. Civ. P. 23(c), all persons who satisfy the class definition above, with the exception of those listed on **Exhibit 1**, shall be bound by this Order.

26. No detail of the settlement, this Order, nor the fact of the settlement constitutes any admission by any of the parties of any liability, wrongdoing, or violation of the law, damages, or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Litigation.

27. The Court finds that no reason exists for delay in ordering final judgment and hereby directs the Clerk to enter this Order forthwith.

28. The Clerk of Court is hereby directed to enter final judgment forthwith.

SO ORDERED this 26th day of October, 2026.

Hon. Jamal N. Whitehead
United States District Court Judge

**EXHIBIT 1**

1. Jennifer Gonzalez
2. Joseph Fetherolf